Alex Yakovlev, *Pro Se*
General Delivery (Homeless)
San Diego, CA 92110-9999
Email: alexjacobsky@gmail.com
NOTICE: All communications must be via email
Plaintiff is homeless; mail to General Delivery address is unreliable

FILED

FEB 05 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV26-1132

AGT

| | |
|---|---|
| ALEX YAKOVLEV, | ) Case No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR** |
| | ) **STRUCTURAL** |
| v. | ) **DECLARATORY AND** |
| | ) **INJUNCTIVE RELIEF** |
| THE SUPERIOR COURT OF THE STATE OF | ) (Challenging Systemic Denial |
| CALIFORNIA, COUNTY OF SAN FRANCISCO, | ) of Access to Courts, Pattern of |
| an entity (for ADA claims only); | ) Administrative Misconduct, |
| | ) and Violations of the ADA) |
| THE COURT OF APPEAL OF THE STATE OF | ) |
| CALIFORNIA, FIRST APPELLATE DISTRICT, an | ) |
| entity (for ADA claims only), | ) |
| | ) |
| HON. ROCHELLE C. EAST, Presiding Judge of the | ) |
| Superior Court of the State of California, County of | ) |
| San Francisco, in her official capacity; | ) |
| | ) |
| BRANDON E. RILEY, Court Executive Officer of | ) |
| the Superior Court of the State of California, County | ) |
| of San Francisco, in his official capacity, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### PRELIMINARY STATEMENT: STRUCTURAL EXCLUSION AND THE ARCHITECTURE OF DENIAL

1.    This civil action is brought to address a seventeen-year pattern of systemic, administrative exclusion from judicial processes that has been enforced within the Superior Court of California, County of San Francisco, and that continues

to operate today as a structural barrier preventing Plaintiff from exercising fundamental rights guaranteed by the United States Constitution and federal statutes.

2.    The exclusion is not the result of isolated judicial rulings in discrete cases, nor is it the product of mere error or oversight. Rather, it arises from a deliberate and entrenched framework of administrative policies, practices, and customs that categorically deny access to statutory collateral remedies for judgments that are void ab initio due to lack of personal jurisdiction and lack of subject-matter jurisdiction over non-existent parties.

3.    The judgments at issue were entered in 2008 and 2009 in Case No. CGC-08-478705 (*Yakovlev v. Costco Wholesale Membership, Inc.*) and Case No. CGC-09-484709 (*Yakovlev v. Visa Purchase Security Enhancement Services*). Both judgments are legally null and without force or effect from their inception because no valid service of process was ever accomplished and, in the second case, no legal entity capable of being sued ever existed.

4.    The Costco judgment rests on a Sheriff's Return of Service (Image No. 02251968) that is facially defective in multiple material respects: it reverses the parties (listing Costco as plaintiff and a misspelled version of Plaintiff's name as defendant), describes service in a non-existent lawsuit, references an address and agent unrelated to the actual San Francisco venue, and was executed by the Los Angeles Sheriff's Office in a manner that cannot support jurisdiction in the case actually filed.

- 2 -
COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

**5.** The Visa judgment is void for lack of subject-matter jurisdiction over a defendant misnamed in the caption, where no legal entity existed under the precise name used, as confirmed by certified California Secretary of State records showing no registration, incorporation, or qualification of any entity matching the named defendant. *People v. American Contractors Indemnity Co.*, 33 Cal.4th 653, 660 (2004) (void judgment principles apply where court lacks fundamental jurisdiction over the named party).

**6.** Both judgments are therefore subject to collateral attack at any time under CCP § 473(d), which contains no time limitation for setting aside void judgments based on lack of personal jurisdiction from defective service of process. *California Capital Ins. Co. v. Hoehn*, 17 Cal.5th 207, 215 (2024) (abrogating prior appellate decisions that had imposed artificial time limits for motions to vacate void judgments based on improper service).

**7.** The California Supreme Court has expressly recognized that the right to proper service is an elementary due-process requirement, and procedural hurdles that unnecessarily obstruct vindication of that right are inconsistent with fundamental fairness. *Hoehn*, 17 Cal.5th at 215 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

**8.** Despite the clear voidness of these judgments, Defendants have maintained and enforced a vexatious-litigant prefiling restriction originally issued on April 13, 2009 (and administratively supplemented in 2010-2011), that relies upon

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

the void judgments as predicates for the designation under CCP § 391(b)(1).

9.    The original 2009 order relied upon prior case history while the Visa case remained active, incorporating a then-pending matter into the calculus of litigation history without awaiting final resolution, thereby compounding procedural irregularities in the designation analysis.

10.    The subsequent administrative incorporation of the 2010 Visa judgment, itself void, into the adverse-count calculus perpetuated the restriction on a foundation of jurisdictional nullities.

11.    Defendants continue to enforce this restriction by administratively classifying any motion under CCP § 473(d) to vacate the void judgments as new litigation subject to the prefiling requirements of CCP § 391.7(d), which defines litigation broadly to include any petition, application, or motion other than discovery motions.

12.    This classification is legally erroneous: a § 473(d) motion to set aside a void judgment is a collateral, post-judgment remedy that is ancillary to the original action and constitutes a continuation of that proceeding for the limited purpose of correcting a jurisdictional nullity. *County of San Diego v. Gorham,* 186 Cal.App.4th 1215, 1228 (2010) (trial courts retain inherent equitable power to vacate void judgments).

13.    The misclassification is effectuated through a standardized four-step administrative mechanism.

- 4 -

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

- Step 1 involves automatic screening of any § 473(d) filing as new litigation subject to prefiling order.

