**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**



ALEX YAKOVLEV,

Plaintiff, *Pro Se*,

v.

SAN FRANCISCO SUPERIOR COURT, et al.,

Defendants.

FILED

FEB 05 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Case No.: __**CV26-1132**__ **AGT**

## PLAINTIFF'S REQUEST FOR REASONABLE ACCOMMODATIONS UNDER THE ADA

TO THE CLERK OF THE COURT, THE HONORABLE DISTRICT JUDGE, AND ALL ASSIGNED MAGISTRATE JUDGES:

Plaintiff ALEX YAKOVLEV, appearing *pro se*, respectfully submits this Request for Reasonable Accommodations pursuant to Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and its implementing regulations, 28 C.F.R. Part 35. This Court, as a public entity, is obligated to make reasonable modifications to its policies, practices, and procedures to avoid discrimination on the basis of disability and to ensure that Plaintiff has meaningful access to its programs and services. 28 C.F.R. § 35.130(b)(7).

### 1. BASIS FOR REQUEST

Plaintiff is a qualified individual with disabilities as defined by the ADA. 42 U.S.C. § 12102. Plaintiff has diagnosed cognitive and psychiatric disabilities, including dyslexia and related memory impairments, which substantially limit major life activities such as reading, writing, and learning. These disabilities significantly impact the processing of complex written language, information recall, and the ability to compose lengthy, structured legal documents without error.

1

These limitations are documented and have been a persistent barrier in prior judicial proceedings.

## 2. IMPACT ON PARTICIPATION IN FEDERAL COURT PROCEEDINGS

As a self-represented litigant, Plaintiff faces compounding barriers that hinder his ability to participate fully and effectively in this litigation:

- **Disability-Related Barriers:** Plaintiff's cognitive disabilities directly cause challenges in proofreading, formatting, and finalizing documents. Filings may contain inadvertent typographical errors, grammatical mistakes, or minor formatting inconsistencies. The cognitive load of managing a complex case may also lead to instances of repetition or the omission of non-material procedural details in pleadings.

- **Technological and Resource Barriers:** Plaintiff is indigent and currently without stable housing. He has severely limited and intermittent access to a computer, the internet, and a reliable telephone. Incoming calls are frequently missed or dropped due to financial hardship and lack of consistent service. Telephone communication is not a reliable method for court staff or opposing counsel to contact Plaintiff. These circumstances are a direct result of Plaintiff's poverty and disability-related limitations on employment.

These challenges are not a reflection on the substance or good faith of Plaintiff's claims but are a direct manifestation of his disabilities and profound lack of resources.

## 3. REQUESTED REASONABLE ACCOMMODATIONS

To ensure Plaintiff has a meaningful opportunity to participate in these proceedings on equal footing, as required by 28 C.F.R. § 35.160(b)(2), Plaintiff respectfully requests the following reasonable modifications to the Court's standard procedures:

a. **Primary Written Communication via Email:** That all non-emergency court communications, including notices, orders, minute entries, and inquiries from the Clerk's office,

2

be transmitted to Plaintiff via email at the address provided below. Email is the only reasonably reliable method of contact. Plaintiff requests that the Court's electronic filing system (CM/ECF) be configured to send all notices to this email address.

**b. Reasonable Extensions of Time:** That, upon request, Plaintiff be granted a reasonable extension of time—suggested to be no less than ten (10) additional calendar days—to respond to any non-emergency court order, motion, or other filing deadline. This accommodation is necessary due to the combined challenges of his disabilities and limited technological access.

**c. Pre-Rejection Clarification:** That, prior to issuing any order striking or rejecting a filing based on a clerical error, formatting issue, or ambiguity that hinders its understanding, the Clerk's office or Court will notify Plaintiff via email and allow a brief opportunity (e.g., 3-5 days) to submit a clarification or corrected filing.

**d. Opportunity to Submit Corrections:** That Plaintiff be permitted to submit a single-page "Notice of Errata" to correct non-substantive, clerical errors (e.g., typographical errors, incorrect exhibit labels, citation formatting) identified after the submission of a principal pleading or brief, without requiring a formal motion.

**e. Liberal Construction of Filings:** That the Court, consistent with established precedent regarding pro se litigants, focus on the substance and intended legal arguments presented in Plaintiff's filings and disregard non-substantive errors in form or technical pleading requirements. *See* Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).

**4. CONCLUSION**

These accommodations are necessary to provide Plaintiff with the "meaningful access" to this Court's services required by the ADA. *Tennessee v. Lane*, 541 U.S. 509, 531-32 (2004); 28

C.F.R. § 35.160(b)(1). They are intended to facilitate the just, speedy, and inexpensive determination of this action on its merits, as envisioned by Federal Rule of Civil Procedure 1, by ensuring that procedural barriers stemming from disability and indigency do not prevent a full and fair hearing.

Thank you for your consideration of this request.

Respectfully submitted,

DATED: February 3, 2025

*Alex Yakovlev*

ALEX YAKOVLEV
Plaintiff, *Pro Se*

## CONTACT INFORMATION FOR ACCOMMODATIONS & SERVICE:

ALEX YAKOVLEV, *Pro Se*

General Delivery (Homeless)

San Diego, CA 92110-9999

Email: alexjacobsky@gmail.com

NOTICE: All communications must be via email

Plaintiff is homeless; mail to General Delivery address is unreliable

4