Alex Yakovlev, *Pro Se*
General Delivery (Homeless)
San Diego, CA 92110-9999
Email: alexjacobsky@gmail.com
NOTICE: All communications must be via email
Plaintiff is homeless; mail to General Delivery address is unreliable

FILED

FEB 03 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**AGT**

**CV26-1132**

| | |
|---|---|
| ALEX YAKOVLEV, | ) Case No.: |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S COMBINED** |
| | ) **MOTION FOR NUNC PRO** |
| v. | ) **TUNC FILING,** |
| | ) **DECLARATORY RELIEF** |
| THE SUPERIOR COURT OF THE STATE OF | ) **FROM CLERK'S** |
| CALIFORNIA, COUNTY OF SAN FRANCISCO, | ) **SYSTEMATIC PATTERN** |
| an entity (for ADA claims only); | ) **OF OBSTRUCTION,** |
| | ) **EMERGENCY ORDER TO** |
| THE COURT OF APPEAL OF THE STATE OF | ) **PRESERVE JUDICIAL** |
| CALIFORNIA, FIRST APPELLATE DISTRICT, an | ) **INTEGRITY, AND** |
| entity (for ADA claims only), | ) **MEMORANDUM OF** |
| | ) **POINTS AND** |
| HON. ROCHELLE C. EAST, Presiding Judge of the | ) **AUTHORITIES** |
| Superior Court of the State of California, County of | ) |
| San Francisco, in her official capacity; | ) (Challenging Systemic Denial |
| | ) of Access to Courts, Pattern of |
| BRANDON E. RILEY, Court Executive Officer of | ) Administrative Misconduct, |
| the Superior Court of the State of California, County | ) and Violations of the ADA) |
| of San Francisco, in his official capacity, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff ALEX YAKOVLEV, a *pro se*, disabled, and homeless litigant, respectfully moves this Court for an order: (1) deeming his Civil Rights Complaint filed *nunc pro tunc* to January 15, 2026; (2) compelling the Clerk's Office to docket

- 1 -

PLAINTIFF'S COMBINED MOTION FOR NUNC PRO TUNC FILING, DECLARATORY RELIEF FROM CLERK'S SYSTEMATIC PATTERN OF OBSTRUCTION, EMERGENCY ORDER TO PRESERVE JUDICIAL INTEGRITY, AND MEMORANDUM OF POINTS AND AUTHORITIES

said Complaint immediately and cease all obstructive conduct; (3) declaring that the Clerk's systematic pattern of ultra vires rejections, ADA violations, evidence destruction, and material misrepresentations constitutes an obstruction of justice requiring direct judicial supervision and potential sanctions; (4) confirming and enforcing Plaintiff's ADA accommodations for email-only communication; (5) retaining jurisdiction to monitor compliance and prevent further clerk misconduct; and (6) reserving authority to impose appropriate sanctions under this Court's inherent power if the Clerk's Office continues to violate this Court's authority. This Motion is supported by the concurrently lodged Complaint, the attached Declaration of Alex Yakovlev, the incorporated exhibits, and the following points and authorities.

## I.    PRELIMINARY STATEMENT: A DOCUMENTED PATTERN OF SYSTEMATIC OBSTRUCTION AND EVIDENCE DISAPPEARANCE

This Motion is filed alongside Plaintiff's Complaint because the Clerk's Office has engaged in a documented, escalating pattern of obstruction that has transformed the standard filing process into an absolute barrier to access. Since December 28, 2025, Plaintiff has submitted multiple complete filing packages—both electronically and by mail—only to encounter systematic rejection, disappearance of documents, and contradictory explanations that violate federal rules and the fundamental right of access to courts.

The chronological record of exhaustion and obstruction:

- 2 -

- **December 28, 2025:** Submitted formal ADA Request for email-only accommodation due to cognitive disability and homelessness. No confirmation received; no interactive process initiated.

- **January 4, 2026:** First urgent email to Clerk, ECF Help Desk, and ADA Coordinator requesting case status and accommodation implementation. No substantive response.

- **January 7, 2026:** First of eight telephone calls to (415) 522-2000 seeking basic information. Forced to initiate contact because accommodation ignored, incurring time and expense disproportionate to accommodate litigants.

- **January 12, 2026:** Three separate telephone calls (10:45 AM, 10:54 AM, 10:56 AM) required to obtain fragmentary information. Each call met with contradictory instructions and refusal to provide written confirmation.

