Alex Yakovlev, Pro Se
General Delivery (Homeless)
San Diego, CA 92110-9999
Email: alexjacobsky@gmail.com
NOTICE: All communications must be via email
Plaintiff is homeless; mail to General Delivery address is unreliable

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEX YAKOVLEV,<br><br>                              Plaintiff,<br><br>        v.<br><br>THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, et al.,<br><br>                              Defendants. | **Case No:** 3:26-cv-01132 (PS)<br><br>**RENEWED REQUEST FOR REASONABLE ACCOMMODATIONS UNDER THE JUDICIAL CONFERENCE POLICY (INCORPORATING ADA STANDARDS) AND NOTICE REGARDING MAY 8, 2026 VIDEOCONFERENCE** |

**PRELIMINARY STATEMENT**

Plaintiff ALEX YAKOVLEV, pro se, respectfully files this Renewed Request for Reasonable Accommodations pursuant to the Judicial Conference Policy on Individuals with Disabilities, which incorporates the standards of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act, in support of his pending Accommodation Request [Dkt. 3], filed February 3, 2026.

As documented herein, Plaintiff has made exhaustive, good-faith efforts to resolve his access barriers through every channel suggested by the Court. This request is brought pursuant to the policy of the Judicial Conference of the United States requiring federal courts to provide reasonable accommodations to individuals with disabilities, which incorporates the standards of Title II of the ADA and Section 504 of the Rehabilitation Act. This policy adopts the substantive standards of the ADA and Section 504, including the requirements for reasonable modifications, effective communication, and the interactive process.

-1-

Between November 22, 2025 and March 19, 2026, Plaintiff sent numerous communications to the Court's PACER Service Center, ECF Help Desk, ADA Coordinator, chambers, the Federal Pro Bono Project's Legal Help Center, and the Homeless Advocacy Project. All of these communications explained Plaintiff's diagnosed disabilities, his homelessness, his inability to receive mail, and his urgent need for email-only communication. No substantive response granting any accommodation has been received. Plaintiff now faces two immediate, insurmountable barriers. First, although he has obtained limited CM/ECF filing privileges, he cannot access documents filed by others or orders issued by the Court due to PACER fees and technical barriers that his cognitive disabilities make impossible to navigate. Second, he cannot attend the May 8, 2026 Initial Case Management Conference, scheduled for videoconference only, because he lacks any reliable technology, internet access, or working telephone, and because his severe anxiety makes real-time interaction with strangers psychologically impossible.

Because all alternative methods of communication — including the Legal Help Center, the Homeless Advocacy Project, and General Delivery — have been exhausted and have failed, email transmission of documents with PDF attachments is the only remaining method that can provide Plaintiff with meaningful access to the Court under 28 C.F.R. § 35.160. Plaintiff respectfully requests that the Court grant the accommodations set forth herein.

## I. INTRODUCTION

Plaintiff filed this civil rights action on February 3, 2026, seeking injunctive relief for alleged systemic violations of the Americans with Disabilities Act, procedural due process, and the fundamental right of access to courts. On the same date, Plaintiff filed a Request for Reasonable Accommodations Under the ADA [Dkt. 3], informing the Court of his documented cognitive disabilities, physical limitations, homelessness, and need for email-only communication. That request has been pending without ruling for over six weeks. This Renewed Request is submitted under the

-2-

RENEWED REQUEST FOR REASONABLE ACCOMMODATIONS UNDER THE JUDICIAL CONFERENCE
POLICY AND NOTICE REGARDING MAY 8, 2026 VIDEOCONFERENCE

Judicial Conference Policy on Individuals with Disabilities, which requires federal courts to provide reasonable accommodations to ensure equal access to judicial proceedings.

Plaintiff's requests for accommodations did not begin on February 3, 2026. Plaintiff has been requesting ADA accommodations from this Court since December 28, 2025, more than two months before his case was filed. Between November 22, 2025 and March 19, 2026, Plaintiff sent numerous communications to the Court's PACER Service Center, ECF Help Desk, ADA Coordinator, Clerk's Office, chambers, the Federal Pro Bono Project's Legal Help Center, and the Homeless Advocacy Project. All of these communications explained Plaintiff's disabilities, his homelessness, his inability to receive mail, and his urgent need for email-only communication. No substantive response granting any accommodation has been received. The Court has not ruled on Docket 3, filed February 3, 2026.

