UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX YAKOVLEV,<br><br>       Plaintiff,<br><br>       v.<br><br>THE SUPERIOR COURT OF THE<br>STATE OF CALIFORNIA, COUNTY OF<br>SAN FRANCISCO, et al.,<br><br>       Defendants. | Case No.  26-cv-01132-AGT<br><br>**ORDER DENYING MOTION FOR**<br>***NUNC PRO TUNC* FILING AND**<br>**DECLARATORY RELIEF**<br><br>Re: Dkt. No. 4 |

The Clerk's Office stamped Alex Yakovlev's complaint as filed on February 5, 2026, but Yakovlev insists that his complaint arrived on January 15 and should have been filed then. He blames the Clerk's Office for an "escalating pattern of obstruction that . . . transformed the standard filing process into an absolute barrier to access." Dkt. 4 at 2. Styling his motion as a request for a *nunc pro tunc* filing, he seeks an order deeming his complaint filed on January 15. He also seeks a declaration that the Clerk's Office obstructed justice. *Id.*

It is clear from Yakovlev's own timeline that a January 15 filing date isn't warranted. His chronology reflects that the Clerk's Office confirmed receipt of the complaint on January 16 but explained that the complaint was "not accepted due to [a] cover sheet variant."

*Id.* at 3 (internal quotation marks omitted). Under Civil Local Rule 3-2(a), "[p]ro se litigants (except pro se prisoners) must file a completed cover sheet, on a form provided by the Clerk's Office, with any document initiating a civil action." After the Clerk's Office told Yakovlev about the cover sheet variant, Yakovlev alleges that he "immediately mailed the corrected cover sheet." Dkt. 4 at 4. He questions, then, why the Clerk's Office denied receiving his corrected cover sheet when he called to inquire on January 22 and 30. *Id.* Yakovlev hasn't offered any documentary evidence supporting that his corrected cover sheet arrived before February 5. But even if he had, such proof wouldn't support his request for a January 15 filing date. Yakovlev hadn't corrected his cover sheet by that date.

The Court denies Yakovlev's request for a *nunc pro tunc* filing. A retroactive filing date of January 15 isn't supported by the record. This denial is without prejudice to a renewed request if, but only if, Yakovlev later shows a clear need for a retroactive filing date (e.g., because of statute-of-limitations considerations), and offers evidence to support the earlier date (e.g., delivery receipts and proof of compliance with court filing requirements).

The Court also denies Yakovlev's request for a finding of misconduct by the Clerk's Office. The Court finds insufficient evidence to support Yakovlev's claims of misconduct.

**IT IS SO ORDERED.**

Dated: March 25, 2026

Alex G. Tse
United States Magistrate Judge