Alex Yakovlev, Pro Se
General Delivery (Homeless)
San Diego, CA 92110-9999
Email: alexjacobsky@gmail.com
NOTICE: All communications must be via email
Plaintiff is homeless; mail to General Delivery address is unreliable

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX YAKOVLEV,<br><div align="right">Plaintiff,</div><br>v.<br><br>THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, et al.,<br><div align="right">Defendants.</div> | **Case No:** 3:26-cv-01132 (PS)<br><br>**PLAINTIFF'S OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a) TO MAGISTRATE JUDGE'S ORDERS DENYING ACCOMMODATION REQUESTS AND NUNC PRO TUNC RELIEF, REQUEST FOR REVIEW FOR CLEAR ERROR AND CONTRARY TO LAW, EMERGENCY MOTION TO STAY MAY 8, 2026 CONFERENCE, AND NOTICE OF PRESERVED RIGHTS** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................................2

Cases .................................................................................................................................................2

Statutes..............................................................................................................................................2

Rules .................................................................................................................................................3

Regulations .......................................................................................................................................3

Administrative and Policy Materials.................................................................................................3

EMERGENCY RELIEF REQUESTED .................................................................................................3

Plaintiff respectfully requests immediate relief as follows: ..............................................................3

PRELIMINARY STATEMENT..............................................................................................................4

CLARIFICATION REGARDING CURRENT ACCESS........................................................................5

I. PLAINTIFF'S DISABILITIES AND RESULTING BARRIERS .......................................................6

A. Cognitive Disabilities.................................................................................................................6

B. Physical Disability.....................................................................................................................7

C. Psychiatric Disabilities and Severe Anxiety.............................................................................7

D. Homelessness and Indigency .....................................................................................................8

E. Synergistic Exclusion ................................................................................................................8

II. SEVENTEEN YEARS OF EXCLUSION IN STATE COURTS ........................................................8

III. COMPREHENSIVE HISTORY: PATTERN OF NON-RESPONSE AND DENIAL OF ACCESS IN FEDERAL COURT.......................................................................................................................................9

A. Pre-Filing Accommodation Requests Ignored ..........................................................................9

OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)

B. Clerk's Office Conduct During Complaint Filing ........................................................................9

C. Post-Filing Accommodation Requests Ignored ........................................................................10

D. The Magistrate Judge's Orders – Denied Without Accessible Service .....................................10

E. Summary of the Federal Court's Pattern .................................................................................12

IV. THE MAY 8, 2026 VIDEOCONFERENCE IS IMPOSSIBLE TO ATTEND .........................................12

V. THE ACCOMMODATIONS REQUESTED AND DENIED ..................................................................13

The eight accommodations are: ..................................................................................................13

VI. THE MAGISTRATE JUDGE'S DENIAL OF ACCOMMODATIONS IS CLEARLY ERRONEOUS AND CONTRARY TO LAW ....................................................................................................................14

A. Legal Standard Under FRCP 72(a) ..........................................................................................14

B. The Applicable Legal Framework for Accommodations ..........................................................14

C. The Magistrate Judge Failed to Engage in the Interactive Process ........................................15

D. The Magistrate Judge Failed to Give Primary Consideration to Plaintiff's Requested Auxiliary Aid ..................15

E. The Magistrate Judge Confirmed Means of Communication That Are Inaccessible ...............16

F. The Denial of Accommodation to Attend the May 8 Conference Is Impossible to Comply With .........................16

G. The Magistrate Judge's Practice Is Out of Step With Emerging National Standards ...............16

VII. THE MAGISTRATE JUDGE'S ORDERS WERE NOT SERVED IN AN ACCESSIBLE FORMAT, VIOLATING DUE PROCESS ..........................................................................................................18

VIII. THE PATTERN DOCUMENTED IS LEGALLY SIGNIFICANT TO THE UNDERLYING COMPLAINT .....18

IX. PLAINTIFF PRESERVES HIS RIGHTS UNDER 28 U.S.C. § 351 .......................................................19

X. STANDARD FOR STAY AND IRREPARABLE HARM ........................................................................19

Plaintiff faces imminent and irreparable harm if relief is not provided: .....................................20

XI. REQUESTED RELIEF ....................................................................................................................21

Plaintiff respectfully requests that the District Judge: .................................................................21

CERTIFICATE OF SERVICE ..................................................................................................................22

**TABLE OF AUTHORITIES**

**Cases**

*Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001)

*Tennessee v. Lane*, 541 U.S. 509 (2004)

Zukle v. Regents of Univ. of Cal., 166 F.3d 1041 (9th Cir. 1999)

