OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300



quadient
FIRST-CLASS MAIL
IMI
$002.44 ⁰
02/06/2026 ZIP 941
043...1266120

NIXIE     910  5E 18CU     7203/27/26

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 94102348999     2347N086144-00202

FILED

MAR 30 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA



SAN DIEGO CA 92110
FEB - 9 2026
MIDWAY

Alex Yakovlev
General Delivery (Homeless)
San Diego, CA 92110-9999

Alex Yakovlev, *Pro Se*
General Delivery (Homeless)
San Diego, CA 92110-9999
Email: alexjacobsky@gmail.com
NOTICE: All communications must be via email
Plaintiff is homeless; mail to General Delivery address is unreliable

FILED

FEB 05 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV26 - 1132

| | |
|---|---|
| ALEX YAKOVLEV, | ) Case No.: |
| | ) |
| Plaintiff, | ) COMPLAINT FOR **AGT** |
| | ) STRUCTURAL |
| v. | ) DECLARATORY AND |
| | ) INJUNCTIVE RELIEF |
| THE SUPERIOR COURT OF THE STATE OF | ) (Challenging Systemic Denial |
| CALIFORNIA, COUNTY OF SAN FRANCISCO, | ) of Access to Courts, Pattern of |
| an entity (for ADA claims only); | ) Administrative Misconduct, |
| | ) and Violations of the ADA) |
| THE COURT OF APPEAL OF THE STATE OF | ) |
| CALIFORNIA, FIRST APPELLATE DISTRICT, an | ) |
| entity (for ADA claims only), | ) |
| | ) |
| HON. ROCHELLE C. EAST, Presiding Judge of the | ) |
| Superior Court of the State of California, County of | ) |
| San Francisco, in her official capacity; | ) |
| | ) |
| BRANDON E. RILEY, Court Executive Officer of | ) |
| the Superior Court of the State of California, County | ) |
| of San Francisco, in his official capacity, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PRELIMINARY STATEMENT: STRUCTURAL EXCLUSION AND THE ARCHITECTURE OF DENIAL

1. This civil action is brought to address a seventeen-year pattern of systemic, administrative exclusion from judicial processes that has been enforced within the Superior Court of California, County of San Francisco, and that continues

ORIGINAL FILED

FEB 0 5 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX YAKOVLEV,<br><br>Plaintiff,<br><br>v.<br><br>THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO ET AL,<br><br>Defendant. | Case No. 26-cv-01132-AGT<br><br>**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES** |

This action is assigned to the Honorable Alex G. Tse.

**Service of documents.** When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and the supplementary material specified in Civil Local Rule 4-2.

**Magistrate Judge Jurisdiction.** This case has been randomly assigned to a magistrate judge, who, with written consent of all parties, may conduct all proceedings in a case, including all pretrial and trial proceedings, entry of judgment and post-trial motions, with appeal directly to the United States Court of Appeals for the Ninth Circuit. See "Consenting to the Jurisdiction of a Magistrate Judge" on the Court's webpage at www.cand.uscourts.gov for more information.

Plaintiff or the removing party must complete and file the attached form "Consent or Declination to Magistrate Judge Jurisdiction" (also available at www.cand.uscourts.gov/forms) within 14 days of case initiation, and all other parties must do so within 14 days of appearing in the case, or as otherwise ordered by the Clerk or magistrate judge.

**Availability of Alternative Dispute Resolution.** This action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court's ADR webpage at www.cand.uscourts.gov/adr.

