UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX YAKOVLEV,<br><br>Plaintiff,<br><br>v.<br><br>THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 26-cv-01132-AGT<br><br>**ORDER ON MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 11 |

The Court construes Alex Yakovlev's objections to the Court's orders at Dkt. 8 and Dkt. 9 as a motion for leave to file a motion for reconsideration. *See* Dkt. 11; *Kumandan v. Google LLC*, No. 19-CV-04286-BLF, 2022 WL 4282622, at *3 (N.D. Cal. Aug. 25, 2022) ("[N]ew evidence [is] appropriate to raise in a motion for reconsideration before [the magistrate judge]—not [in] a motion for relief from [the magistrate judge's] nondispositive pretrial order."). The Court grants the motion for leave, accepts the motion for leave as a motion for reconsideration, and grants the motion for reconsideration in part.

Previously, Yakovlev asked the Court to email him PDF copies of all prior and future court orders, notices, minute entries, and filings by other parties. Dkt. 6-1 at 18. In an order

issued on March 24, 2026, the Court noted that as an e-filer, Yakovlev would receive a "Notice of Electronic Filing" email each time a document was filed in his case, which would allow him to access by email all Court and party filings. Dkt. 8 at 2. There was accordingly no need for Court staff to email Yakovlev PDFs of case filings.

In his motion for reconsideration, Yakovlev clarifies that although he receives Notice of Electronic Filing emails, he cannot download the filings themselves. He has only "temporary, limited access to email through a public library computer," and the computer security settings don't permit him to download PDFs from PACER. Dkt. 11 at 5. So, although Yakovlev can see "docket text," he "cannot access the full content of [court] orders." *Id.*

Yakovlev's motion for reconsideration helpfully clarifies his access limitations. With a better understanding of those limitations, the Court modifies its March 24 order as follows. Because Yakovlev cannot access case filings via email, the Clerk of the Court shall email him a PDF copy of any prior and future Court orders except for text-only orders and Clerk's Notices.[1] Any time the Clerk's Office emails a PDF to Yakovlev, the Clerk's Office shall enter a Clerk's Notice documenting the email.

Defendants haven't entered appearances yet. When they do and file motions or other case documents, the Clerk's Office needn't email PDF copies of those filings to Yakovlev. Instead, any time Defendants file a document, they must email a PDF copy of the document to Yakovlev on the same day.

With the exception of the above process, the Court won't otherwise modify its prior orders. Yakovlev's requests for a PACER fee waiver, for a *nunc pro tunc* filing, and for a

---

[1] For text-only orders (including minute orders) and Clerk's Notices, there will be no document to PDF—the complete text will appear in the Notice of Electronic Filing.

finding of misconduct by the Clerk's Office remain denied. Dkts. 8, 9. If Yakovlev intends to object to any of those rulings, he may file a Motion for Relief from a Nondispositive Pretrial Order of a Magistrate Judge. Fed. R. Civ. P. 72(a); Civil L.R. 72-2. The time limit for filing such a motion won't start to run until the Clerk's Office emails PDF copies of the underlying orders to Yakovlev.

The Court vacates the May 8, 2026, initial case management conference.

**IT IS SO ORDERED.**

Dated: March 31, 2026

Alex G. Tse
United States Magistrate Judge