Alex Yakovlev, Pro Se
General Delivery
Sacramento, CA 95812-9999
Email: alexjacobsky@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX YAKOVLEV,<br><div align=right>Plaintiff,</div><br>v.<br><br>THE SAN FRANCISCO SUPERIOR COURT, et al.,<br><div align=right>Defendants.</div> | **Case No:** 3:26-cv-01132 (PS)<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANTS' REPLY MEMORANDUM ON THE MERITS**<br><br>**Date:** June 5, 2026<br>**Time:** 10:00 a.m.<br>**Dept.:** Courtroom A (15th Floor) |

**TO THE HONORABLE COURT:**

Plaintiff ALEX YAKOVLEV, proceeding pro se, submits this objection to Defendants' Reply Memorandum (ECF No. 25). This objection is supported by the accompanying Master Declaration of ALEX YAKOVLEV and the exhibits lodged therewith.

### I. DEFENDANTS INCORRECTLY CHARACTERIZE PLAINTIFF'S CLAIMS

Defendants' reply states that Plaintiff "seeks to have this Court undo recent state-court decisions" and that Plaintiff is a "state-court loser" complaining of injuries caused by state-court judgments. Reply at 2. This materially mischaracterizes Plaintiff's claims.

The Complaint states the opposite. Paragraph 23: "Plaintiff does not seek reversal of any state court judgment." Plaintiff's Opposition states: "This Court need not and should not decide whether the void judgments are in fact void. This Court need only order that a state court hear and decide the question." Opposition at 6-7.

Plaintiff is not a state-court loser. Plaintiff is a state-court victim. For seventeen years, the state courts have refused to accept Plaintiff's CCP § 473(d) motion. They have rejected filings. They have used the wrong forms. They have refused to review evidence. They have denied

PLAINTIFF'S OBJECTION TO DEFENDANTS' REPLY MEMORANDUM ON THE MERITS

accommodations. A litigant who cannot get a motion accepted for filing is not a loser – they are a victim of a system that has denied them any proceeding at all.

Defendants' conduct in this case – serving properly on April 24, 2026, then changing their method on May 15, 2026, without explanation, providing no courtesy copy, and leaving Plaintiff to rely on a one-time hyperlink – speaks for itself.

## II. DEFENDANTS DO NOT ADDRESS THE CATCH-22 PLAINTIFF FACES

The prefiling order creates an insurmountable Catch-22. To challenge the order, Plaintiff must obtain permission to file under CCP § 391.7. To obtain permission, they must show their challenge "has merit." But to show merit, the court must review their evidence – including settlement agreements, the non-existent *Visa* defendant, and defective proofs of service. The state court refuses to review this evidence. It simply denies permission with boilerplate language: "failed to demonstrate a reasonable possibility his petition has merit." The court never explains why settlements, dismissals without prejudice, and void judgments constitute "adverse determinations" under CCP § 391(b)(1). Defendants' reply does not address this issue.

## III. DEFENDANTS IGNORE PLAINTIFF'S EXHIBITS

**Plaintiff submitted twenty-six exhibits with their opposition. These exhibits include:**

- **Exhibit B and C:** Settlement agreements proving Plaintiff received money – not adverse determinations.

- **Exhibit D:** A dismissal without prejudice – not a final adverse determination.

- **Exhibit K:** A proof of service with the parties reversed and Plaintiff's name misspelled – showing the *Costco* judgment is void for lack of jurisdiction.

- **Exhibit T:** Secretary of State search results showing the *Visa* defendant never existed under any of their various court listed names.

- **Exhibit U:** An acknowledgment of service that was faxed (not mailed), returned late,

and listed the wrong defendant name – showing the *Visa* court never acquired jurisdiction.

- The Court of Appeal's April 6, 2026 order (previously lodged as Exhibit E) explicitly questioning whether a prefiling order should apply to a motion to vacate a judgment in a case concluded before the order existed.

Defendants' reply does not address a single one of these exhibits.

