Alex Yakovlev, Pro Se
General Delivery
Sacramento, CA 95812-9999
Email: alexjacobsky@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEX YAKOVLEV,<br>    Plaintiff,<br><br>    v.<br><br>THE SAN FRANCISCO<br>SUPERIOR COURT, et al.,<br>    Defendants. | **Case No:** 3:26-cv-01132 (PS)<br><br>**MASTER DECLARATION OF ALEX YAKOVLEV IN SUPPORT OF NOTICE OF LODGING, MOTION TO STRIKE, AND OBJECTION TO DEFENDANTS' REPLY**<br>**Date:** June 5, 2026<br>**Time:** 10:00 a.m.<br>**Dept.:** Courtroom A (15th Floor) |

**I, ALEX YAKOVLEV, DECLARE AS FOLLOWS:**

**I. MY BACKGROUND, CIRCUMSTANCES, AND HOUSING STATUS**

1.      I am the Plaintiff in this action. I am proceeding pro se. I am not an attorney. I have no legal training.

2.      I am transient and in hardship. After two decades of waiting, I was selected for a Section 8 housing voucher provided by the San Francisco Housing Authority (SFHA). During that waiting process, I was constantly kicked out of the waiting line because I did not respond to letters – letters sent to addresses where I could not receive mail. I could not respond because I never received them. This experience has made me extremely anxious about missing mail – which was another reason I was not served with the prefiling order in 2009 and missed the hearing for that order. When I later tried to explain this to the state court, the court refused to accept it as excusable neglect.

3.      Currently, I cannot afford the security deposit required to use my Section 8 voucher. In San Francisco, landlords require first and last month's rent as a security deposit. I cannot afford even one month of rent in San Francisco, let alone two months. I keep a General Delivery address in Sacramento as required by law for mailing purposes, but I cannot reliably receive mail there either.

MASTER DECLARATION OF ALEX YAKOVLEV IN SUPPORT OF NOTICE OF LODGING, MOTION TO
STRIKE, AND OBJECTION TO DEFENDANTS' REPLY

General Delivery is not a permanent address – it is a temporary hold at a post office that depends on my ability to check it regularly, which my hardship and disability make difficult.

4.    I am disabled. I have documented disabilities including dyslexia and cognitive processing disorders that affect my ability to read, write, and navigate complex legal procedures.

5.    I do not own a computer. I rely on shared computers, which are not always available. These computers have unstable internet connections. They may crash at any time. They may restart without warning. I have no control over them.

6.    I am registered with CM/ECF for efiling only. I cannot search cases or download documents from the system. I may only download a document once from the email notification link. After that, the link expires or requires payment – which I cannot afford as a transient litigant.

## II. WHY MISSING MAIL IS A SERIOUS AND ONGOING PROBLEM FOR ME

7.    My anxiety about missing mail is not hypothetical. It has caused me to lose legal rights before. In 2009, when the *Visa* defendant moved to declare me a vexatious litigant, I was not properly served with that motion. The acknowledgment of service was faxed, not mailed. It was returned late. It listed the wrong defendant name. But more fundamentally, I never received proper notice because mail was sent to addresses where I could not reliably receive it. When I finally discovered the order, I filed a motion to set it aside. I explained to the state court that my hardship, disability, and inability to receive mail constituted excusable neglect. The court refused to accept this excuse. The court denied my motion. The vexatious litigant order has now barred me from court access for seventeen years – because the court did not accept that missing mail, for a transient disabled person, constituted excusable neglect.

8.    In the *Victor Hui* case, I served a motion by fax to Defendant's counsel. The court dismissed my motion, stating there was no agreement to accept fax service. Yet in the *Visa* case, the same court accepted a faxed acknowledgment from Defendant's counsel without any written

-2-

agreement. I was held to the rule. They were not. This double standard has followed me for seventeen years.

9.      That same anxiety has continued in this case. When the San Mateo Superior Court mailed documents to an obsolete address – an address I had no connection to – I had no way of knowing. The Court of Appeal had to order electronic service. This pattern has repeatedly resulted in my inability to receive notice. It is the reason I need email service. It is the reason this Court ordered email service. It is the reason Defendants' violation of that order is so harmful.

10.      My anxiety about missing mail is why I am so vigilant about checking my email. Email is the only reliable way to reach me. I have repeatedly informed the Court and opposing counsel of these limitations. This Court ordered Defendants to serve me via email. They did it once. Then they stopped.

**III. DEFENDANTS SERVED ME BY EMAIL ON APRIL 24, 2026**

11.      On April 24, 2026, I received an email from Lisa Atwood of Best Best & Krieger LLP. The email was sent to alexjacobsky@gmail.com. The email stated: "Good morning, Mr. Yakovlev. See the attached Judicial Defendants Motion to Dismiss Complaint and supporting documents, filed with the USDC Court today."

12.      The email attached Defendants' Motion to Dismiss as a PDF file. I was able to download the PDF. I read the motion. I prepared a response.