- Step 2 requires that the litigant submit Judicial Council Form VL-110 (Request to File New Litigation by Vexatious Litigant).

- Step 3 involves routine denial of the VL-110 application via court order (using Judicial Council Form VL-115 as the order format), a form designated for orders on vexatious-litigant applications under CCP § 391.7, without any analysis of the underlying voidness evidence or jurisdictional defects.

- Step 4 requires refusal to docket or hear the § 473(d) motion on the merits, thereby insulating the void judgments from collateral attack without any judicial determination of their validity.

14. This mechanism ensures that no judicial officer ever engages with the dispositive evidence of voidness (e.g., Secretary of State certified searches, defective proofs of service, reversed-party returns), converting the statutory remedy of § 473(d) into a dead letter for Plaintiff.

15. In October 2025, Plaintiff specifically cited Image No. 02251968, the reversed-party Sheriff's Return of Service, as dispositive proof of lack of personal jurisdiction in the Costco case. Shortly thereafter, that document was removed from public online access, while the remainder of the docket remained viewable.

16. This removal constitutes destruction and concealment of jurisdictional evidence that directly bears on the validity of the judgment. The selective removal of

- 5 -

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

only the dispositive proof of defective service, while leaving the remainder of the docket accessible, demonstrates deliberate intent to obstruct Plaintiff's ability to prove voidness and transforms a transparent record of nullity into one that conceals the defect—violating due process and the fundamental right of meaningful access to courts while further entrenching the exclusionary framework.

**17.** The exclusion operates within the unique geographic monopoly of the San Francisco Civic Center judicial complex, where the California Supreme Court (350 McAllister Street), California Court of Appeal for the First Appellate District (350 McAllister Street), San Francisco Superior Court (400 McAllister Street), United States District Court for the Northern District of California (450 Golden Gate Avenue), and United States Court of Appeals for the Ninth Circuit (95 7th Street) are located within walking distance of one another.

**18.** This unprecedented concentration, encompassing the entirety of the state's highest trial, appellate, and supreme courts together with the federal district and circuit courts in less than one square mile, creates a practical monopoly on judicial services for litigants in the Northern District of California.

**19.** For a homeless individual with cognitive disabilities, the physical proximity of these courts means that administrative obstruction in the Superior Court effectively closes off the entire federal-state judicial ecosystem, as alternative venues in other counties or districts are inaccessible due to distance, cost, and lack of reliable transportation or mailing capability.

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

**20.** The violations are ongoing and continuing in four principal respects as of the date of this complaint.

• First, Defendant East continues to administratively enforce the prefiling order against any motion by Plaintiff to vacate the void judgments under CCP § 473(d).

• Second, Defendant Riley continues to supervise the Clerk's Office in maintaining the void judgments on the docket and in preserving the spoliated condition of Image No. 02251968 by keeping it removed from public online access.

• Third, the void judgments continue to operate as active predicates for the vexatious-litigant designation, thereby perpetuating the legal disability that prevents examination of their validity.

• Fourth, administrative obstacles in the Superior Court continue to block access to state judicial remedies, thereby necessitating federal intervention to address the structural violations of constitutional and statutory rights.

**21.** Prospective injunctive relief is therefore necessary and appropriate to dissipate the continuing effects of past misconduct and to prevent future violations of Plaintiff's federal rights. *Milliken v. Bradley*, 433 U.S. 267, 290 (1977) (structural relief fits within the prospective-compliance exception to the Eleventh Amendment); *United States v. Fordice*, 505 U.S. 717, 729-30 (1992).

**22.** The relief sought is strictly prospective in nature: it seeks only to enjoin the ongoing enforcement of the challenged administrative policies, to compel

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

restoration of public access to spoliated records, to require implementation of reasonable ADA accommodations, and to ensure that future § 473(d) motions are docketed and adjudicated on the merits without prefiling barriers.

23. No damages are sought, no retrospective relief is requested, and no review, reversal, vacatur, modification, or other disturbance of any final state-court judgment or vexatious-litigant designation is requested or contemplated.

24. The claims presented are independent of any prior state-court adjudication and focus exclusively on continuing systemic policies and practices that violate federal constitutional and statutory law.

25. Defendant Superior Court of California, County of San Francisco is sued exclusively under Title II of the Americans with Disabilities Act (ADA) as a public entity responsible for providing judicial services, including access to court records, filing procedures, and reasonable accommodations for qualified individuals with disabilities.

26. Defendant Court of Appeal of the State of California, First Appellate District is sued exclusively under Title II of the Americans with Disabilities Act for systemic policies and practices that deny meaningful access to qualified individuals with disabilities in appellate proceedings.

27. Sovereign immunity is abrogated for Title II claims that implicate fundamental rights of access to courts. Tennessee v. Lane, 541 U.S. 509, 533-34 (2004).

- 8 -

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

28. Abrogation remains valid under the three-factor test established in United States v. Georgia, 546 U.S. 151, 159 (2006). First, the alleged conduct violates Title II by failing to make reasonable modifications to policies, practices, or procedures when necessary to avoid discrimination on the basis of disability (28 C.F.R. § 35.130(b)(7)). Second, the same conduct violates the Fourteenth Amendment by denying Plaintiff procedural due process and equal protection in access to judicial services. Third, even if certain discrete aspects of the conduct do not rise to an independent constitutional violation, Congress validly abrogated immunity for this class of disability-based discrimination in the administration of state judicial systems.