- **January 14, 2026:** Fourth call (12:51 PM). Mailed second complete Complaint package via USPS Ground Advantage (Tracking #9500 1131 8788 6014 3784 71).

- **January 15, 2026:** Package delivered to Clerk's Office per USPS tracking.

- **January 16, 2026:** Fifth call (2:46 PM). Deputy clerk confirmed receipt but stated complaint "not accepted" due to cover sheet variant. Critically, she claimed she had located the IFP application and instructed Plaintiff to mail a corrected pro se

- 3 -

cover sheet to cure the defect. Plaintiff relied on this instruction, incurred expense, and immediately mailed the corrected cover sheet with IFP application that same day.

**January 22, 2026:** Sixth call (3:05 PM). Different clerk denied receiving anything—contradicting the January 16 admission of possession and instruction.

**January 30, 2026:** Seventh and eighth calls (1:38 PM and 3:22 PM). Clerks continued to deny receiving any documents, including the corrected cover sheet and IFP mailed January 16. When confronted with January 16 admission, provided no explanation.

This documented pattern reveals: (a) systematic accommodation denial forcing disproportionate burden; (b) binding admission of possession (January 16) followed by denial of receipt (January 22, 30); (c) disappearance of documents mailed in compliance with clerk instructions; and (d) constructive denial of all access requiring immediate judicial intervention.

## II. ARGUMENT

### A. The Clerk's Pattern of Admission Then Denial Constitutes Evidence Destruction or Fabrication Requiring Judicial Investigation

On January 16, 2026, a deputy clerk made a binding admission: she confirmed receipt of the January 14-15 package, claimed she had physically located the IFP application, and provided specific curative instructions to mail a corrected cover sheet. This admission constitutes agency acknowledgment of possession under principles of equitable estoppel.

- 4 -

Plaintiff immediately complied, mailing the corrected cover sheet with IFP application that same day (January 16). Yet on January 22 and January 30, different clerks denied receiving anything—including the January 16 submission.

This material contradiction cannot be reconciled: either the January 16 clerk lied about possessing the file, or the January 22/30 clerks lied about its absence—or the documents were intentionally destroyed or concealed after the binding admission was made.

This Court has inherent authority to investigate potential misconduct by its officers. When a court clerk admits possession of a civil rights complaint, induces reliance, and the documents subsequently "disappear," it constitutes a serious breach of fiduciary duty requiring direct judicial supervision. 28 U.S.C. § 951; In re Murchison, 349 U.S. 133, 136 (1955).

**B. Equitable Estoppel Bars Any "Never Received" Defense Based on the Clerk's Binding January 16 Admission**

The Court cannot sanction positions that contradict representations made by its own agents acting within apparent authority. On January 16, a deputy clerk, holding herself out as authorized to speak for the Clerk's Office: (1) confirmed possession of the IFP application; (2) provided specific instructions to cure a non-jurisdictional defect; and (3) induced Plaintiff to incur expense and reliance by immediately mailing corrected documents.

These admissions induced substantial detrimental reliance—expense, effort,

- 5 -

and continued pursuit of access despite systematic obstruction. The Court cannot now accept that "nothing was received" when its own agent confirmed possession and processing.

Equitable estoppel applies when: (1) a party makes a representation of fact; (2) the party has reason to expect the representation will be acted upon; (3) the other party relies upon it; and (4) injustice would result from permitting the first party to deny the representation. Heckler v. Cmty. Health Servs., 467 U.S. 51, 59 (1984). All elements are satisfied here.

The Clerk's Office is estopped from claiming non-receipt when its own agent confirmed possession and induced reliance. The Complaint must be deemed filed as of January 15, 2026 (delivery), or alternatively January 16, 2026 (binding admission of possession).

### C. The Clerk's Ultra Vires Rejection Violated FRCP 5(d)(4) and Constituted Ministerial Misconduct

Federal Rule of Civil Procedure 5(d)(4) is unequivocal: "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." The Clerk's rejection for a non-jurisdictional cover sheet defect—followed by the disappearance of curative submissions—violates this mandatory prohibition.

This pattern demonstrates not confusion but calculated obstruction: admit possession, provide instructions, then deny receipt and disappear the documents.

- 6 -

Such conduct exceeds ministerial authority and undermines the integrity of the judicial process. This Court has both the power and duty to intervene. In re Murchison, 349 U.S. at 136.