Since filing his original request, Plaintiff has exhausted every possible alternative to establish a mailing address and receive mail, including contacting every organization suggested by the Court's own Legal Help Center. All such efforts have failed. Plaintiff cannot receive mail at any address. Plaintiff cannot afford PACER fees to download documents. Plaintiff cannot attend the May 8, 2026 videoconference because he has no technology, no internet access, no working telephone or smartphone, and no person who will allow him to use their technology. Plaintiff's severe anxiety, developed over seventeen years of traumatic experiences with court systems, makes videoconference participation impossible.

Plaintiff has exhausted all available alternatives. No organization can receive mail on Plaintiff's behalf, General Delivery is inaccessible due to disability, no technological access exists for videoconference participation, and no person is available to assist. Email transmission of documents is therefore the only remaining method by which Plaintiff can access the Court.

## II. PLAINTIFF'S DISABILITIES AND RESULTING BARRIERS

Plaintiff is a qualified individual with disabilities as defined by the ADA, 42 U.S.C. § 12102.

He has diagnosed cognitive, physical, and psychiatric disabilities that substantially limit major life activities including reading, writing, learning, thinking, concentrating, communicating, and moving.

### A. Cognitive Disabilities

Plaintiff has diagnosed dyslexia and related memory and information processing disorders. These disabilities cause the following specific barriers in accessing court proceedings:

- **Difficulty processing complex written language:** Plaintiff struggles to comprehend dense legal text, complex forms, and lengthy procedural rules. He reads slowly, frequently loses his place, and must reread passages multiple times to understand them. Standard Judicial Council forms with dense text and complex formatting are largely inaccessible without accommodation. The cognitive load required to parse these forms exceeds his capabilities, resulting in errors not reflective of the substance of his claims.

- **Information recall limitations:** Plaintiff's memory impairments make it difficult to track deadlines, remember filing requirements, and retain information from phone calls or real-time communications. Information presented orally is often lost entirely. Written information must be reviewed multiple times and kept for constant reference. The 15-day window for accessing PACER documents through free links is particularly problematic, as Plaintiff cannot track these deadlines.

- **Proofreading and formatting challenges:** Plaintiff's dyslexia causes errors in spelling, grammar, and formatting that are not reflective of the substance of his claims. He cannot see many of his own errors. Without pre-rejection notice and opportunity to correct, filings containing minor formatting errors are at risk of rejection.

### B. Physical Disability

Plaintiff has a physical disability that severely limits his mobility. He cannot travel to post offices, courthouses, libraries, or any other public facility. He cannot stand in lines, walk distances, or use public transportation. This disability, combined with his homelessness and lack of transportation,

-4-

makes it impossible to retrieve mail from General Delivery or any other physical location.

### C. Psychiatric Disabilities and Severe Anxiety

Plaintiff suffers from severe anxiety and post-traumatic psychological injuries resulting from seventeen years of experiences within the court system. These experiences, documented in part through the state court records attached as Exhibits A through H, include what Plaintiff alleges were void judgments entered without jurisdiction, a vexatious litigant designation, repeated administrative obstruction of attempts to challenge void judgments, and contradictory statements from court personnel regarding the status of filings.

This history has resulted in an inability to participate in real-time interactions. Phone calls and video conferences require Plaintiff to process information in real time while managing intense anxiety. His cognitive disabilities already impair real-time processing. Adding anxiety makes participation impossible. He cannot think clearly, often forgets what was said moments earlier, and may experience panic attacks. The prospect of appearing by video before strangers, including Court personnel and Defendants, triggers this response. Plaintiff lives in remote isolation. He has no person in his life who will allow him to use their technology or assist him with court matters.

### D. Homelessness and Indigency

Plaintiff's disabilities are compounded by homelessness and complete indigency. Plaintiff has no permanent address, no income, no savings, and no assets. He has no reliable access to a computer or internet, no smartphone with sufficient data for video calls, no working telephone with consistent service, no means of transportation, no person who will allow him to use their technology, and no access to public resources such as libraries or community centers.

Plaintiff relies exclusively on email through intermittent access to borrowed devices. He cannot receive or retrieve physical mail at any address.

**E. Synergistic Exclusion**

The combination of cognitive disability, physical disability, severe anxiety, homelessness, and indigency creates a synergistic exclusion that cannot be remedied through ordinary means. His cognitive disabilities prevent effective use of standard procedures. His physical disability prevents travel. His anxiety prevents video interaction with strangers. His homelessness prevents mail-based communication. Each barrier reinforces the others.