**Statutes**

28 U.S.C. § 351 (Judicial Conduct and Disability Act)

28 U.S.C. § 636(b)(1)(A) (Magistrate Judge Authority; District Judge Review)

29 U.S.C. § 794 (Rehabilitation Act of 1973, Section 504)

42 U.S.C. § 12102 (Americans with Disabilities Act – Definition of Disability)

42 U.S.C. § 12132 (Americans with Disabilities Act – Title II Prohibition)

OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)

**Rules**

Fed. R. Civ. P. 4 (Service of Summons)

Fed. R. Civ. P. 72(a) (Objections to Magistrate Judge Orders)

N.D. Cal. Civ. L.R. 72-3(a) (Objections to Magistrate Judge Orders)

**Regulations**

28 C.F.R. § 35.130(b)(7) (Reasonable Modifications Requirement)

28 C.F.R. § 35.160(a) (Effective Communication Mandate)

28 C.F.R. § 35.160(b)(1) (Auxiliary Aids and Services)

28 C.F.R. § 35.160(b)(2) (Primary Consideration to Individual's Choice)

**Administrative and Policy Materials**

Judicial Conference Policy on Individuals with Disabilities, Guide to Judiciary Policy, Vol. 5, Ch. 2, § 255

Advisory Committee on Civil Rules, Agenda Book (April 1, 2025)

Federal Judicial Center, Federal Courts' Electronic Filing by Pro Se Litigants (May 10, 2022)

**EMERGENCY RELIEF REQUESTED**

Plaintiff ALEX YAKOVLEV, pro se, respectfully files these Objections under Federal Rule of Civil Procedure 72(a), requests review by the assigned District Judge for clear error and contrary to law, and provides notice of his preserved rights. In support thereof, Plaintiff states as follows:

**Plaintiff respectfully requests immediate relief as follows:**

1.    Immediate email service of Dockets 8 and 9 as PDF attachments.

2.    Stay of the May 8, 2026 Initial Case Management Conference.

3.    Temporary order requiring email with PDF attachments for all court communications pending resolution of these objections.

4.    Permission to proceed by written submissions in lieu of videoconference appearance.

These requests are necessary because Plaintiff currently cannot access court orders and faces risk of dismissal for failure to appear at a conference he cannot attend.

**PRELIMINARY STATEMENT**

This action was filed on February 3, 2026, to challenge systemic violations of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, procedural due process, and the fundamental right of access to courts. Plaintiff alleges that state courts – including the Superior Court of California, County of San Francisco, and the California Court of Appeal, First Appellate District – have engaged in a seventeen-year pattern of exclusion. This pattern includes entering void judgments without jurisdiction in 2008 and 2009, imposing a vexatious litigant designation that blocks any challenge to those void judgments, providing contradictory information about the status of filings, and refusing to accommodate Plaintiff's documented disabilities, homelessness, and indigency. The state courts used a prefiling order to refuse review of the foundational issues that led to the prefiling order itself, creating an irreversible barrier to justice that has had devastating consequences for Plaintiff. Plaintiff sought relief in federal court because state courts had closed their doors to him.

Since December 28, 2025 – more than one month before this case was even filed – Plaintiff has made repeated requests for reasonable accommodations under the ADA, Section 504 of the Rehabilitation Act, and the Judicial Conference Policy on Individuals with Disabilities. These requests explained Plaintiff's disabilities, his homelessness in San Diego, his inability to receive mail, and his urgent need for email-only communication with PDF attachments. Plaintiff has repeatedly attempted to comply with all court procedures to the extent they are accessible to him.

On March 24, 2026, the Magistrate Judge issued an Order at Docket 8 titled "ORDER (I) Denying Request for PACER Fee Exemption (II) Confirming Means of Communication: regarding [3]; and denying [6] Request." On March 25, 2026, the Magistrate Judge issued an Order at Docket 9 denying Plaintiff's motion for nunc pro tunc relief.

Plaintiff received Notices of Electronic Filing (NEFs) for these orders – not the orders themselves as PDF attachments. The NEFs contain hyperlinks to documents that require PACER

OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)

access and secure download capabilities. Plaintiff cannot access these orders. Plaintiff has temporary, limited access to email through a public library computer in San Diego, but this access does not permit downloading secure PDF documents from PACER due to library computer restrictions, time limits, and lack of storage capability. Plaintiff therefore knows the docket text and general subject matter of Dockets 8 and 9 from the NEF headers, but cannot access the full content, substantive reasoning, or specific directives contained in the orders.

The Magistrate Judge's denial of accommodations – without engaging in any interactive process, without giving primary consideration to Plaintiff's requested auxiliary aid, without providing the orders in an accessible format, and without ever responding substantively to any accommodation request over nearly three months – is clearly erroneous and contrary to law. The federal court's conduct mirrors the state court pattern: ignoring accommodation requests, denying access to the record, and confirming communication methods that Plaintiff has documented he cannot use.