**Important case management dates.** Counsel must comply with the dates listed below unless the judge otherwise orders.

| Case Management Event | Deadline |
|---|---|
| File Certification of Conflicts and Interested Entities or Persons. (See Civil L.R. 3-15) | Upon first appearance (supplement as necessary) |
| Deadline to file ADR Certification. (See ADR L.R. 3) | 4/17/2026 |
| Deadline to meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan. (See F.R. Civ. P. 26(f)) | 4/17/2026 |
| Deadline to make initial disclosures. (See F.R. Civ. P. 26(a)(1)) | 5/1/2026 |
| Deadline to file Joint Case Management Statement. (See Standing Order for All Judges of the Northern District of California) | 5/1/2026 |
| Initial Case Management Conference location: **To be held by Zoom. Go to cand.uscourts.gov/agt for Zoom link.** | 5/8/2026 at 2:00 PM |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX YAKOVLEV,<br><br>             Plaintiff,<br><br>v.<br><br>THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO ET AL,<br><br>             Defendant. | Case No. 26-cv-01132-AGT<br><br>**CONSENT OR DECLINATION TO MAGISTRATE JUDGE JURISDICTION** |

**INSTRUCTIONS:** Please indicate below by checking **one** of the two boxes whether you (if you are the party) or the party you represent (if you are an attorney in the case) choose(s) to consent or decline to magistrate judge jurisdiction in this matter. Sign this form below your selection.

## ☐ CONSENT to Magistrate Judge Jurisdiction

In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. I understand that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

## OR

## ☐ DECLINE Magistrate Judge Jurisdiction

In accordance with the provisions of 28 U.S.C. § 636(c), I **decline** to have a United States magistrate judge conduct all further proceedings in this case and I hereby request that this case be reassigned to a United States district judge.

DATE: _____     NAME: _____

_____
*Signature or "/s/"*

COUNSEL FOR
(OR "PRO SE"): _____

## STANDING ORDER FOR ALL JUDGES
## OF THE NORTHERN DISTRICT OF CALIFORNIA
## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case and discuss how resolution of these issues may be expedited.

15. <u>Expedited Trial Procedure</u>: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

16. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

17. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

18. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

19. <u>Professional Conduct</u>: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

CIVIL STANDING ORDER FOR
MAGISTRATE JUDGE ALEX G. TSE

I.    CONFORMITY WITH RULES

Parties must follow the Federal Rules of Civil Procedure and the Northern District of
California's local rules and general orders, except as superseded by this standing order.
Failure to comply with these rules and orders may be grounds for monetary sanctions,
dismissal, entry of judgment, or other appropriate sanctions. Parties are also encouraged
to comply with the Northern District of California's guidelines for professional conduct.[1]

II.    HEARINGS

A.    Dates and Times

Motions are heard on Fridays at 10:00 a.m. If more than one motion is set for a given
Friday, the Court may—but will not always—assign separate times for each motion (e.g.,
motion one will be heard at 10:00 a.m., motion two will be heard at 10:30 a.m.). These
assignments sometimes will not be made until the day before the hearings, so parties
should check ECF or the Court's calendar to determine if separate times have been
assigned. Unless a motion is specially set, the Court will not schedule a hearing before
10:00 a.m. The parties may not specially set any matter without leave of the Court.

During the months when Judge Tse is on criminal duty, the Court may move motion
hearings to Friday afternoons.

Case management and pretrial conferences are heard on Fridays at 2:00 p.m.

B.    Location

Usually, motion hearings and pretrial conferences will be held in Judge Tse's courtroom,
while case management conferences will be held remotely on Zoom. Parties should check
ECF or the Court's calendar to confirm the location of any particular hearing.

When a Zoom proceeding is scheduled, the Zoom link will be posted on the ECF docket.
The link is also available at https://www.cand.uscourts.gov/judges/tse-alex-g-agt/.

---

[1] *See* www.cand.uscourts.gov/forms/guidelines-for-professional-conduct/

1

(last updated August 16, 2024)

C.    Scheduling

Parties should notice motions pursuant to the local rules. Noticed dates may be reset as the Court's calendar requires or vacated when oral argument isn't needed. For scheduling questions, please contact Judge Tse's Courtroom Deputy, Stephen Ybarra, at (415) 522-3694 or agtcrd@cand.uscourts.gov.

D.    Opportunities for Junior Lawyers

The Court welcomes and encourages oral argument by less-experienced attorneys.