### IV. THE ROOKER-FELDMAN DOCTRINE DOES NOT BAR THIS ACTION

Defendants claim that *Rooker-Feldman* bars this action because Plaintiff is a "state-court loser." This is incorrect.

**First**, *Rooker-Feldman* applies only to "state-court losers" complaining of injuries caused by state-court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). Plaintiff is not a state-court loser on the merits – they have been denied access to any proceeding.

**Second**, the Court of Appeal's April 6, 2026 order explicitly questions whether a prefiling order should apply to a motion to vacate a judgment in a case concluded before the order existed. If the prefiling order does not apply, then the state court's refusal to accept Plaintiff's motion was an error.

**Third**, Plaintiff is not challenging a state-court decision in a particular case. Plaintiff is challenging the state court's administrative policy of refusing to accept CCP § 473(d) motions from a pro se litigant. The Ninth Circuit has held that federal courts have subject-matter jurisdiction over general challenges to state bar rules and policies that do not require review of a final state-court judgment in a particular case. *Mothershed v. Justices of the Supreme Court,* 410 F.3d 602, 607 (9th Cir. 2005). Just as *Mothershed* distinguished general challenges to bar rules from specific attacks on disciplinary judgments, Plaintiff here challenges the state court's administrative policy of refusing to accept CCP § 473(d) motions – not the merits of any particular state court ruling.

**Fourth**, the extrinsic fraud exception applies. *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1140-

-3-

41 (9th Cir. 2004). The vexatious litigant order was procured by conduct that prevented Plaintiff from presenting their claim – including misrepresentations about the predicate cases that characterized settlements and dismissals without prejudice as "adverse determinations."

## V. THE ELEVENTH AMENDMENT DOES NOT BAR PLAINTIFF'S CLAIMS

Defendants rely on *Munoz v. Superior Court,* 91 F.4th 977 (9th Cir. 2024), but *Munoz* involved bail settings – a core judicial function. Plaintiff challenges administrative policies: the classification of CCP § 473(d) motions as "new litigation," the use of wrong forms, the refusal to accept filings, the failure to provide accommodations. *Munoz* did not address claims against judges in their administrative capacity.

Moreover, *Tennessee v. Lane,* 541 U.S. 509, 533-34 (2004), held that Congress validly abrogated state sovereign immunity for Title II ADA claims involving court access. Under Title II of the ADA, a public entity must make reasonable accommodations to ensure meaningful access to its services, programs, or activities. *Duvall v. County of Kitsap,* 260 F.3d 1124, 1138-39 (9th Cir. 2001). Systemic barriers to court access confer standing for prospective injunctive relief. *Armstrong v. Davis,* 275 F.3d 849, 861 (9th Cir. 2001). Defendants' reply does not address this case.

## VI. THE ANTI-INJUNCTION ACT DOES NOT BAR THIS ACTION

The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits injunctions that "stay proceedings in a State court." Plaintiff's claims do not seek to stay any proceeding. They seek to compel the state court to accept filings and provide accommodations – which is not a stay within the meaning of the Act. This alone removes the Act from consideration. Moreover, to the extent any exception is needed, the ADA expressly authorizes injunctive relief against public entities, including state courts. 42 U.S.C. § 12133. Defendants' reply does not address this distinction.

## VII. THE SECTION 1983 BAR DOES NOT APPLY TO PLAINTIFF'S CLAIMS

The 1996 amendment to U.S.C. § 1983 applies only to "judicial officers" and only to acts

taken in a "judicial capacity." Plaintiff challenges administrative policies and seeks accommodations – not judicial rulings. Moreover, CEO Riley is not a judicial officer. He is the Court Executive Officer – an administrative position. The amendment does not apply to him. Defendants' reply does not explain how an administrative officer falls within a provision limited to judicial officers.

## VIII. PLAINTIFF HAS STANDING FOR THEIR ADA CLAIM

Defendants argue that Plaintiff lacks standing because no ongoing proceeding exists. This is exactly the Catch-22. There is no ongoing proceeding because Defendants have used the prefiling order to block every proceeding. They have refused to accept Plaintiff's motions. They have refused to review their evidence. They have refused to provide accommodations. Then they argue there is no ongoing proceeding so there is nothing to accommodate.