13.      A true and correct copy of the complete email chain is attached as Exhibit A to the Notice of Lodging.

**IV. THE COURT ORDERED SERVICE VIA EMAIL**

14.      On or about April 28, 2026, this Court issued ECF No. 13. The order states: "Defendants shall serve Plaintiff via email at alexjacobsky@gmail.com."

15.      I read this order. I understood that the Court was requiring Defendants to serve me by

MASTER DECLARATION OF ALEX YAKOVLEV IN SUPPORT OF NOTICE OF LODGING, MOTION TO STRIKE, AND OBJECTION TO DEFENDANTS' REPLY

email – not through the CM/ECF system alone. I understood "service via email" to mean direct email service of the filed document itself, consistent with Defendants' prior practice of emailing PDF attachments. The Court issued this order, which ensures service is effective given my circumstances.

## V. DEFENDANTS FILED THEIR REPLY ON MAY 15, 2026

16.     On May 15, 2026, I received a Notice of Electronic Filing from the Court's CM/ECF system. The NEF stated that Defendants had filed a Reply Memorandum (ECF No. 25).

17.     The NEF did not attach the reply. It contained only a hyperlink. The NEF warned: "To avoid later charges, download a copy of each document during this first viewing."

18.     A true and correct copy of the NEF is attached as Exhibit B to the Notice of Lodging.

19.     I clicked the hyperlink once. I downloaded the reply. When I attempted to click the link again later the same day to review the document, the link was dead. I could not access the reply again.

20.     At the time of writing this declaration, I did not receive any email from Defendants.

## VI. DEFENDANTS FILED A PROOF OF SERVICE

21.     On May 15, 2026, Defendants filed a Proof of Service (ECF No. 25-1). The POS states: "By Electronic Service. Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities."

22.     A true and correct copy of Defendants' Proof of Service is attached as Exhibit C to the Notice of Lodging.

23.     The Court's order at ECF No. 13 required Defendants to serve me directly via email. Under FRCP 5(b)(1), service is generally made on the attorney unless the court orders service on the party. This Court ordered otherwise at ECF No. 13, requiring Defendants to serve Plaintiff directly via email. ECF No. 13 is that order.

## VII. DEFENDANTS CHANGED THEIR SERVICE METHOD

24.     On April 24, 2026, Defendants served me by email with a PDF attachment.

25.     On May 15, 2026, Defendants did not serve me by email. They did not attach the reply. They relied on a CM/ECF hyperlink. Defendants did not even provide a courtesy copy by email. They provided no direct communication at all. Plaintiff received only the automated NEF from the Court's system.

26.     Defendants have offered no explanation for why they changed their service method after previously complying with the Court's order.

## VIII. PREJUDICE TO PLAINTIFF

27.     I have spent approximately 10 hours preparing this motion and objection instead of responding to the merits of Defendants' reply.

28.     If my browser had crashed during the first download on May 15, I would have faced substantial difficulty retrieving the reply and responding by the deadline. Because I cannot afford PACER fees, I would have had no way to access the document again. The deadline would have passed. I would have lost the ability to respond – not because my case lacks merit, but because Defendants chose not to comply with the Court's service order.

29.     This is exactly what happened in 2009. I missed a hearing because I was not properly served. The state court refused to accept my explanation. I have been barred from court access for seventeen years as a result. I cannot afford to let that happen again.

## IX. MY SEVENTEEN YEARS AS A STATE-COURT VICTIM

30.     I have been trying for seventeen years to get the state courts to accept my § 473(d) motion to vacate the vexatious litigant order. The state courts have refused at every turn. They reject my filings. They use the wrong forms. They refuse to review my evidence. They deny me accommodations. They have never ruled on whether the six predicate cases actually qualify under §

-5-

391(b)(1).

31.    I am not a state-court loser. I am a state-court victim. The state courts have refused to let me have a proceeding at all. The Catch-22 is this: to challenge the prefiling order, I need permission to file. To get permission, I must show merit. To show merit, the court must review my evidence. The court refuses to review my evidence to keep me in the vexatious litigant list.

32.    The Court of Appeal's April 6, 2026 order in A174980 explicitly questions whether a prefiling order should apply to a motion to vacate a judgment in a case concluded before the order existed. That order shows that my core legal argument has merit and that the state courts themselves are now questioning the very basis of the prefiling order.

**X. INCORPORATION BY REFERENCE**

33.    This Declaration is made in support of the following documents filed concurrently herewith:

- Notice of Lodging of Exhibits.

- Motion to Strike Defendants' Reply for Defective Service and Request for Non-Monetary Sanctions.

- Plaintiff's Objection to Defendants' Reply Memorandum on the Merits.

34.    The factual statements in this Declaration apply to and support all relief requested in those documents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed May 18, 2026 in Sacramento County, California

/s/ Alex Yakovlev
ALEX YAKOVLEV
Declarant, Pro Se

-6-

MASTER DECLARATION OF ALEX YAKOVLEV IN SUPPORT OF NOTICE OF LODGING, MOTION TO
STRIKE, AND OBJECTION TO DEFENDANTS' REPLY