29. See also Tennessee v. Lane, 541 U.S. at 533-34 (Title II valid abrogation for access to courts); Kohn v. State Bar of Cal., 119 F.4th 693, 702-03 (9th Cir. 2024) (on remand, applying Georgia factors to Title II claims against state entities).

30. Defendants Rochelle C. East and Brandon E. Riley are sued in their official capacities only for prospective injunctive and declaratory relief arising from administrative, not adjudicative, acts and omissions.

31. Defendant East, as Presiding Judge, possesses final policymaking authority over the implementation and enforcement of vexatious-litigant prefiling orders under California Code of Civil Procedure (CCP) §§ 391 and 391.7.

32. She also controls the classification of filings as new litigation versus ancillary post-judgment motions, the promulgation and enforcement of policies

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

regarding which Judicial Council forms apply to which procedural contexts (VL-110 versus VL-125), and the management and supervision of the Clerk's Office and Court Executive Officer.

33.    Additionally, she oversees promulgation and enforcement of policies regarding accommodations for persons with disabilities under California Rules of Court, Rule 1.100, and the retention and maintenance of court records, including decisions to remove documents from public online access.

34.    When Defendant East performs these functions, she acts in an administrative, ministerial, and supervisory capacity that is indistinguishable from those performed by executive officials. Forrester v. White, 484 U.S. 219, 229 (1988).

35.    Defendant Riley, as Court Executive Officer, is the chief administrative officer responsible for all non-judicial operations of the court, including the Clerk's Office and its document-processing procedures.

36.    He also controls records-retention and management systems, filing procedures and the administrative classification of filings subject to prefiling orders, and the maintenance and publication of public court records.

37.    Additionally, he implements and administers ADA accommodation procedures for self-represented litigants pursuant to 28 C.F.R. § 35.104, and supervises court clerks in their ministerial processing of documents.

38.    Defendant Riley's actions in effectuating the challenged policies are administrative and ministerial in nature and are not protected by judicial or quasi-

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

judicial immunity.

39.    This action challenges the constitutionality of CCP § 391.7 as applied to collateral attacks on void judgments. Plaintiff will provide notice of this constitutional challenge pursuant to 28 U.S.C. § 2403(b) and Federal Rule of Civil Procedure 5.1.

40.    The Court may certify this constitutional question to the Attorney General of the State of California or other appropriate state representatives as required by law. No specific injunctive relief is sought against the Attorney General or any state representative not named as a defendant in this action.

41.    The pattern of exclusion demonstrates the continuing effects of constitutional violations that span nearly two decades, operating as an inter-jurisdictional barrier that denies Plaintiff any accessible forum in which to challenge the void judgments or seek their vacation.

42.    This Court possesses authority under *Ex parte Young*, 209 U.S. 123 (1908), to enjoin the ongoing administrative enforcement of the prefiling order against CCP § 473(d) motions and to compel compliance with the ADA's integration mandate.

43.    The 1996 amendments to 42 U.S.C. § 1983 do not bar this relief because declaratory relief from California state courts is unavailable. On December 30, 2025, the California Supreme Court denied review in the Visa case, and on January 14, 2026, denied review in the Costco case, in each instance granting judicial notice of

- 11 -

official records proving the respective judgment's voidness but declining to provide any remedy for the structural violations.

44.    Recent Ninth Circuit precedents confirm that administrative enforcement of vexatious-litigant restrictions is distinguishable from judicial acts and subject to prospective review. *Wolfe v. George,* 486 F.3d 1120 (9th Cir. 2007) (distinguishing facial constitutional challenges to statute from administrative enforcement challenges); see also *Forrester v. White,* 484 U.S. 219 (1988) (administrative acts not protected by judicial immunity).

45.    Unlike *Wolfe v. George,* which challenged the facial constitutionality of California's vexatious litigant statute and sought retrospective invalidation, this action challenges only ongoing administrative enforcement and seeks purely prospective injunctive relief.

46.    The geographic concentration of courts in the Civic Center ensures that exclusion from the Superior Court operates as exclusion from the entire judicial system, satisfying the requirements for structural injunctive relief under *Tennessee v. Lane,* 541 U.S. at 533-34.

47.    This action is not barred by the *Rooker-Feldman* doctrine because it does not seek review or reversal of any final state-court judgment but challenges independent, ongoing administrative policies that perpetuate constitutional and statutory violations. *Noel v. Hall,* 341 F.3d 1148, 1164 (9th Cir. 2003); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).

**48.** *Rooker-Feldman* applies only to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Lance v. Dennis,* 546 U.S. 459, 464 (2006); *Skinner v. Switzer,* 562 U.S. 521, 532 (2011).

**49.** Here, the claims are forward-looking and address continuing administrative enforcement, not the merits of any prior adjudication.

**50.** The new comity abstention doctrine does not apply, as this suit enforces federal statutory rights (ADA Title II) that Congress intended to protect through federal oversight, without disrupting state-court merits determinations. See *John Harland Giammatteo, The New Comity Abstention,* 111 Cal. L. Rev. 1705 (2023) (analyzing emerging abstention trends in lower courts and arguing such expansion lacks doctrinal foundation).

**51.** Judicial immunity does not shield administrative acts. *Forrester v. White,* 484 U.S. 219, 229 (1988) (immunity does not extend to administrative functions indistinguishable from executive operations). The 1996 amendments to 42 U.S.C. § 1983 do not bar prospective injunctive relief where state declaratory relief is unavailable. *Felder v. Casey,* 487 U.S. 131, 140 (1988) (federal courts may entertain § 1983 claims despite state procedural restrictions). The California Supreme Court's denial of review—after granting judicial notice of records proving voidness but declining to address the systemic barriers—demonstrates the inadequacy of state

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

remedies. This satisfies the § 1983 exhaustion prerequisite.