### D. The Clerk's Deliberate Indifference to Mandatory ADA Accommodations Violates Federal Law and Constructively Denies All Access

Plaintiff's pending ADA request is a medical and logistical necessity arising from documented cognitive disabilities and homelessness. 28 C.F.R. § 35.130(b)(7) requires reasonable modifications. The Court's ADA obligations were triggered by Plaintiff's December 28, 2025 request, yet no interactive process was initiated for over five weeks.

By ignoring this request, the Clerk's Office: (a) forced Plaintiff to initiate eight telephone calls at personal expense; (b) failed to provide email status updates; (c) prevented Plaintiff from exercising the right to cure defects; and (d) created conditions that constructively denied all access to the federal forum.

This is deliberate indifference satisfying the standard for ADA liability. Duvall v. County of Kitsap, 260 F.3d 1124, 1138-39 (9th Cir. 2001). Tennessee v. Lane, 541 U.S. 509, 533-34 (2004).

### E. This Court Possesses Inherent Authority to Remedy Obstruction of Justice

A federal court has inherent and statutory authority to manage its clerks and protect process integrity. In re Murchison, 349 U.S. 133, 136; 28 U.S.C. § 951;

- 7 -

United States v. Morgan, 346 U.S. 502, 507 (1954). When ministerial gatekeeping creates structural barriers through document disappearance and contradictory explanations, the Court may issue injunctive relief. Milliken v. Bradley, 433 U.S. 267, 290 (1977).

### III.    DECLARATION OF ALEX YAKOVLEV IN SUPPORT OF MOTION

I, Alex Yakovlev, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.    I am the Plaintiff. I am a pro se litigant with documented cognitive disabilities (dyslexia, memory impairment) and am currently homeless in San Diego, California.

2.    My disabilities make physical mail inaccessible. Email is my sole reliable communication. I submitted a formal ADA Request on December 28, 2025, requesting all communications to alexjacobsky@gmail.com. No confirmation received for over five weeks.

3.    Since January 7, 2026, I have been forced to initiate eight telephone calls to (415) 522-2000: January 7; January 12 (three calls: 10:45 AM, 10:54 AM, 10:56 AM); January 14 (12:51 PM); January 16 (2:46 PM); January 22 (3:05 PM); and January 30 (1:38 PM and 3:22 PM).

4.    January 14, 2026: Mailed complete Complaint package via USPS (Tracking #9500 1131 8788 6014 3784 71).

- 8 -

5.    January 15, 2026: Package delivered per USPS tracking.

6.    January 16, 2026 (2:46 PM call): Deputy clerk confirmed receipt, claimed she located the IFP application in the file, and instructed me to mail a corrected pro se cover sheet. I immediately complied, mailing corrected cover sheet with IFP that same day.

7.    January 22, 2026 (3:05 PM call): Different clerk denied receiving anything, contradicting January 16 admission.

8.    January 30, 2026 (1:38 PM and 3:22 PM calls): Clerks continued denying receipt of any documents, including January 16 submission. No explanation for contradiction.

9.    The Clerk's Office has provided irreconcilable accounts: admitting possession January 16, then denying receipt January 22 and 30. These documents—mailed in compliance with clerk instructions—have disappeared.

10.    Submitted documents: COMPLAINT; IFP APPLICATION (AO-239); PRO SE COVER SHEET (CV-071); DECLARATION; EXHIBITS A-D (USPS tracking, emails, call logs, ADA requests).

11.    This Motion submitted electronically and via USPS Mail.

Executed February 3, 2026, at San Diego, California.

*Alex Yakovlev*

ALEX YAKOVLEV

- 9 -

## IV. PRAYER FOR RELIEF

1. **NUNC PRO TUNC FILING:** Deem Complaint filed as of January 15, 2026 (delivery), or January 16, 2026 (binding admission).

2. **INVESTIGATION:** Inquiry into disappearance of documents admitted possessed January 16.

3. **CEASE OBSTRUCTION:** Order Clerk's Office to stop obstructive conduct.

4. **PRODUCTION:** USPS tracking for any alleged returns; internal logs; explanation of January 16 admission.

5. **ADA ENFORCEMENT:** Confirm email-only accommodation at alexjacobsky@gmail.com.

6. **RETAINED JURISDICTION:** 120 days monitoring.

7. **SANCTIONS AUTHORITY:** Reserve inherent power sanctions.

8. **OTHER RELIEF** as deemed just.

Respectfully submitted,

February 3, 2026

*Alex Yakovlev*

ALEX YAKOVLEV

- 10 -