**III. COMPREHENSIVE HISTORY OF ALL EMAIL COMMUNICATIONS**

Between November 22, 2025 and March 19, 2026, Plaintiff sent multiple communications to the Court's PACER Service Center, ECF Help Desk, ADA Coordinator, chambers, the Federal Pro Bono Project's Legal Help Center, and the Homeless Advocacy Project. The following is a complete chronological listing of all such communications:

• On November 22, 2025, Plaintiff received automated confirmation from the PACER Service Center that his PACER account had been created. The account number is 8775197, username is alexjacobsky, and the status was listed as "Under Review." The automated message stated that Plaintiff would receive an email when the review was complete.

• On December 28, 2025, Plaintiff sent his first urgent ADA accommodation request to the Court's ADA Coordinator at accommodations@cand.uscourts.gov. This request was titled "PLAINTIFF'S URGENT REQUEST FOR REASONABLE ACCOMMODATIONS UNDER THE AMERICANS WITH DISABILITIES ACT." The request explained that due to Plaintiff's disabilities, email is the only accessible method of communication for receiving court documents and participating in proceedings. It specified that Plaintiff cannot travel to post offices, cannot retrieve mail from any physical location, and cannot receive communications sent via traditional mail. The request sought email as the sole method for all court communications, electronic service of all documents, electronic copies of summons, and immediate confirmation that these accommodations

-6-

were granted. Plaintiff received no response.

- On January 4, 2026, Plaintiff sent a consolidated request to the accommodations@cand.uscourts.gov and ecfhelpdesk@cand.uscourts.gov addresses. This request sought confirmation of case status and urgently requested confirmation of ADA accommodations. The request stated that due to documented cognitive disabilities and homelessness, Plaintiff cannot receive physical mail and had previously submitted two formal ADA accommodation requests on December 28, 2025. Plaintiff requested written confirmation that these accommodations were granted and an immediate directive to all relevant court staff that all court communications must be sent to Plaintiff via email. Plaintiff received no response.

- On January 14, 2026, Plaintiff again emailed the accommodations and ecfhelpdesk addresses, providing tracking information for his complaint package that had been mailed to the court. The tracking number was 9500 1131 8788 6014 3784 71, with estimated delivery date of January 17, 2026. The email reiterated that Plaintiff had previously submitted ADA accommodation requests on December 28, 2025, and urgently required written confirmation that these accommodations were granted, a directive to all relevant court staff to communicate exclusively via email, and electronic service under FRCP 5(b)(2)(E). Plaintiff received no response.

- On January 16, 2026, Plaintiff again emailed the accommodations and ecfhelpdesk addresses, stating that he was writing as a pro se, disabled, and homeless litigant to request urgent confirmation of case status and ADA accommodations. The email again requested written confirmation of accommodations. Plaintiff received no response.

- On January 30, 2026, Plaintiff filed a detailed Motion for *Nunc Pro Tunc* Filing and Relief from Clerk's Wrongful Rejection, sent to rspo@cand.uscourts.gov, ncpo@cand.uscourts.gov, ecfhelpdesk, and accommodations. The motion detailed how the Clerk's Office had admitted

RENEWED REQUEST FOR REASONABLE ACCOMMODATIONS UNDER THE JUDICIAL CONFERENCE
POLICY AND NOTICE REGARDING MAY 8, 2026 VIDEOCONFERENCE

possession of Plaintiff's complaint on January 22, provided curative instructions, then later claimed the file had been returned on January 20 or 21. The motion specifically raised the failure to honor Plaintiff's ADA accommodation, stating that by allegedly mailing the complaint to a General Delivery address without email notice and without confirming implementation of the accommodation, the Clerk ensured Plaintiff could not receive notice of any alleged deficiency or return, frustrating his ability to cure and denying meaningful access to the courts. Plaintiff received no response.

- On February 3, 2026, Plaintiff mailed his complaint package to the court, which was successfully docketed. The package included the formal Request for Reasonable Accommodations Under the ADA, now designated as Docket No. 3, which has been pending ever since without ruling.

- On February 4, 2026, Plaintiff emailed the court to confirm receipt of his February 3 mailing and again requested accommodations. The email requested that the Court honor his ADA accommodation request for email-only communication and provide written acknowledgment of filing. Plaintiff received no response.