Plaintiff files these Objections under FRCP 72(a) and N.D. Cal. Local Rule 72-3(a) and requests that the District Judge review the Magistrate Judge's Orders for clear error and contrary to law, grant the requested accommodations, and stay the May 8, 2026 Initial Case Management Conference pending resolution of these objections.

**CLARIFICATION REGARDING CURRENT ACCESS**

Plaintiff has temporary, limited access to email through a public library computer in San Diego. This access allows viewing of the Notices of Electronic Filing (NEFs) referenced herein, but does not permit downloading of secure PDF documents from PACER due to library computer restrictions, browser security settings, time limits, and lack of storage capability. Plaintiff therefore knows the docket text and general subject matter of Dockets 8 and 9, but cannot access the full content of those orders. The objections herein are based on (a) the docket text visible in the NEFs, (b) the procedural denial of accessible service, (c) the substantive denial of accommodations reflected in

OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)

the docket entries, and (d) the pattern of exclusion documented herein. Plaintiff reserves the right to supplement these objections upon receipt of PDF copies by email.

## I. PLAINTIFF'S DISABILITIES AND RESULTING BARRIERS

Plaintiff is a qualified individual with disabilities as defined by the Americans with Disabilities Act, 42 U.S.C. § 12102. He has diagnosed cognitive, physical, and psychiatric disabilities that substantially limit major life activities including reading, writing, learning, thinking, concentrating, communicating, and moving.

### A. Cognitive Disabilities

Plaintiff has diagnosed dyslexia and related memory and information processing disorders. These disabilities cause the following specific barriers in accessing court proceedings:

**Difficulty processing complex written language:** Plaintiff struggles to comprehend dense legal text, complex forms, and lengthy procedural rules. He reads slowly, frequently loses his place, and must reread passages multiple times to understand them. Standard Judicial Council forms with dense text and complex formatting are largely inaccessible without accommodation. The cognitive load required to parse these forms exceeds his capabilities, resulting in errors not reflective of the substance of his claims.

**Information recall limitations:** Plaintiff's memory impairments make it difficult to track deadlines, remember filing requirements, and retain information from phone calls or real-time communications. Information presented orally is often lost entirely. Written information must be reviewed multiple times and kept for constant reference.

**Proofreading and formatting challenges:** Plaintiff's dyslexia causes errors in spelling, grammar, and formatting that are not reflective of the substance of his claims. He cannot see many of his own errors. Without pre-rejection notice and opportunity to correct, filings containing minor formatting errors are at risk of rejection.

### B. Physical Disability

Plaintiff has a physical disability that severely limits his mobility. He cannot travel routinely to post offices, courthouses, or other public facilities. On rare occasions and with significant effort, Plaintiff has been able to access a public library computer in San Diego for limited email access. This access is irregular, unpredictable, subject to library computer restrictions that prevent secure PDF downloads, and cannot be relied upon for court deadlines or document access. His physical disability makes regular or consistent travel to any physical location impossible.

### C. Psychiatric Disabilities and Severe Anxiety

Plaintiff suffers from severe anxiety and post-traumatic psychological injuries resulting from seventeen years of experiences within the court system. These experiences, documented in part through the state court records attached as Exhibits A through H to Docket 6, include what Plaintiff alleges were void judgments entered without jurisdiction in 2008 and 2009, a vexatious litigant designation imposed in 2009 that has blocked any challenge to those void judgments, repeated administrative obstruction of attempts to challenge void judgments, contradictory statements from court personnel regarding the status of filings, and the use of a prefiling order to refuse review of the foundational issues that led to the prefiling order itself. These experiences have had devastating consequences for Plaintiff, leaving him homeless, destitute, and unable to access the legal system to vindicate his rights.

This history has resulted in an inability to participate in real-time interactions. Phone calls and video conferences require Plaintiff to process information in real time while managing intense anxiety. His cognitive disabilities already impair real-time processing. Adding anxiety makes participation impossible. He cannot think clearly, often forgets what was said moments earlier, and may experience panic attacks. The prospect of appearing by video before strangers, including Court personnel and Defendants, triggers this response. Plaintiff lives in remote isolation in San Diego. He

OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)

has no person in his life who will allow him to use their technology or assist him with court matters.

**D. Homelessness and Indigency**

Plaintiff's disabilities are compounded by homelessness and complete indigency. Plaintiff has no permanent address in San Diego, no income, no savings, and no assets. He has no reliable access to a computer or internet, no smartphone with sufficient data for video calls, no working telephone with consistent service, no means of transportation, no person who will allow him to use their technology, and no access to public resources such as libraries or community centers except for temporary, limited computer access as described herein. Plaintiff relies exclusively on email through intermittent access to borrowed devices at public facilities in San Diego. He cannot receive or retrieve physical mail at any address.