E.    Transcripts

All hearings, case management, status and pretrial conferences are audio recorded; court reporters are usually not provided. Parties may request a copy of the audio recording (on CD), or a transcription of the audio recording, or the court reporter's transcript if applicable, by following the procedures set out at www.cand.uscourts.gov/transcripts.

III.    CONSENT CASES

In civil cases that are randomly assigned to Judge Tse for all purposes, the parties should file their written consent to the assignment of a United States Magistrate Judge for all purposes, or their written declination of consent, as soon as possible. If a party files a dispositive motion (such as a motion to dismiss or a motion to remand), the moving party must file the consent or declination simultaneously with the motion. The consent/declination form is available at www.cand.uscourts.gov/civilforms.

In no event shall the consent or declination be filed later than the deadlines specified in Civil Local Rule 73-1.

IV.    COURTESY COPIES

Paper courtesy copies should not be submitted unless the Court requests them.

V.    PROPOSED ORDERS

Any stipulation or proposed order in a case subject to e-filing should, in addition to being e-filed, be submitted by email to agtpo@cand.uscourts.gov as a Word document on the same day the document is e-filed. This email address should be used only for this stated purpose unless otherwise directed by the Court.

2

(last updated August 16, 2024)

VI.    CIVIL CASE MANAGEMENT

A.    Case Management Statements

Prior to an initial or further case management conference, counsel must meet and confer and then, no later than seven days before the conference, file a joint statement, or file separate statements if permitted by Civil Local Rule 16-9. For all initial case management conferences, the joint statement must comply with the Standing Order for All Judges of the Northern District of California, available here. For further case management conferences, the joint statement need only address matters that the parties wish to discuss and matters that have changed since the last conference.

B.    Amended Pleadings

Any party who files an amended pleading must concurrently file a redlined version comparing the amended pleading to the prior operative pleading.

C.    Documents filed on ECF

When exhibits are included with a motion, opposition brief, or reply brief, the exhibits should be filed separately on ECF. For example, if a motion is Docket No. 30, and a declaration with 10 exhibits is Docket No. 31, Exhibit A should be filed as Docket No. 31-1, Exhibit B should be filed as Docket No. 31-2, and so on. All exhibits should be filed in a searchable OCR format when possible.

D.    Motions to File Under Seal

Parties are reminded that court proceedings are presumptively public. Any request to file a document under seal must comply with Civil Local Rule 79-5.

VII.    CIVIL DISCOVERY

A.    Evidence Preservation

Parties must take the steps needed to preserve information relevant to the issues in the litigation, including suspending document-destruction programs that, if not suspended, could result in evidence spoliation.

B.    Discovery Disputes

Discovery disputes referred from a district judge and those that occur in cases assigned to Judge Tse for all purposes, through consent of the parties, shall proceed as follows:

Upon the development of an impasse, the parties must first meet and confer. Counsel for each party must meet and confer in person or by videoconference. A mere exchange of letters, e-mails, or telephone calls does not satisfy the meet and confer requirement.

(last updated August 16, 2024)

If the parties are unable to resolve their dispute informally after a good-faith effort, including meet and confer efforts conducted by lead counsel, the parties shall prepare a joint statement of not more than five pages (12-point or greater font) stating the following:

1.   an attestation that counsel for the parties met and conferred in person or by videoconference in good faith to resolve their dispute before filing the joint statement;

2.   each party's position, including pertinent factual background, requested relief, and citations to relevant legal authority; and

3.   each party's final proposed compromise.

Relevant declarations and exhibits may be attached to the joint statement. If specific discovery requests, i.e., interrogatories, requests for production of documents, requests for admission, are in dispute, the parties must attach the following to their joint statement: a copy of the disputed requests, a copy of the disputed responses, and a copy of the definitions of any defined terms used in the disputed requests.

A joint statement should address only one issue or a few issues that are inextricably related. Multiple joint statements should be filed if there are discrete issues in dispute.

Joint statements must be e-filed (unless the case is exempt from e-filing requirements) under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief."