The prefiling order itself is the injury. It bars Plaintiff from filing anything. It has barred them for seventeen years. Each day it remains in effect is a fresh injury. The Court of Appeal's April 6, 2026 order is an ongoing proceeding where accommodations are being denied.

## IX. THE COMPLAINT STATES A PLAUSIBLE ADA CLAIM

The Complaint specifically allocates responsibility: the Superior Court is the public entity responsible for judicial services; the Court of Appeal is responsible for appellate access; Judge East has policymaking authority; CEO Riley has administrative authority. Plaintiff requested accommodations. The court refused. The staff attorney admitted using the wrong form. The clerk refused to provide deficiencies. CEO Riley's office deflected the complaint. These are sufficient factual allegations to state an ADA claim.

## X. DEFENDANTS' CONDUCT FOLLOWS A SEVENTEEN-YEAR PATTERN OF ASYMMETRICAL TREATMENT

The service violations in this case are not isolated. They follow a clear pattern across three cases spanning seventeen years.

PLAINTIFF'S OBJECTION TO DEFENDANTS' REPLY MEMORANDUM ON THE MERITS

**A. The *Visa* Case (2009) – Defendants Served by Fax Without Agreement**

In the 2009 *Visa* case, Defendant's counsel faxed an acknowledgment of receipt to Plaintiff. The acknowledgment was defective: it was faxed (not mailed as required by CCP § 415.30), it listed the wrong defendant name, and it was returned late. There was no written agreement authorizing fax service as required by CCP § 1010.6 and California Rules of Court (2009 version, rule 2.251). Despite these defects, the state court accepted the acknowledgment as proof of service and proceeded to declare Plaintiff a vexatious litigant in Plaintiff's absence.

**B. The *Victor Hui* Case (2009-2010) – Plaintiff's Motion Dismissed for Lack of Fax Agreement**

In the *Victor Hui* case, Plaintiff served a motion by fax to Defendant's counsel. The court dismissed Plaintiff's motion, stating: "DISCOVERY 610, PLAINTIFF ALEX YAKOVLEV'S MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS AND FOR VERIFIED RESPONSES TO FORM INTERROGATORIES IS ORDERED OFF CALENDAR AS THERE IS NOT AN AGREEMENT TO ACCEPT FAX SERVICE." (Exhibit F to Plaintiff's Opposition).

Plaintiff was held to the written agreement requirement. Defendants were not.

**C. This Case (2026) – Defendants Changed Service Method Without Explanation**

On April 24, 2026, Defendants served Plaintiff by email with a PDF attachment. On May 15, 2026, Defendants changed their method. They did not serve by email. They did not attach the reply. They relied on a one-time CM/ECF hyperlink. They provided no courtesy copy. Plaintiff received only an automated NEF.

**D. The Pattern Reveals Asymmetrical Treatment**

**Across three cases:**

- Defendants may serve by fax without a written agreement (*Visa*, 2009).

PLAINTIFF'S OBJECTION TO DEFENDANTS' REPLY MEMORANDUM ON THE MERITS

- Plaintiff may not serve by fax without a written agreement (*Victor Hui*, 2009-2010).

- Defendants may change service method without notice (this case, 2026).

- Plaintiff is held to strict compliance with every rule.

This asymmetrical treatment reflects a pattern of inconsistent application of service rules that has disadvantaged Plaintiff for seventeen years. The Court should consider this pattern when evaluating Defendants' conduct in this case.

**XI. CONCLUSION**

Defendants incorrectly characterize Plaintiff's claims. They do not address the Catch-22. They ignore twenty-six exhibits. Their reply does not salvage their motion to dismiss. The Court should deny the motion to dismiss.

Dated: May 18, 2026

Respectfully submitted,

/s/ Alex Yakovlev
ALEX YAKOVLEV
Plaintiff, Pro Se

PLAINTIFF'S OBJECTION TO DEFENDANTS' REPLY MEMORANDUM ON THE MERITS