52. The injuries alleged constitute continuing violations that persist as long as Defendants maintain the challenged administrative policies. Each day that the prefiling order bars Plaintiff's access to CCP § 473(d) remedies, and each day that the void judgments remain uncorrected, constitutes a fresh injury for statute of limitations purposes under the continuing violations doctrine.

## I. JURISDICTION AND VENUE
### A. Federal Question Jurisdiction and Structural Reform Authority

53. This Court has original jurisdiction under 28 U.S.C. § 1331 for claims arising under the Constitution and federal laws, specifically: the Due Process and Equal Protection Clauses of the Fourteenth Amendment; Title II of the ADA of 1990, 42 U.S.C. §§ 12131-12134; the First Amendment right to petition; and the Supremacy Clause.

54. Jurisdiction is further conferred by 28 U.S.C. § 1343(a)(3) for deprivation of civil rights under color of state law, and 28 U.S.C. § 2201 for declaratory judgment.

55. Federal courts possess broad equitable authority to remedy systemic violations through structural injunctions when state institutions create unconstitutional barriers producing continuing effects. *Milliken v. Bradley,* 433 U.S. 267, 290 (1977).

56. Ongoing policies perpetuating past misconduct constitute present violations warranting prospective relief. *United States v. Fordice,* 505 U.S. 717, 729-

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

30 (1992).

57.    Congress validly abrogated sovereign immunity for Title II claims implicating fundamental rights of access to courts. *Tennessee v. Lane,* 541 U.S. 509, 533-34 (2004).

58.    The scope of authority extends to enjoining administrative policies that create absolute barriers to remedial processes for jurisdictional nullities.

**B. Authority to Sue Judicial Officers and Entities: The Administrative/Judicial Distinction and Ex Parte Young**

59.    Judicial immunity does not extend to administrative acts. *Forrester v. White,* 484 U.S. 219, 229 (1988).

60.    Administrative functions include supervising personnel, promulgating general policies, managing clerk operations, and enforcing ministerial procedures.

61.    When Defendant East classifies § 473(d) motions as new litigation, delegates rejection authority, promulgates form policies, and manages ADA compliance, she performs administrative acts subject to § 1983 injunctive relief.

62.    The same applies to Defendant Riley's role in document processing, records management, and ADA implementation.

63.    *Ex parte Young* permits prospective injunctive relief against state officials for ongoing federal violations. *Ex parte Young,* 209 U.S. 123 (1908); *Verizon Md. Inc. v. Pub. Serv. Comm'n,* 535 U.S. 635, 645 (2002).

64.    The 1996 § 1983 amendment does not bar relief when declaratory relief is unavailable.

**65.** State declaratory relief is unavailable: California Supreme Court denied review January 14, 2026, after judicial notice of voidness.

**C. Geographic Concentration and Inter-Jurisdictional Barrier Theory**

**66.** The Civic Center's concentration creates a practical monopoly on judicial services.

**67.** Exclusion from Superior Court operates as exclusion from all fora due to geographic proximity and administrative convergence.

**68.** This constitutes an ongoing violation requiring prospective remediation. *Milliken v. Bradley,* 433 U.S. at 290.

**D. Venue**

**69.** Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendants East and Riley reside in San Francisco County, and under § 1391(b)(2) because substantial events giving rise to the claims occurred in San Francisco County, California.

**E. No Bar Under Rooker-Feldman, Judicial Immunity, or Abstention Doctrines**

**70.** *Rooker-Feldman* is narrow. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).

**71.** Claims challenge ongoing policies, not state judgments. *Noel v. Hall,* 341 F.3d 1148, 1164 (9th Cir. 2003).

**72.** No quasi-judicial immunity for administrative acts. *Forrester,* 484 U.S. at 229.

**73.** No abstention bar for federal rights enforcement.

## II. PARTIES
### A. Plaintiff

**74.** Plaintiff is a natural person currently experiencing homelessness in San Diego, California. He is a self-represented litigant with documented cognitive and neurological disabilities, including dyslexia, a specific learning disorder with impairment in reading, and associated memory and information processing disorders. 42 U.S.C. §§ 12102(1)(A) and (2)(A). These disabilities substantially limit the major life activities of reading, learning, thinking, communicating, and working.

**75.** As a qualified individual with a disability under the ADA, Plaintiff requires specific reasonable accommodations to access court services: email-only notification for all court communications due to inability to receive or retrieve physical mail; acceptance of filings in narrative format rather than complex Judicial Council forms; extended deadlines (minimum 60 days) to accommodate slower processing speeds; and plain-language guidance on procedural requirements.

**76.** Plaintiff's homelessness compounds the barriers created by his disabilities. Without a fixed address, he cannot reliably receive physical mail, making email notification essential. Without stable housing, he cannot easily travel to distant courthouses, making the geographic concentration of the Civic Center courts both a necessity and vulnerability when access to those courts is blocked.

**77.** Plaintiff's cognitive disabilities, specifically dyslexia and associated processing disorders, make complex form-driven procedures effectively inaccessible.

---

The Judicial Council forms required for prefiling applications (VL-110) and removal petitions (VL-115) demand complex visual processing and standardized formatting that is difficult for individuals with reading disabilities to follow, and comprehension of dense legal terminology that is beyond Plaintiff's processing capabilities without accommodations.