- On February 12, 2026 at 11:16 AM, Plaintiff emailed the ECF Help Desk at CAND_ECFHELPDESK@uscourts.gov requesting activation of his CM/ECF account. The email provided account number 8775197, username alexjacobsky, and noted that the case was *Yakovlev v. The Superior Court of the State of California*, County of San Francisco et al., Case No. 3:26-cv-01132.

- On February 12, 2026 at 11:19 AM, the ECF Help Desk responded that Plaintiff's request on November 24, 2025 was rejected because it lacked a case number. They instructed Plaintiff to resubmit with the case number in which he is listed as a party.

- On February 12, 2026 at 11:28 AM, Plaintiff resubmitted his request to activate his

CM/ECF account with the correct case number, 3:26-cv-01132.

• On February 17, 2026 at 10:26 AM, Plaintiff sent an urgent follow-up email to the ECF Help Desk and accommodations address, noting that his motion [Dkt. 4] had a response deadline that day and he had no way to access the docket. The email stated that as stated in his ADA Accommodations Request [Dkt. 3], Plaintiff has a diagnosed disability that impacts his ability to process written language, and he is currently homeless with severely limited and intermittent access to a computer and telephone. The email noted that email is the only reasonably reliable method for court staff to contact him, that he had specifically requested all non-emergency court communications be transmitted to him via email, and that to date, he had not received any email communications from the Court regarding this case. The email requested CM/ECF activation, a PACER fee exemption, or alternative access via email.

• On February 17, 2026 at 4:18 PM, Stephen Ybarra, Courtroom Deputy to Judge Alex G. Tse, responded from AGTCRD@cand.uscourts.gov. The response attached a courtesy copy of the entire docket and stated that the Court is aware of the motions filed thus far and will resolve them in due time. The response also referred Plaintiff to the Court's Legal Help Center for further assistance, instructing Plaintiff to email fedpro@sfbar.org or call (415) 782-8982 to schedule a phone or in-person appointment. This response did not grant any accommodation, rule on Docket 3, or resolve the access barriers identified in Plaintiff's requests.

• On March 1, 2026 at 6:40 PM, Plaintiff emailed the Legal Help Center at fedpro@sfbar.org as directed by the Court. Plaintiff explained his disabilities, homelessness, limited English proficiency, and need for written email communication. Plaintiff asked three specific questions: how to properly request CM/ECF activation, how to obtain a PACER fee exemption, and how to ensure all future court communications are sent via email. Plaintiff also requested, if possible,

RENEWED REQUEST FOR REASONABLE ACCOMMODATIONS UNDER THE JUDICIAL CONFERENCE
POLICY AND NOTICE REGARDING MAY 8, 2026 VIDEOCONFERENCE

assignment of a specific contact person with whom he could communicate by email, who could review his draft filings and provide guidance.

- On March 3, 2026 at 11:37 AM, Plaintiff emailed Judge Tse's chambers at AGTCRD@cand.uscourts.gov, the ECF Help Desk, and the Clerk's Office to report that the Legal Help Center had not responded to his March 1 inquiry. Plaintiff again reiterated his urgent need for accommodations and requested that the Court directly grant the relief sought in his pending ADA request. Plaintiff attached a copy of his March 1 email to the Legal Help Center for the Court's reference.

- On March 19, 2026, the Legal Help Center responded to Plaintiff's March 1 email. They clarified that they cannot receive mail, even temporarily. They suggested that Plaintiff explore General Delivery at the United States Postal Service and referred Plaintiff to the Homeless Advocacy Project (HAP), stating that HAP may be able to help.

- On March 19, 2026 at 1:57 PM, immediately upon receiving the Legal Help Center's referral, Plaintiff emailed the Homeless Advocacy Project at hapintake@sfbar.org. Plaintiff explained his situation in detail and requested specific assistance: receiving court mail on his behalf, scanning and emailing those documents to him, providing a stable mailing address he could give to the Court, helping him file a change of address with the Court, and any other assistance for homeless pro se litigants navigating federal court. Plaintiff emphasized that he is available by email only and requested written communication due to his disabilities.