**E. Synergistic Exclusion**

The combination of cognitive disability, physical disability, severe anxiety, homelessness, and indigency creates a synergistic exclusion that cannot be remedied through ordinary means. His cognitive disabilities prevent effective use of standard procedures. His physical disability prevents regular travel. His anxiety prevents video interaction with strangers. His homelessness prevents mail-based communication. Each barrier reinforces the others.

Plaintiff cannot survive without access to justice. The barriers documented in this filing are not procedural inconveniences – they are the difference between having a case and having nothing. The state courts' refusal to review the 2008-09 void judgments, and their use of the resulting prefiling order to block all subsequent challenges, has had devastating consequences for Plaintiff. The federal court's replication of this pattern – denying accommodations, ignoring requests, and confirming inaccessible communication methods – threatens to effectively bar Plaintiff's access to this Court.

**II. SEVENTEEN YEARS OF EXCLUSION IN STATE COURTS**

Plaintiff has a documented history of exclusion by California state courts spanning seventeen

OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)

years. This history is attached as Exhibits A through H to Docket 6 (incorporated herein by reference). In summary: void judgments were entered without jurisdiction in 2008 and 2009; a vexatious litigant designation imposed in 2009 has blocked any challenge to those void judgments; the state courts refused to review the foundational issues that led to the prefiling order, instead using the prefiling order itself to refuse all subsequent challenges; and repeated accommodation requests have been ignored. In 2025, the California Supreme Court granted judicial notice of records showing one judgment was entered against a defendant that never existed, but denied review. See Dkt. 6, Exhibits A-H. Plaintiff filed this federal action because state courts had closed their doors to him, using procedural mechanisms to avoid addressing the merits of his claims.

### III. COMPREHENSIVE HISTORY: PATTERN OF NON-RESPONSE AND DENIAL OF ACCESS IN FEDERAL COURT

Since December 28, 2025, Plaintiff has documented a pattern of non-response and denial of access by this Court that mirrors the state court conduct he came here to challenge. The following chronology is established in the record at Docket 6, pages 6 through 11.

#### A. Pre-Filing Accommodation Requests Ignored

On December 28, 2025, Plaintiff sent his first urgent ADA accommodation request to the Court's ADA Coordinator at accommodations@cand.uscourts.gov. The request explained that due to Plaintiff's disabilities, email is the only accessible method of communication. Plaintiff received no response.

On January 4, 14, and 16, 2026, Plaintiff sent follow-up requests to both the accommodations and ecfhelpdesk addresses. He received no responses.

Plaintiff began requesting accommodations more than one month before filing his complaint. The Court ignored every request.

#### B. Clerk's Office Conduct During Complaint Filing

OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)

On January 17, 2026, Plaintiff's complaint package was delivered to the court. On January 22, 2026, the Clerk's Office admitted possession and provided curative instructions. Subsequently, the Clerk claimed the file had been returned on January 20 or 21 – two different dates, contradicting the earlier admission. The Clerk provided no explanation.

On January 30, 2026, Plaintiff filed a detailed Motion for Nunc Pro Tunc Filing and Relief from Clerk's Wrongful Rejection, documenting the contradictions and raising the failure to honor his ADA accommodation. He received no response. Plaintiff's complaint was only accepted after he emailed the Presiding Judge directly.

**C. Post-Filing Accommodation Requests Ignored**

On February 3, 2026, Plaintiff filed his formal Request for Reasonable Accommodations Under the ADA [Dkt. 3]. The Court did not rule on this request for over seven weeks.

On February 17, 2026, Stephen Ybarra, Courtroom Deputy to Magistrate Judge Tse, responded from AGTCRD@cand.uscourts.gov with a courtesy copy of the docket and a referral to the Legal Help Center. This response did not grant any accommodation, did not rule on Docket 3, and did not engage in any interactive process.

On March 1, 2026, Plaintiff emailed the Legal Help Center as directed. On March 19, 2026, they responded that they cannot receive mail and referred Plaintiff to the Homeless Advocacy Project. Plaintiff emailed the Homeless Advocacy Project the same day. As of this filing, the Homeless Advocacy Project has not responded.

On March 19, 2026, Plaintiff filed his Renewed Request for Reasonable Accommodations [Dkt. 6] detailing his disabilities, his exhaustive efforts, and the eight specific accommodations he requires.

**D. The Magistrate Judge's Orders – Denied Without Accessible Service**

On March 24, 2026, the Magistrate Judge issued an Order at Docket 8 titled "ORDER (I)

OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)

Denying Request for PACER Fee Exemption (II) Confirming Means of Communication: regarding [3]; and denying [6] Request."

On March 25, 2026, the Magistrate Judge issued an Order at Docket 9 denying Plaintiff's motion for nunc pro tunc relief.