Upon review of a joint statement, the Court will advise the parties of how it intends to proceed. The Court may issue a ruling, schedule a hearing, or order more briefing. The Court may also order the parties to come to the courthouse to meet and confer in good faith.

C.    Protective Orders

If parties believe a protective order is necessary, they must when practicable use one of the model protective orders, available at www.cand.uscourts.gov/forms/model-protective-orders.

When parties ask the Court to approve a stipulated protective order, they must file with the proposed order either (i) a statement in which they confirm that the proposed protective order doesn't differ in any respect from the model order, or (ii) a redline comparing the proposed protective order with the model order, along with an explanation of any changes.

The Court endeavors to use the model orders and discourages making edits to them for purely stylistic reasons, even if all parties agree.

4

(last updated August 16, 2024)

D.    Privilege Logs

Privilege logs must be promptly provided and sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civ. P. 26(b)(5).

Privilege logs must contain the following:
- the title and description of the document, including the number of pages or Bates-number range;
- the subject matter addressed in the document;
- the identity and position of its author;
- the identity and position of all addressees and recipients;
- the date the document was prepared and, if different, the date on which it was sent to or shared with persons other than its author; and
- the basis for the claim that the document is privileged or protected.

Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

E.    Document Responses

To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

F.    Depositions

Depositions of fact witnesses must be noticed at least 30 days before the close of fact discovery.

Counsel must consult in advance with opposing counsel to schedule depositions at a mutually convenient time and location. Counsel and parties must comply with Fed. R. Civ. P. 30(d)(1). Speaking objections are prohibited. When privilege is claimed, the witness must answer questions relevant to the existence, extent, or waiver of the privilege unless such information is itself privileged.

In true emergencies, any party may, after exhausting good-faith attempts to resolve disputed issues, seek judicial intervention under Civil Local Rule 37-1(b) by contacting Judge Tse through his courtroom deputy. Before calling, the parties must first send a short email describing the nature of the dispute to agtcrd@cand.uscourts.gov. If the judge is unavailable, the deposition shall proceed with objections noted for the record.

(last updated August 16, 2024)

## VIII.    UNREPRESENTED (PRO SE) PARTIES

Parties representing themselves should visit the link titled "If You Don't Have a lawyer..." on the Court's homepage, www.cand.uscourts.gov. The link connects to a page that discusses the Court's Legal Help Centers, which provide free assistance for unrepresented parties. Pro se civil litigants can request a Legal Help Center appointment by emailing fedpro@sfbar.org or by calling (415) 782-8982.

IT IS SO ORDERED.

ALEX G. TSE
United States Magistrate Judge

6

(last updated August 16, 2024)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Alex Yakovlev,

        Plaintiff,

    v.

The Superior Court of the State of
California, County of San Francisco et al,

        Defendant.

Case No.  26-cv-01132-AGT

**NOTICE OF A LAWSUIT AND
REQUEST TO WAIVE SERVICE
OF A SUMMONS**

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Enclosed is a self-addressed, stamped envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service. **Please read about the duty to avoid unnecessary expenses at the foot of the waiver form.**

I certify that this request is being sent to you on the date below.

DATE: _____     NAME: _____

                                              _____
                                                  *Signature*

COUNSEL FOR
(OR "PRO SE"): _____

CAND – *AO_398* rev. 3-2024

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT OF CASE
TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL**

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to a Magistrate Judge.

With written consent of all parties, a magistrate judge may conduct all proceedings in a case, including all pretrial and trial proceedings, entry of judgment and post-trial motions; appeal will be directly to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 636(c)

You have been provided with a form to indicate whether you consent to proceed before the assigned magistrate judge or decline to proceed before the assigned magistrate judge. You are free to withhold consent without adverse consequences. If you decline, the case will be reassigned to a district judge.

If you are the plaintiff or removing party in this case, you must file your consent/declination form within 14 days of receipt of this notice. Each other party must file its consent/declination form within 14 days of appearing in the case.

The plaintiff or removing party must serve a copy of this notice upon all other parties to this action.