78.     The combination of homelessness and disability creates a synergistic exclusion: the disabilities prevent effective use of standard procedures, while the homelessness prevents alternative means of access (such as in-person assistance or mail-based communication). This intersectional discrimination is precisely the type of barrier that Title II of the ADA was enacted to eliminate.

**B. Defendant Superior Court of California, County of San Francisco**

79.     Defendant Superior Court of California, County of San Francisco is a public entity within the meaning of Title II of the ADA, 42 U.S.C. § 12131(1), responsible for providing judicial services, including access to court records, filing procedures, and reasonable accommodations for disabled litigants.

80.     It is sued for systemic violations of the ADA through its policies and practices that deny meaningful access to court services for individuals with disabilities, as permitted under precedents abrogating sovereign immunity for such claims. *Tennessee v. Lane,* 541 U.S. 509 (2004).

81.     The Superior Court, as a public entity, has an affirmative obligation under Title II to make reasonable modifications to policies, practices, and procedures

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

when necessary to avoid discrimination on the basis of disability. 28 C.F.R. § 35.130(b)(7). This obligation extends to all aspects of court operations, including filing procedures, record access, and communication with litigants.

**82.** The Superior Court's failure to provide email notification to a homeless litigant, its insistence on complex form completion for individuals with cognitive disabilities, and its removal of public records bearing on jurisdictional validity all constitute violations of the ADA's integration mandate and its requirement for meaningful access.

**C. Defendant Rochelle C. East**

**83.** Defendant East is the Presiding Judge of the Superior Court of California, County of San Francisco. She is sued in her official capacity for prospective injunctive relief only.

**84.** In her administrative capacity as Presiding Judge, Defendant East possesses final policymaking authority over: the implementation and enforcement of vexatious litigant prefiling orders under CCP §§ 391 and 391.7; the classification of filings as new litigation versus ancillary post-judgment motions; the promulgation and enforcement of policies regarding which Judicial Council forms apply to which procedural contexts (VL-110 versus VL-115); the management and supervision of the Clerk's Office and Court Executive Officer; the promulgation and enforcement of policies regarding accommodations for persons with disabilities under California Rules of Court, Rule 1.100; and the retention and maintenance of court records,

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

including decisions to remove documents from public online access.

85.    These functions are administrative, ministerial, and supervisory, not adjudicative. When East reviews applications to file new litigation under the prefiling order, establishes the administrative procedures by which such applications are processed, determines which forms clerks shall use for which filings, manages the court's record-retention policies, and oversees ADA compliance, she performs the type of administrative acts that *Forrester v. White,* 484 U.S. at 229, holds are not protected by judicial immunity and are subject to injunctive relief under *Ex parte Young.*

86.    Defendant East's role in the administrative classification of § 473(d) motions as new litigation is particularly significant because this classification is the gatekeeping mechanism that prevents any judicial consideration of the underlying voidness evidence. By establishing and enforcing this classification policy, Defendant East effectively determines which filings receive merits review and which are rejected without judicial examination.

**D. Defendant Brandon E. Riley**

87.    Defendant Riley is the Court Executive Officer (CEO) of the Superior Court. He is sued in his official capacity for prospective injunctive relief only.

88.    As CEO, Defendant Riley is the chief administrative officer responsible for all non-judicial operations of the court, including: the Clerk's Office and its document-processing procedures; records-retention and management systems; filing

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

procedures and the administrative classification of filings subject to prefiling orders; the maintenance and publication of public court records; the implementation and administration of ADA accommodation procedures for self-represented litigants pursuant to 28 C.F.R. § 35.104; and supervision of court clerks in their ministerial processing of documents.

89.    His actions in effectuating the challenged policies, including the administrative classification of post-judgment remedies as new litigation, the misapplication of VL-125 forms to VL-110 applications, the removal of public records (Image No. 02251968) from online access, and the denial of accommodations, are administrative and ministerial in nature and are not protected by judicial or quasi-judicial immunity.

90.    Defendant Riley's supervision of the Clerk's Office is particularly significant because the clerks are the front-line implementers of the prefiling order. When clerks reject § 473(d) motions as new litigation, require VL-110 applications, and deny those applications using VL-115 forms, they are acting under Defendant Riley's supervision and pursuant to policies he has established or approved.

### E. Defendant Court of Appeal of the State of California, First Appellate District

91.    Defendant Court of Appeal of the State of California, First Appellate District is a public entity within the meaning of Title II of the ADA, 42 U.S.C. § 12131(1).

92.    It is sued exclusively under Title II of the ADA for systemic policies and

practices that deny meaningful access to qualified individuals with disabilities in appellate proceedings, including the administrative enforcement of prefiling restrictions and the denial of reasonable accommodations.

93.    The Court of Appeal, in its administrative capacity, oversees the processing of applications for permission to file writ petitions under CCP § 391.7 and the implementation of ADA accommodation procedures for appellate litigants.

### III. FACTUAL ALLEGATIONS
### A. The Void Judgments (2008-2010)

94.    In August 2008, Plaintiff initiated a civil action against Costco Wholesale Membership, Inc., Case No. CGC-08-478705. On December 18, 2008, the Court entered a judgment of dismissal. This judgment is void *ab initio* for lack of personal jurisdiction due to a facially defective proof of service.