As of the date of this filing, HAP has not responded to Plaintiff's email. Plaintiff has received no acknowledgment, no assistance, no referral, and no guidance from the organization specifically referred by the Court's Legal Help Center. In summary, Plaintiff has sent numerous communications over approximately four months, including:

RENEWED REQUEST FOR REASONABLE ACCOMMODATIONS UNDER THE JUDICIAL CONFERENCE POLICY AND NOTICE REGARDING MAY 8, 2026 VIDEOCONFERENCE

- One communication to the PACER Service Center (automated response only)

- Multiple communications to the Court's ADA Coordinator beginning December 28, 2025

- Multiple communications to the ECF Help Desk between January and March 2026

- Communications to chambers and the Clerk's Office in February and March 2026

- One communication to the Legal Help Center on March 1, 2026 (received response on March 19, 2026)

- One communication to the Homeless Advocacy Project on March 19, 2026 (no response to date)

No substantive response granting any accommodation has been received to any of these requests. The Court has not ruled on Docket 3, filed February 3, 2026. The Courtroom Deputy's February 17 response provided a courtesy copy of the docket and a referral but did not grant any accommodation.

## IV. EXHAUSTION OF ALL ALTERNATIVE OPTIONS

Plaintiff has pursued every alternative identified by the Court and its affiliated resources. Each has failed to provide a workable method of communication:

- **Legal Help Center (fedpro@sfbar.org):** Following the Courtroom Deputy's February 17 referral, Plaintiff emailed the Legal Help Center on March 1, 2026. On March 19, 2026, they responded that they cannot receive mail, even temporarily, and referred Plaintiff to the Homeless Advocacy Project.

- **Homeless Advocacy Project (hapintake@sfbar.org):** On March 19, 2026, Plaintiff emailed HAP requesting assistance with receiving court mail, scanning and emailing documents, and providing a stable mailing address. HAP has not responded as of the date of this filing.

RENEWED REQUEST FOR REASONABLE ACCOMMODATIONS UNDER THE JUDICIAL CONFERENCE POLICY AND NOTICE REGARDING MAY 8, 2026 VIDEOCONFERENCE

- **General Delivery:** The Legal Help Center suggested General Delivery. This is not accessible. General Delivery requires in-person pickup at a designated post office. Plaintiff is located in a remote area with no transportation. Physical disability prevents travel. Cognitive disability prevents navigating unfamiliar environments. Severe anxiety prevents interaction with postal personnel. General Delivery is functionally impossible.

- **Technology Access:** Plaintiff has no person who will allow him to use their technology. He has no computer, no internet access, no working telephone. He is completely isolated with no support network.

- **PACER Access:** While Plaintiff has obtained limited CM/ECF filing privileges, he cannot view documents filed by others or orders issued by the Court. Notices of Electronic Filing contain a hyperlink allowing one free view, after which PACER requires payment of fees. If the link is clicked and the document fails to load, that click counts as the free view. The link expires after 15 days. Plaintiff cannot pay PACER fees. He is indigent with a pending IFP application [Dkt. 2] and has no income.

**Conclusion:** No further alternatives exist. No organization will help. No person will help. Plaintiff has no way to receive mail, no way to access PACER, and no way to participate in a videoconference. General Delivery requires capabilities Plaintiff lacks: physical mobility, ability to navigate unfamiliar environments, and capacity to interact with postal personnel. Thus, General Delivery is not a 'reasonable alternative' under the ADA standards applied by federal courts pursuant to Judicial Conference policy. See Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001) (accommodation must actually accommodate the disability). Because all other alternatives have failed, email transmission of PDF documents is the only remaining method that can provide meaningful access under 28 C.F.R. § 35.160.

## V. CURRENT BARRIERS
### A. PACER Access

Plaintiff has obtained limited CM/ECF filing privileges and is filing this document electronically. However, Plaintiff cannot access or view documents filed by others or orders issued by the Court. This distinction is critical.

The Court's CM/ECF system sends Notices of Electronic Filing to Plaintiff's email when documents are filed. These notices contain a hyperlink allowing one free view, after which PACER requires payment of fees. If the link is clicked and the document fails to load properly due to browser incompatibility, that click counts as the free view, and Plaintiff is thereafter locked out. The free link expires after 15 days.

Plaintiff cannot pay PACER fees. He is indigent with a pending IFP application [Dkt. 2] and has no income. PACER charges $0.10 per page. While these amounts may seem small, they are insurmountable for Plaintiff. Complex cases generate dozens of documents, making PACER fees an impossible burden.