Plaintiff received Notices of Electronic Filing (NEFs) for these orders – not the orders themselves as PDF attachments. The NEF headers state "There is no charge for viewing opinions." However, Plaintiff cannot access these orders for the following independent reasons:

1. **Plaintiff lacks reliable technology:** He has no computer, no consistent internet access, and relies on intermittent access to borrowed devices at public facilities in San Diego. The NEF links require clicking on a functioning device with a compatible browser and the ability to download secure PDFs from PACER. Plaintiff cannot guarantee device access on any particular day, and public library computers restrict secure downloads.

2. **Plaintiff's cognitive disabilities make navigating the PACER system impossible even when a device is available:** He cannot troubleshoot browser incompatibilities, remember login credentials, or consistently access documents. If a click fails due to technical issues that click counts as the free view, locking him out permanently. Even with a theoretical free link, Plaintiff cannot guarantee access within any timeframe given his lack of reliable technology, cognitive barriers to website navigation, and temporary nature of public computer access.

3. **Even if the orders are technically free, the Court has never emailed them as PDF attachments:** This is the very accommodation Plaintiff requested in Docket 3 and Docket 6. For a person with no reliable technology, cognitive barriers to website navigation, temporary and restricted public computer access, and no ability to guarantee device access, a theoretical free link is not meaningful access.

OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)

**The result:** The Magistrate Judge denied Plaintiff's accommodation requests and issued orders confirming means of communication, but Plaintiff cannot access those orders. He does not know the full basis for the denials. He cannot comply with any directives they contain. He is effectively locked out of his own case.

### E. Summary of the Federal Court's Pattern

In total, Plaintiff has sent at least fifteen separate communications requesting accommodations since December 28, 2025. These were sent to the ADA Coordinator, the ECF Help Desk, Judge Tse's chambers, the Clerk's Office, the Legal Help Center, and the Homeless Advocacy Project. Plaintiff has repeatedly attempted to comply with all court procedures to the extent they are accessible to him.

**The Magistrate Judge:**

• Denied Plaintiff's accommodation requests at Docket 8 without providing the order in an accessible format.

• Denied Plaintiff's nunc pro tunc motion at Docket 9 without addressing the accommodation issues raised therein.

• Confirmed means of communication that Plaintiff has repeatedly documented he cannot use.

• Never engaged in any interactive process.

• Never provided any accommodation beyond the IFP grant at Docket 7, which does not address communication barriers.

This pattern mirrors the state court conduct: procedural obstruction, denial of access to the record, and use of procedural mechanisms to avoid addressing the merits.

### IV. THE MAY 8, 2026 VIDEOCONFERENCE IS IMPOSSIBLE TO ATTEND

The Court's Initial Case Management Scheduling Order at Docket 5 sets an Initial Case

-12-

Management Conference for May 8, 2026 at 2:00 PM, to be held by videoconference only. Plaintiff cannot attend this conference for three independent reasons.

1.    **Plaintiff lacks the necessary technology:** He has no computer, no consistent internet access, no working telephone, and no person who will allow him to use their technology. His temporary public library access does not permit video conferencing.

2.    **Plaintiff suffers from severe anxiety:** It developed over seventeen years of traumatic experiences with court systems. Video contact with strangers triggers severe anxiety symptoms that prevent coherent participation.

3.    **Plaintiff does not know whether his request to appear by written submission has been granted:** The Magistrate Judge denied his accommodation requests at Docket 8 – an order Plaintiff cannot fully access.

Plaintiff requested in Docket 6 that the conference be conducted through written submissions only. The Magistrate Judge denied this request at Docket 8. If Plaintiff fails to appear, he risks sanctions, dismissal, or other adverse consequences – all due to disabilities the Court has been aware of since February 3, 2026.

## V. THE ACCOMMODATIONS REQUESTED AND DENIED

Plaintiff's Renewed Request for Reasonable Accommodations at Docket 6 sought eight specific accommodations. The Magistrate Judge denied these requests at Docket 8. Because Plaintiff cannot fully access that order, he does not know whether any accommodations were granted in part or modified.