FOR THE COURT

Mark B. Busby

Clerk, United States District Court

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

**Office hours: 9:00 A.M. TO 4:00 P.M.**
**415.522.2000 | cand.uscourts.gov**

The instructions and information on this handout apply to cases and filings that are not included in the Northern District's electronic filing program. For information about e-filing, visit cand.uscourts.gov/cm-ecf.

In addition to the local rules, these instructions are designed to ensure that the filing process is accomplished with ease and accuracy. For additional information or assistance, please call the above number during office hours.

## FILING INFORMATION

1. This office will retain the original plus one copy of most documents submitted. We will file-stamp as many copies as you bring for your use. Related cases require an extra copy for **each** related action.

2. Each original document should be submitted on top of its copies. In other words, group like documents together (as opposed to a set of originals and separate sets of copies).

3. The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** in the number. Miscellaneous and foreign judgment matters should be denoted with the initials **MISC** at the end of the case number.

4. The document caption should include the assigned judge or magistrate judge in the matter or before whom an appearance is being made. This is especially important when submitting Settlement Conference Statements.

5. A proof of service should be attached to the back of each document. If submitted separately, a pleading page to the front of the document showing case number and case caption.

6. Drop boxes for filing when the Clerk's Office is closed are available. Please visit our website for further details: cand.uscourts.gov/dropbox.

7. After payment of the initial filing fee (or submission of an in forma pauperis request), there are no further fees to be paid in connection with filing additional documents in a case.

## ADDITIONAL INFORMATION

8. Forms and local rules may be downloaded from the court's website: cand.uscourts.gov. They may also be requested in person from the Clerk's Office.

9. Two computer terminals which allow public access to case dockets are located in

the reception area of the Clerk's Office. A file viewing room is located adjacent to the reception area. File viewing hours are 9:00 a.m. to 12:45 p.m. Electronic access to dockets and court filings is available through PACER. To obtain information or to register visit pacer.gov or call 1-800-676-6851.

10. Two pay copy machines are located in the file viewing room for public use, at twenty-five cents ($0.25) per page. The Clerk's Office can only accept payment by exact change, check made payable to Clerk, U.S. District Court, or credit card if paying in person. Orders for copy work may be placed through Colour Drop by phoning 415-353-5720. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

2

# E-filing Self-Registration Instructions for Pro Se Litigants

Pro se litigants whose names appear on existing cases before this court may register to become ECF users and may file documents electronically. Case-opening documents (like complaints and petitions) must still be filed on paper at the Court's front counter or by mail or delivery service.

If you have an existing pro se e-filing account, and you wish to e-file in another case in which your name is listed, send an email to ECFHelpDesk@cand.uscourts.gov to link your account to that case.

Parties representing themselves are not required to e-file, but many choose to do so. There are no registration costs and no fees for e-filing. To learn more about e-filing registration and the technical requirements to e-file, go to www.cand.uscourts.gov/e-file/

Advantages to E-filing:
1. You can e-file from any computer.
2. You do not have to go to the courthouse to file your court papers.
3. You have until 11:59 PM on the day your filing is due to e-file (instead of 4:00 p.m. for delivery to the Clerk's Office for paper filings).
4. You do not need to mail paper copies to the court or other parties.
5. You will likely have more time to respond to any motion instead of having to wait for your copy to arrive by mail.
6. You receive one free copy of any e-filed documents through the notice of electronic filing.

Possible Drawbacks to E-filing:
1. You must have all necessary hardware and software required to e-file, so there may be some initial cost.
2. You may require some training in how to convert documents to PDFs, and how to e-file documents. Free training on this is available on the court's website.
3. You will not receive documents in paper, so you will be responsible for checking your e-mail frequently for case updates and saving copies of e-filed documents.
4. While you get one free look at the electronic version of any document filed in your case, you will be charged if you access the document electronically more than once. (Note there is no fee for viewing judicial opinions no matter how many times you access it electronically.)
5. If you have more than $30.00 of charges for viewing documents in a quarterly billing cycle, you will be charged. See Electronic Public Access Fee Schedule for more explanation.