95.    The Sheriff's Return of Service, filed September 15, 2008, and assigned Image No. 02251968, is facially defective in multiple respects: it lists COSTCO WHOLESALE as the PLAINTIFF and a misspelled ALEX YAKOVIEV [sic] as the DEFENDANT, describing a non-existent lawsuit; it references an address and agent unrelated to the actual San Francisco venue; and it was executed by the Los Angeles Sheriff's Office in a manner that cannot support jurisdiction in the case actually filed.

96.    Because the return describes service in a non-existent action with reversed parties, it cannot support personal jurisdiction over the defendant in the case actually filed. Under *Dill v. Berquist Construction Co., 24 Cal.App.4th 1426, 1444 (1994),* a judgment entered without valid service of process is void for lack of

personal jurisdiction and may be collaterally attacked at any time. See also *People v. American Contractors Indemnity Co.,* 33 Cal.4th 653, 660 (2004) (void judgment principles apply where court lacks fundamental jurisdiction).

97.    In February 2009, Plaintiff filed a complaint against Visa Purchase Security Enhancement Services, Case No. CGC-09-484709. Service was acknowledged on March 6, 2009, by an entity that subsequently appeared through counsel under the name "Visa Enhancement Services" (erroneously sued as Visa Purchase Security Enhancement Services), demonstrating recognition of the caption defect while proceeding without correction of the misnomer. Official public records from the California Secretary of State, obtained through the agency's online Business Search tool, conclusively establish that no legal entity by the precise name "Visa Purchase Security Enhancement Services" was ever registered in California. A separate search for the alternate name "Visa Enhancement Services" also yielded no record of registration. As such, both names correspond to entities that do not legally exist for the purpose of being sued.

98.    Under California law, an action against a non-existent entity is a nullity. *People v. American Contractors Indemnity Co.,* 33 Cal.4th 653, 660 (2004) (defining void judgments where court lacks fundamental jurisdiction). A judgment against a defendant misnamed in the caption, where no legal entity exists under the precise name used and the court lacked jurisdiction over the named party, is void *ab initio* for lack of subject-matter jurisdiction and may be collaterally attacked at any time.

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

**99.** Under *California Capital Ins. Co. v. Hoehn* (2024) 17 Cal.5th 207, 215, CCP § 473(d) contains no time limitation for motions to vacate void judgments. The California Supreme Court abrogated prior appellate decisions that had imposed artificial time limits by analogy to § 473.5.

**B. The Administrative Barrier (2009-2026)**

**100.** On April 13, 2009, then-Presiding Judge Peter J. Busch issued an Order Declaring Plaintiff a Vexatious Litigant under CCP § 391.1. This order relied upon the Costco judgment and other matters.

**101.** Critically, at the time of the April 2009 order, the Visa case was pending and had not resulted in any judgment, yet the prefiling restriction was imposed prospectively in that very action, layering procedural barriers before merits determination.

**102.** Defendants East and Riley enforce a systemic policy that categorically blocks collateral attack on void judgments through administrative classification: the prefiling order administratively characterizes motions to vacate void judgments under CCP § 473(d) as new litigation subject to prefiling restrictions; when Plaintiff submits applications via Judicial Council Form VL-110, Defendants deny these applications using incorrect Form VL-125, a form designated for removal petitions under CCP § 391.8, not for adjudicating voidness claims; and the standard denial provides no evidentiary hearing or opportunity to present evidence of voidness.

**103.** This four-step mechanism ensures that no judicial officer ever engages

with the dispositive evidence of voidness, converting the statutory remedy of § 473(d) into a dead letter for Plaintiff.

**C. Exhaustion of State Remedies**

**104.** Plaintiff petitioned the Court of Appeal for writs of mandate challenging the prefiling order restrictions. The Court of Appeal issued one-sentence boilerplate orders denying the petitions without substantive analysis.

**105.** Plaintiff thereafter sought review in the Supreme Court of California, submitting Requests for Judicial Notice of the Secretary of State records and defective proofs of service. On December 30, 2025 (Visa case) and January 14, 2026 (Costco case), the Supreme Court entered orders stating: The request for judicial notice is granted. The petition for review is denied.

**106.** By granting judicial notice of Secretary of State records showing no registration of "Visa Purchase Security Enhancement Services" and of the reversed-party Sheriff's Return in the Costco case, the Supreme Court acknowledged the facial defects in the judgments without addressing their legal effect or providing remedy for the systemic barriers to collateral attack. Yet by denying review, the Court declined to provide declaratory relief or remedy the structural violations.

**107.** This demonstrates that declaratory relief from state courts is unavailable, satisfying the prerequisite for injunctive relief under the 1996 amendments to § 1983.

**D. The Ongoing Violation**

**108.** The exclusion is ongoing: East continues to administratively enforce the

- 25 -

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

prefiling order; Riley continues to supervise the Clerk's Office; and the void judgments continue to operate as predicates for exclusion.

**109.** Under *Milliken v. Bradley,* 433 U.S. 267, 290 (1977), prospective injunctive relief is available to dissipate the continuing effects of past misconduct.

### E. The Spoliation of Evidence

**110.** In October 2025, shortly after Plaintiff cited Image No. 02251968 as dispositive proof of lack of personal jurisdiction in the *Costco* case, that specific document was selectively removed from public online access, while the remainder of the docket remained viewable.

**111.** The document was not restored to the public docket until 2026, only after Plaintiff had raised the issue of its unavailability before the Court of Appeal and the Supreme Court of California. The temporary removal of this dispositive jurisdictional evidence during a critical period of appellate review constitutes spoliation and demonstrates a pattern of administrative obstruction designed to prevent Plaintiff from effectively proving the voidness of the underlying judgment. This act, by systematically depriving access to key records, created a structural barrier that violated due process and the fundamental right of meaningful access to courts.