Plaintiff's cognitive disabilities make it difficult to navigate complex websites, troubleshoot technical errors, or remember to access documents within the 15-day window. The current system penalizes Plaintiff by requiring him to act within rigid timeframes that his memory impairments make difficult to track, requiring technical proficiency he does not possess, imposing fees he cannot pay, and providing no alternative for those who cannot use the website successfully on the first attempt.

Because Plaintiff cannot access documents through PACER, he cannot read filings by Defendants, read orders issued by the Court, comply with deadlines he cannot see, respond to motions he cannot read, prepare for hearings, or otherwise prosecute his case.

### B. May 8, 2026 Videoconference

The Court's Initial Case Management Scheduling Order [Dkt. 5] sets an Initial Case

-13-

RENEWED REQUEST FOR REASONABLE ACCOMMODATIONS UNDER THE JUDICIAL CONFERENCE POLICY AND NOTICE REGARDING MAY 8, 2026 VIDEOCONFERENCE

Management Conference for May 8, 2026 at 2:00 PM, to be held by videoconference only. Plaintiff cannot attend this conference.

Plaintiff lacks the necessary technology. He has no computer, no internet access, no working telephone, and no person who will allow him to use their technology. He is homeless, indigent, and located in a remote area. He has no means to obtain the necessary technology.

Beyond technological barriers, Plaintiff's severe anxiety, developed over seventeen years of traumatic experiences with court systems (documented in part through Exhibits A-H), makes video contact with strangers impossible without causing psychological harm. Appearing by video before unfamiliar individuals would trigger severe anxiety symptoms that prevent coherent participation.

Requiring Plaintiff to attempt participation despite known inability would not provide access, but would instead create a record of nonappearance caused by disability. Plaintiff is willing to participate through written submissions. He will file a Case Management Statement by May 1, 2026 as required, and requests that the Court accept this statement in lieu of live appearance.

## VI. BACKGROUND LITIGATION HISTORY

Plaintiff has a lengthy history of litigation in California state courts, including cases challenging judgments he alleges are void for lack of jurisdiction. That history has contributed to his documented anxiety and difficulty interacting with judicial systems.

- In 2008, Plaintiff filed an action against Costco Wholesale Membership, Inc. in San Francisco Superior Court, Case No. CGC-08-478705. A judgment of dismissal was entered on December 18, 2008. Plaintiff alleges the judgment is void for lack of personal jurisdiction due to a facially defective Sheriff's Return of Service.

- In 2009, Plaintiff filed an action against "Visa Purchase Security Enhancement Services" in San Francisco Superior Court, Case No. CGC-09-484709. Official records from the California Secretary of State show that no legal entity by that name was ever registered in California.

-14-

(See Ex. D.) Plaintiff alleges the judgment entered in that case is void for lack of subject-matter jurisdiction.

- On April 13, 2009, the San Francisco Superior Court declared Plaintiff a vexatious litigant under California Code of Civil Procedure § 391.1 and imposed a prefiling restriction. (See Ex. E.)

- Since 2009, Plaintiff has made numerous attempts to challenge the voidness of these judgments through motions under California Code of Civil Procedure § 473(d). These attempts have been administratively blocked by the prefiling restriction.

- In 2025, Plaintiff sought review in the California Court of Appeal and Supreme Court. The Supreme Court granted judicial notice of Secretary of State records showing no registration of the Visa defendant but denied review. (See Ex. A, Ex. H.)

This history is provided to explain the basis for Plaintiff's documented anxiety. This motion does not seek review of those state court matters. Supporting state court records are attached as Exhibits A through H.

**VII. LEGAL ARGUMENT**
**A. Title II of the ADA Requires Reasonable Accommodations**

Title II of the Americans with Disabilities Act (ADA) provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity. 42 U.S.C. § 12132.

While the federal judiciary operates as a separate branch of government not statutorily subject to Title II of the ADA, it is the established policy of the Judicial Conference of the United States that federal courts provide reasonable accommodations to qualified individuals with disabilities to ensure meaningful access to the judicial process. Federal courts apply the same substantive standards developed under Title II of the ADA and Section 504 of the Rehabilitation Act to evaluate

accommodation requests, including the requirement to engage in an interactive process and provide effective communication. *Tennessee v. Lane,* 541 U.S. 509, 517 (2004) (recognizing the fundamental right of access to courts and applying ADA Title II standards to judicial proceedings); see also Administrative Office of the U.S. Courts, Policy on Individuals with Disabilities.