**The eight accommodations are:**

1.    Address correction to reflect homelessness and email-only communication.

2.    Email communication with PDF attachments of all court communications.

3.    Excusal from the May 8, 2026 conference, with written submission instead.

OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)

**4.**    PACER fee exemption or PDF copies of all filings by email.

**5.**    Narrative filings in lieu of fillable PDF forms.

**6.**    Presumptive extensions of thirty days to respond.

**7.**    Pre-rejection notice and opportunity to cure formatting errors.

**8.**    Written communication only (no phone calls, video conferences, or in-person appearances).

### VI. THE MAGISTRATE JUDGE'S DENIAL OF ACCOMMODATIONS IS CLEARLY ERRONEOUS AND CONTRARY TO LAW
#### A. Legal Standard Under FRCP 72(a)

Under Federal Rule of Civil Procedure 72(a), a district judge must modify or set aside any portion of a magistrate judge's order on a nondispositive matter that is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). Under N.D. Cal. Local Rule 72-3(a), objections to magistrate judge orders on nondispositive matters must be filed within 14 days of service. Plaintiff received the Notice of Electronic Filing for Docket 8 on March 24, 2026, and for Docket 9 on March 25, 2026, rendering this filing timely. The denial of accommodation requests is a nondispositive matter. Because the Magistrate Judge's denial violates mandatory legal standards as set forth herein, it is both clearly erroneous and contrary to law.

#### B. The Applicable Legal Framework for Accommodations

Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, provides that no qualified individual with a disability shall be excluded from participation in or denied the benefits of any program or activity receiving Federal financial assistance or conducted by any Executive agency. While the federal judiciary is not strictly an Executive agency, the Judicial Conference of the United States has adopted a policy requiring federal courts to provide reasonable accommodations to individuals with disabilities. This policy incorporates the substantive standards of both Title II of the ADA and Section 504 of the Rehabilitation Act, including the requirements for reasonable

modifications, effective communication, and the interactive process.

The ADA's implementing regulations require public entities to make reasonable modifications in policies, practices, or procedures when necessary to avoid discrimination on the basis of disability. 28 C.F.R. § 35.130(b)(7). Public entities must ensure that communications with individuals with disabilities are as effective as communications with others. 28 C.F.R. § 35.160(a). They must furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate. 28 C.F.R. § 35.160(b)(1). Moreover, 28 C.F.R. § 35.160(b)(2) requires that the entity give "primary consideration" to the individual's choice of auxiliary aid.

### C. The Magistrate Judge Failed to Engage in the Interactive Process

The Ninth Circuit has held that a public entity's failure to engage in the interactive process, combined with actual knowledge of a disability, may constitute deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001). Courts have held that the reasonable modification obligation requires an interactive process. *See Duvall*, 260 F.3d at 1138-39; *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1049 (9th Cir. 1999).

Here, the Magistrate Judge had actual knowledge of Plaintiff's disabilities and need for accommodations since at least February 3, 2026, when Docket 3 was filed. Despite this knowledge, the Magistrate Judge denied Plaintiff's accommodation requests without ever engaging in any interactive process. The Court never requested additional information, never offered alternatives, and never held a conference. This failure is clearly erroneous and contrary to law.

### D. The Magistrate Judge Failed to Give Primary Consideration to Plaintiff's Requested Auxiliary Aid

Under 28 C.F.R. § 35.160(b)(2), a public entity must give "primary consideration" to the individual's choice of auxiliary aid. Plaintiff repeatedly requested that all court communications be

OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)

emailed directly to him as PDF attachments. This is the only method that can provide meaningful access given his disabilities, homelessness, and lack of technology.

The Magistrate Judge denied this request without explanation. The failure to give primary consideration to Plaintiff's requested auxiliary aid is contrary to law.

### E. The Magistrate Judge Confirmed Means of Communication That Are Inaccessible

The effective communication mandate requires that individuals with disabilities receive information in formats they can access. 28 C.F.R. § 35.160(a)-(b)(1). For a person who is homeless, indigent, lacks technology, has cognitive disabilities, and has only temporary restricted public computer access, a hyperlink to a document that requires navigating a complex website and accessing a secure download is not effective communication.

The Magistrate Judge's Order at Docket 8 purports to confirm means of communication with Plaintiff. However, the Court has not provided Plaintiff with the orders themselves in an accessible format. Plaintiff cannot fully access Docket 8 or Docket 9. Physical mail is equally inaccessible – Plaintiff's physical disability prevents travel to any mail retrieval location, as documented in Dkt. 6 at 11-12. Confirming inaccessible means of communication does not satisfy the effective communication mandate.

### F. The Denial of Accommodation to Attend the May 8 Conference Is Impossible to Comply With

Plaintiff requested that the May 8, 2026 conference be conducted through written submissions. The Magistrate Judge denied this request. Plaintiff cannot attend the conference due to lack of technology and severe anxiety. The denial of an accommodation to attend a mandatory conference, without any interactive process or alternative offered, is clearly erroneous and contrary to law.

### G. The Magistrate Judge's Practice Is Out of Step With Emerging National Standards

OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)

The Advisory Committee on Civil Rules is actively considering amendments to address exactly the situation Plaintiff faces. The Committee's April 1, 2025 Agenda Book contains a detailed memorandum from Professor Catherine T. Struve outlining proposed changes to Federal Rule of Civil Procedure 5 currently under study. The proposal states that "a local rule or general court order that bars [self-represented litigants] from using the court's electronic-filing system must include reasonable exceptions or must permit the use of another electronic method for filing documents and receiving electronic notice of activity in the case." *Advisory Committee on Civil Rules, Agenda Book (April 1, 2025) at 165*.