**112.** This pattern of record concealment, combined with the systematic refusal to docket collateral challenges and the categorical denial of reasonable accommodations, demonstrates an ongoing campaign to prevent judicial examination

of the void judgments' facial defects and effect complete exclusion from the judicial system.

### F. The ADA Accommodation Request and Denial

**113.** Plaintiff is a qualified individual with a disability requiring reasonable accommodations to access state court services, including: email-only notification due to homelessness and inability to receive physical mail; acceptance of narrative filings rather than complex Judicial Council forms; extended deadlines of at least 60 days to accommodate slower processing speeds; and plain-language guidance on procedural requirements.

**114.** Plaintiff formally requested these accommodations from Defendants for state court proceedings on multiple occasions, but Defendants systematically ignored these requests, failing to engage in the interactive process required by 28 C.F.R. § 35.130(b)(7).

**115.** This deliberate indifference satisfies the standard for liability under *Duvall v. County of Kitsap,* 260 F.3d 1124, 1138-39 (9th Cir. 2001).

**116.** The denial of accommodations is particularly egregious given Plaintiff's homelessness. Without email notification, he cannot receive court communications. Without narrative filing acceptance, he cannot effectively challenge the void judgments. Without extended deadlines, he cannot accommodate his slower processing speed.

### IV. LEGAL BACKGROUND
### A. Void Judgments Under California Law

- 27 -

**117.** A void judgment is one which has no legal force or effect, invalidity of which may be asserted by any person whose rights are affected at any time. *People v. American Contractors Indemnity Co.,* 33 Cal.4th 653, 660 (2004).

**118.** Under CCP § 473(d), a court may set aside any void judgment or order at any time. In *California Capital Ins. Co. v. Hoehn* (2024) 17 Cal.5th 207, the California Supreme Court held that § 473(d) contains no time limitation for motions to vacate void judgments.

**119.** Trial courts retain inherent equitable power to vacate void judgments. *County of San Diego v. Gorham,* 186 Cal.App.4th 1215, 1228 (2010).

**B. The Administrative/Judicial Distinction**

**120.** Under *Forrester v. White,* 484 U.S. 219, 229 (1988), judicial immunity does not extend to administrative acts, functions indistinguishable from those performed by executive officials.

**121.** When judges supervise personnel, manage court operations, promulgate administrative policies, or implement general court procedures, they are subject to § 1983 suits for prospective injunctive relief.

**C. Structural Injunctions**

**122.** Structural injunctions are appropriate where state systems create continuing effects of past misconduct requiring prospective remediation. *Milliken,* 433 U.S. at 290.

**123.** The doctrine applies even where the conduct occurred solely in the past

- 28 -

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

if it produces ongoing harm that requires prospective relief to dissipate.

**D. The ADA and Court Access**

**124.** Title II of the ADA requires state courts to provide equal access to qualified individuals with disabilities. *Tennessee v. Lane,* 541 U.S. 509, 533-34 (2004) (Congress validly abrogated sovereign immunity for Title II claims implicating fundamental rights).

**125.** The implementing regulations require reasonable modifications to policies when necessary to avoid discrimination. 28 C.F.R. § 35.130(b)(7).

**126.** The ADA's integration mandate requires that services be provided in the most integrated setting appropriate to the needs of qualified individuals with disabilities. *Olmstead v. L.C.,* 527 U.S. 581, 597 (1999).

**V. CAUSES OF ACTION**
**COUNT I**
**Violation of Title II of the ADA - 42 U.S.C. § 12132**

(Against Defendant Superior Court of California, County of San Francisco, Defendant Court of Appeal of the State of California, First Appellate District, and Defendants East and Riley in Their Official Capacities)

**127.** Title II of the ADA provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity. 42 U.S.C. § 12132.

**128.** State courts are public entities subject to Title II. *Tennessee v. Lane,* 541 U.S. 509, 517 (2004).

**129.** Plaintiff is a qualified individual with a disability. His documented cognitive and neurological disabilities, including dyslexia and associated memory and information processing disorders, substantially limit the major life activities of reading, learning, thinking, and communicating. 42 U.S.C. §§ 12102(1)(A) and (2)(A).

**130.** Defendants have engaged in a pattern of discrimination. They have failed and refused to make reasonable modifications necessary to afford Plaintiff equal opportunity, including email-only notification, acceptance of narrative filings, extended deadlines, and plain-language guidance. They employ policies that screen out persons with cognitive disabilities. They have acted with deliberate indifference to Plaintiff's known disabilities.

**131.** Plaintiff formally requested accommodations from Defendants, but they systematically ignored these requests, failing to engage in the interactive process required by 28 C.F.R. § 35.130(b)(7). This satisfies the standard for liability under *Duvall v. County of Kitsap,* 260 F.3d 1124, 1138-39 (9th Cir. 2001).

**132.** By creating a narrow, complex procedural path and then denying a disabled person the tools necessary to navigate that path, Defendants systematically deny meaningful access to the courts. *Alexander v. Choate,* 469 U.S. 287, 301 (1985).

**133.** This count seeks structural injunctive relief compelling Defendants to provide accommodations and modify discriminatory policies.

**COUNT II**
**Systemic Violation of Procedural Due Process - 42 U.S.C. § 1983**

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

(Against Defendants East and Riley in Their Official Capacities)

**134.** The Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. Procedural due process requires a meaningful opportunity to be heard. *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976).