Implementing regulations require public entities to make reasonable modifications in policies, practices, or procedures when necessary to avoid discrimination on the basis of disability. 28 C.F.R. § 35.130(b)(7). Public entities must also ensure that communications with individuals with disabilities are as effective as communications with others, 28 C.F.R. § 35.160(a), and must furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate. 28 C.F.R. § 35.160(b)(1). When a qualified individual with a disability requests an accommodation, the public entity must engage in an interactive process to identify the individual's needs and determine appropriate accommodations. 28 C.F.R. § 35.130(b)(7); *Duvall v. County of Kitsap,* 260 F.3d 1124, 1138-39 (9th Cir. 2001).

**B. Plaintiff Has Demonstrated Entitlement to Accommodations**

To establish a violation of Title II, a plaintiff must show that he is a qualified individual with a disability, he was excluded from participation in or denied the benefits of a public entity's services, and such exclusion was by reason of his disability. *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir. 2002). Plaintiff satisfies all three elements.

• First, Plaintiff has documented cognitive, physical, and psychiatric disabilities that substantially limit major life activities.

• Second, Plaintiff is excluded from meaningful participation in these proceedings. He cannot receive mail at any address. He cannot access documents through PACER. He cannot attend the May 8 videoconference. He has sent numerous requests over more than three months and

-16-

received no response granting any accommodation.

- Third, this exclusion is directly caused by his disabilities. His cognitive disabilities prevent effective use of standard procedures. His physical disability prevents travel. His homelessness prevents mail-based communication. His severe anxiety prevents video interaction with strangers.

### C. The Court's Failure to Respond Constitutes Exclusion

The record reflects numerous unanswered accommodation requests over more than three months. The Court has had actual knowledge of Plaintiff's disabilities and need for accommodations since at least February 3, 2026, when Docket 3 was filed. The Courtroom Deputy's February 17 response provided a courtesy copy of the docket and a referral but did not grant any accommodation or rule on Docket 3.

The Court's failure to respond to these requests constitutes a failure to engage in the interactive process required by federal court policy, which adopts the standards of 28 C.F.R. § 35.130(b)(7). This failure has effectively prevented Plaintiff from accessing the Court's processes.

The Court's actual knowledge, combined with its failure to act over an extended period despite numerous requests, satisfies the deliberate indifference standard for Title II liability. *Duvall,* 260 F.3d at 1139.

### D. The Requested Accommodations Are Reasonable

The requested accommodations are reasonable because they impose minimal burden on the Court while providing Plaintiff with meaningful access. They are necessary because no alternatives exist, as demonstrated by Plaintiff's exhaustive efforts detailed in Section IV. Email distribution of filings is ministerial. Adding Plaintiff's email address to a distribution list imposes no burden.

Accepting written submissions in lieu of videoconference is standard. Many pro se litigants appear by written declaration when circumstances prevent live attendance. Courts have discretion to

-17-

certify PACER fee exemptions for indigent litigants where necessary to avoid unreasonable burdens on access. See Electronic Public Access Fee Schedule. Accepting narrative filings accommodates Plaintiff's dyslexia without burdening the Court. Extended deadlines are routinely granted upon request. Pre-rejection email notice prevents unnecessary loss of filings due to formatting errors.

### VIII. REQUESTED ACCOMMODATIONS

The following accommodations are narrowly tailored to Plaintiff's specific disabilities and represent the least burdensome means of providing meaningful access.

**1.    Address Correction:** Plaintiff's address is incorrectly listed on the docket as "San Diego, CA 92110-9999." Plaintiff is homeless with no fixed address and cannot receive mail at any location. Plaintiff requests that the docket be corrected to reflect that he is homeless with no fixed address, that all communications must be by email to alexjacobsky@gmail.com, and that the existing General Delivery address be retained as a placeholder for Rule 11 compliance only.

**2.    Email notification with PDF attachments:** That all court communications, including orders, notices, minute entries, and filings by other parties, be emailed directly to Plaintiff as PDF attachments at alexjacobsky@gmail.com. Because all alternative methods have been exhausted and failed as detailed in Section IV, email delivery is the sole remaining method that can provide meaningful access under the effective communication standards of 28 C.F.R. § 35.160 as applied by federal courts.