The Joint Standing Committee Meeting Minutes from January 7, 2025, further explain that the proposal "would increase access for self-represented litigants by flipping the presumption: allowing self-represented litigants access unless the court acts to prohibit access" and "would also require a court to provide a reasonable alternative if the court acts in a general way to prohibit self-represented litigants from accessing the court's electronic-filing system." *Id*. at 16-18.

The proposed amendment to Rule 5(d)(2)(B) would codify this standard: "If a local rule or any other local court provision that extends beyond a particular litigant or case – prohibits self-represented persons from using the court's electronic-filing system, the provision must include reasonable exceptions or must permit the use of another electronic method for filing [papers] and for receiving electronic notice [of activity in the case]." *Id*. at 172-73 (proposed Rule 5(d)(2)(B)(ii)).

While these proposed amendments have not yet been adopted, they reflect the considered judgment of the federal judiciary's own rules-making body that current practices often fail to provide meaningful access for self-represented litigants and that reasonable alternatives – such as email with PDF attachments – should be required when courts prohibit full CM/ECF access.

Federal Judicial Center research has similarly identified that "pro se litigants are sometimes

OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)

able to file electronically using the federal courts' Case Management/Electronic Case Files (CM/ECF) system, but many courts are hesitant to allow pro se filing in CM/ECF." *Federal Judicial Center, Federal Courts' Electronic Filing by Pro Se Litigants (May 10, 2022).*

The Magistrate Judge's practice of NEF-only service for a pro se litigant without full CM/ECF access – and without providing PDF attachments by email as requested – is out of step with these emerging national standards. The very issues the Advisory Committee and FJC are working to address – varying court approaches, lack of accessible alternatives, and the need for clarification of electronic filing methods – are the same barriers Plaintiff faces in this case.

## VII. THE MAGISTRATE JUDGE'S ORDERS WERE NOT SERVED IN AN ACCESSIBLE FORMAT, VIOLATING DUE PROCESS

Plaintiff received Notices of Electronic Filing for Docket 8 and Docket 9 – not the orders themselves as PDF attachments. The Court has not provided the orders as PDF attachments by email, despite Plaintiff's repeated requests for this accommodation.

A party cannot comply with an order they cannot fully access. The failure to provide orders in an accessible format violates due process and the effective communication mandate. Plaintiff knows the general subject matter of the orders from the NEF docket text, but does not know the full substantive reasoning, specific directives, or whether any partial accommodations were granted. He is effectively excluded from participating in his own case.

Service that is not accessible is not service. An order a party cannot access cannot trigger obligations or deadlines consistent with due process. An order that is not accessible to a disabled litigant is functionally no order at all.

## VIII. THE PATTERN DOCUMENTED IS LEGALLY SIGNIFICANT TO THE UNDERLYING COMPLAINT

The conduct documented in this filing is legally significant beyond the immediate need for accommodations. Plaintiff filed this action to challenge systemic exclusion of disabled, homeless

OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)

litigants from access to state courts. The federal court's conduct since filing – ignored accommodation requests, inaccessible orders, an impossible videoconference, and no interactive process – mirrors the state court pattern of procedural obstruction and mirrors the exclusion alleged in the complaint.

The state courts used a prefiling order to refuse review of the 2008-09 void judgments, leaving Plaintiff homeless and destitute. The federal court's replication of this pattern – denying accommodations, ignoring requests, and confirming inaccessible communication methods – threatens to effectively bar Plaintiff's access to this Court and deny Plaintiff his last avenue for justice. This Court's conduct does not occur in a vacuum. It is part of the record in this case and demonstrates the systemic nature of the barriers Plaintiff seeks to challenge.

## IX. PLAINTIFF PRESERVES HIS RIGHTS UNDER 28 U.S.C. § 351

Plaintiff respectfully preserves his right to seek relief under the Judicial Conduct and Disability Act, 28 U.S.C. §§ 351-364, if necessary. This notice is provided not as a threat but as a statement of Plaintiff's legal rights and the remedies available to him under federal law.

## X. STANDARD FOR STAY AND IRREPARABLE HARM

A stay is appropriate where the movant shows: (1) likelihood of success on the merits; (2) irreparable harm; (3) balance of equities; and (4) public interest.