**135.** Defendants East and Riley, through their administrative enforcement of the prefiling order system, have created a structural barrier that deprives Plaintiff of protected liberty interests without any meaningful opportunity to be heard on the threshold issue of whether underlying judgments are void for lack of jurisdiction.

**136.** Applying *Mathews*: the private interest affected, access to statutory collateral remedies, is profound; the risk of erroneous deprivation is substantial; the government's interest in judicial economy is not served by blocking access to remedies for jurisdictional nullities; and the burden of providing a hearing is minimal.

**137.** This count seeks structural injunctive relief compelling Defendants to cease enforcement of the prefiling order against CCP § 473(d) motions and provide a meaningful opportunity to be heard. This claim survives abstention defenses because it seeks structural reform of administrative policies, not relitigation of state court determinations.

**COUNT III**
**Violation of the Fundamental Right of Access to Courts - 42 U.S.C. § 1983**

(Against All Defendants in Their Official Capacities)

**138.** The First Amendment right to petition and the Fourteenth Amendment

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

secure a fundamental right of access to courts that is adequate, effective, and meaningful. *Bounds v. Smith,* 430 U.S. 817, 822 (1977).

**139.** Plaintiff has suffered actual injury from the denial of access. His claims, that the 2008 and 2009 judgments are void, are non-frivolous, supported by official public records. Defendants have erected a systemic obstacle that denies meaningful access to a forum to present these claims.

**140.** This count seeks structural injunctive relief dismantling administrative barriers and restoring meaningful access. This claim is prospective and does not seek to vacate any state court judgment.

**COUNT IV**
**Violation of Equal Protection - 42 U.S.C. § 1983**

(Class-of-One Theory Against Defendants East and Riley)

**141.** The Equal Protection Clause requires that similarly situated persons be treated alike. *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000).

**142.** Defendants have intentionally treated Plaintiff differently from similarly situated litigants without any rational basis. For non-vexatious litigants, motions to vacate void judgments are routinely docketed and heard. For Plaintiff, Defendants categorically refuse to entertain such motions.

**143.** This irrational singling-out violates the Equal Protection Clause.

**COUNT V**
**Declaratory Judgment of Constitutional and Statutory Violations - 28 U.S.C. §§ 2201-2202**

(Against Defendants East and Riley in Their Official Capacities)

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

**144.** An actual, substantial, and immediate controversy exists regarding: Defendants' duty to provide reasonable accommodations under the ADA; the lawfulness of policies blocking access to CCP § 473(d) remedies; and the constitutionality of a procedural system that denies meaningful access to courts.

**145.** Declaratory relief is necessary to resolve this controversy and provide the foundation for injunctive relief.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in Plaintiff's favor and against Defendants as follows:

### A. Declaratory Judgment

Pursuant to 28 U.S.C. §§ 2201–2202, declaring that:

1.    Defendants' failure to provide reasonable accommodations for Plaintiff's documented disabilities violates Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132;

2.    Defendants, as public entities administering judicial services, have a duty under the ADA to make reasonable modifications to policies, practices, and procedures to afford Plaintiff meaningful access to court services, programs, and activities;

3.    Defendants' administrative enforcement of policies that block access to relief under California CCP § 473(d), without notice and a meaningful opportunity to be heard, violates procedural due process under the Fourteenth Amendment;

4.    Defendants' maintenance of barriers that deny Plaintiff meaningful

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

access to the courts violates Plaintiff's fundamental right of access to the courts under the First and Fourteenth Amendments.

### B. Permanent Injunction

Issuing a permanent injunction ordering Defendants East and Riley, in their official capacities, and their successors, agents, and employees, and the Superior Court as administered by those officials (limited to ADA accommodations and access to courts), to:

1.      Provide Plaintiff with reasonable accommodations and reasonable modifications, including but not limited to:

a.      email-only notification to alexjacobsky@gmail.com;

b.      acceptance            of            filings            in            narrative            format; a presumptive minimum 60-day extension of filing deadlines upon request, absent a specific finding of undue burden, fundamental alteration, or demonstrable prejudice;

c.      plain-language guidance regarding filing requirements and procedures;

d.      designation of an ADA coordinator with authority to implement accommodations.

2.      Cease enforcement of CCP § 391.7 prefiling restrictions against motions or collateral attacks brought pursuant to CCP § 473(d), where such enforcement denies Plaintiff procedural due process or meaningful access to the courts;

3.      Provide Plaintiff a meaningful opportunity to be heard on any motion to vacate a judgment under CCP § 473(d), including evidentiary hearings on issues of

- 34 -

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF

voidness where material facts are disputed;

4.    Be enjoined from altering, removing, or restricting public access to court records material to jurisdictional validity, including but not limited to Image No. 02251968, consistent with applicable law, and to establish and maintain a written policy ensuring the permanent integrity and availability of all such records.

### C. Retention of Jurisdiction for a Period of No Less Than Three (3) Years

Retaining jurisdiction to enforce compliance with the Court's declaratory and injunctive relief.

### D. Further Relief

Granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of February, 2026.

*Alex Yakovlev*

ALEX YAKOVLEV
Plaintiff, *Pro Se*

### VERIFICATION

I, Alex Yakovlev, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am the Plaintiff in the above-captioned action; that I have read the foregoing Complaint and know the contents thereof; and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

Executed on February 3, 2026, at San Diego, California.

*Alex Yakovlev*

ALEX YAKOVLEV

- 35 -

COMPLAINT FOR STRUCTURAL DECLARATORY AND INJUNCTIVE RELIEF