**3.    May 8, 2026 Conference:** That the Initial Case Management Conference scheduled for May 8, 2026 be:

**a.**    Conducted through written submissions only, with Plaintiff filing a Case Management Statement by May 1, 2026 as required by Docket 5, and with Plaintiff authorized to submit any further responses to Court questions via email; or

**b.**    Continued indefinitely pending implementation of the email communication

-18-

accommodation requested herein; or

c.      Continued for a period of 30 days following the Court's ruling on this Renewed Request and confirmation that all communications will be sent to Plaintiff via email with PDF attachments.

Plaintiff cannot commit to a specific future appearance date because his circumstances are unstable due to homelessness and disability. Plaintiff does not know where he will be staying, whether he will have access to a borrowed device, whether internet access will be available, or whether he will receive notice of any continued conference date. Requiring Plaintiff to guarantee availability on a specific future date assumes a stability that Plaintiff does not possess due to the very disabilities and homelessness that necessitate these accommodations.

4.      **PACER access:** That the Court certify Plaintiff's eligibility for a PACER fee exemption based on his pending IFP status and disabilities, and direct the Clerk to provide Plaintiff with PDF copies of all filings by email pending such exemption.

5.      **Narrative filings:** Plaintiff requests exemption from required use of fillable PDF forms that require precise visual alignment and cursor control, which are inaccessible due to dyslexia and visual processing deficits. Plaintiff will submit all filings in typed narrative format that complies with Rule 11 and contains all required information.

6.      **Extended deadlines:** That Plaintiff be granted presumptive extensions of 30 days to respond to court orders and filings by other parties, upon request.

7.      **Pre-rejection clarification:** That before any filing is rejected for formatting or clerical errors, the Court or Clerk's office notify Plaintiff by email and provide an opportunity to correct the error within a reasonable time.

8.      **Written communication only:** That all communications with Plaintiff be in writing

RENEWED REQUEST FOR REASONABLE ACCOMMODATIONS UNDER THE JUDICIAL CONFERENCE POLICY AND NOTICE REGARDING MAY 8, 2026 VIDEOCONFERENCE

via email, and that Plaintiff not be required to participate in phone calls, video conferences, or in-person appearances, due to severe anxiety and cognitive disabilities.

**IX. CONCLUSION**

Plaintiff has exhausted every administrative and external alternative available. The history documented in Section III demonstrates persistent effort over more than three months. Section IV demonstrates that no organization can provide assistance, that General Delivery is inaccessible, and that no person can provide technology access. No other method of communication is viable.

The requested accommodations are reasonable, minimally burdensome, and necessary to provide meaningful access under the ADA. They are the only remaining path after every alternative has been exhausted. For these reasons, Plaintiff respectfully requests that the Court grant the accommodations set forth above.

Respectfully submitted,

DATED: March 19, 2026

/s/Alex Yakovlev
Alex Yakovlev, Pro Se
alexjacobsky@gmail.com
Case No. 3:26-cv-01132

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2026, I electronically filed the foregoing Renewed Request for Reasonable Accommodations with the Clerk of the Court using the CM/ECF system. Service on Defendants will be effected in accordance with FRCP 4(j) (service on state or local government) and FRCP 4(e) (service on individual officials) upon issuance of summons.

/s/Alex Yakovlev
Alex Yakovlev, Pro Se

**INDEX OF EXHIBITS**

The following exhibits are attached to this filing and referenced in the text:

- **Exhibit A:** California Court of Appeal, First Appellate District, November 20, 2025 Order (Case No. A174449)

- **Exhibit B:** Superior Court of California, County of San Francisco, Document Cover Sheet (Case No. CGC-09-484709)

- **Exhibit C:** California Court of Appeal, First Appellate District, Order Dismissing Appeal (Case No. A125855)

- **Exhibit D:** California Secretary of State Business Entity Search Results

- **Exhibit E:** Superior Court of California, County of San Francisco, April 28, 2009 Order (Case No. CGC-09-484709)

- **Exhibit F:** Superior Court of California, County of San Francisco, March 18, 2009 Document Cover Sheet (Case No. CGC-09-484709)

- **Exhibit G:** Plaintiff's September 16, 2025 Application for Permission to File New Litigation Under Vexatious Litigant Prefiling Order

- **Exhibit H:** California Court of Appeal, First Appellate District, December 18, 2025 Order (Case No. A174449)

-21-

RENEWED REQUEST FOR REASONABLE ACCOMMODATIONS UNDER THE JUDICIAL CONFERENCE POLICY AND NOTICE REGARDING MAY 8, 2026 VIDEOCONFERENCE