**Likelihood of Success on the Merits:** Plaintiff is likely to succeed because the Magistrate Judge's denial of accommodations was made without any interactive process, without giving primary consideration to Plaintiff's requested auxiliary aid, and without providing the orders in an accessible format – all in violation of 28 C.F.R. §§ 35.130(b)(7), 35.160, the Judicial Conference Policy, and Ninth Circuit authority including *Duvall v. County of Kitsap*.

**Irreparable Harm:** Plaintiff faces dismissal of his case for non-appearance at the May 8 conference – a conference he cannot attend due to lack of technology and severe anxiety. Once a case

OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)

is dismissed, the opportunity to be heard on the merits is lost forever.

**Balance of Equities:** The requested relief imposes minimal burden on the Court – emailing PDF attachments and continuing a single conference – while the harm to Plaintiff if relief is denied is complete exclusion from the judicial process.

**Public Interest:** The public interest strongly favors protecting the fundamental right of access to courts for disabled, homeless, and indigent litigants.

**Plaintiff faces imminent and irreparable harm if relief is not provided:**

1.      **The May 8, 2026 Initial Case Management Conference is approximately six weeks away:** Plaintiff cannot attend. If he fails to appear, he risks sanctions, dismissal, or other adverse consequences.

2.      **Plaintiff cannot fully access Docket 8 or Docket 9:** He does not know the complete basis for the denials. He is effectively locked out of his own case while deadlines run.

3.      **Once Defendants are served, they will file motions and responses:** Plaintiff cannot access those filings without an accommodation.

4.      **Plaintiff cannot comply with deadlines he cannot see:** His cognitive disabilities already make tracking deadlines difficult; without access to orders, compliance is impossible.

The fundamental right of access to courts requires that Plaintiff be able to participate in his own case. *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). The Magistrate Judge's denial of accommodations, combined with the failure to provide accessible orders, effectively denies Plaintiff that right – the very right he came to federal court to vindicate.

Plaintiff cannot survive without access to justice. The barriers documented in this filing are not procedural inconveniences – they are the difference between having a case and having nothing. The state courts' refusal to review the 2008-09 void judgments has had devastating consequences for Plaintiff. The federal court's threatened replication of that exclusion threatens to effectively bar

OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)

Plaintiff's access to this Court and complete the exclusion.

**XI. REQUESTED RELIEF**
**Plaintiff respectfully requests that the District Judge:**

**1.** Modify or set aside any portion of the Magistrate Judge's Order at Docket 8 that is clearly erroneous or contrary to law under Federal Rule of Civil Procedure 72(a).

**2.** Note for the record that the Magistrate Judge's Order at Docket 9 denied Plaintiff's nunc pro tunc motion without addressing the accommodation issues raised therein, and preserve Plaintiff's right to seek further relief regarding those issues.

**3.** **Grant the following accommodations:**

**a.** Email communication with PDF attachments of all court communications, including orders, notices, minute entries, and filings by other parties;

**b.** Excusal from the May 8, 2026 Initial Case Management Conference, with the conference to proceed by written submission, or in the alternative a continuance pending resolution of these objections;

**c.** Narrative filings in lieu of fillable PDF forms;

**d.** Presumptive extensions of thirty days to respond to court orders and filings;

**e.** Pre-rejection notice and opportunity to cure formatting errors;

**f.** Written communication only, with no phone calls, video conferences, or in-person appearances;

**g.** Address correction reflecting homelessness and email-only communication;

**h.** PACER fee exemption or, in the alternative, PDF copies of all filings by email.

**4.** Direct the Clerk to email Plaintiff PDF copies of Docket 8 and Docket 9 at alexjacobsky@gmail.com immediately, as Plaintiff cannot fully access these orders through PACER and has not received them in an accessible format.

OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)

5.      Stay the May 8, 2026 Initial Case Management Conference until Plaintiff has received accessible service of Docket 8 and Docket 9 and until the District Judge has ruled on these objections, to prevent prejudice from an impossible appearance requirement.

6.      In the alternative, at minimum: (a) immediate email service of all orders in PDF form; and (b) a continuance of the May 8, 2026 conference.

7.      Note for the record that Plaintiff expressly preserves all rights arising from the pattern documented herein, including the right to file a judicial misconduct complaint under 28 U.S.C. § 351 and the right to raise this Court's conduct on appeal.

8.      Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: March 26, 2026

/s/ Alex Yakovlev
Alex Yakovlev, Pro Se

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that on March 26, 2026, I electronically filed the foregoing Objections and Request for Relief with the Clerk of the Court using the CM/ECF system. This motion is not being served on defendants at this time, as defendants have not yet appeared and service of the summons and complaint is being executed by the U.S. Marshals Service. Service of the summons and complaint on defendants is being effected pursuant to FRCP 4(c)(3) and FRCP 4(j).

Executed on March 26, 2026, at San Diego, California.

/s/ Alex Yakovlev
Alex Yakovlev, Pro Se

OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)