Alex Yakovlev, Pro Se
General Delivery
Sacramento, CA 95812-9999
Email: alexjacobsky@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEX YAKOVLEV,<br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE SAN FRANCISCO<br>SUPERIOR COURT, et al.,<br>　　　　　　　Defendants. | **Case No:** 3:26-cv-01132 (PS)<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'**<br>**REPLY MEMORANDUM FOR DEFECTIVE SERVICE**<br>**AND REQUEST FOR NON-MONETARY SANCTIONS**<br>**Date:** June 5, 2026<br>**Time:** 10:00 a.m.<br>**Dept.:** Courtroom A (15th Floor) |

**TO THE HONORABLE COURT:**

Plaintiff ALEX YAKOVLEV, proceeding pro se, submits this motion to strike Defendants' Reply Memorandum (ECF No. 25) for defective service and violation of this Court's Order at ECF No. 13. This motion is supported by the accompanying Master Declaration of ALEX YAKOVLEV and the exhibits lodged therewith.

**I. PLAINTIFF'S LIMITED CM/ECF REGISTRATION AND CIRCUMSTANCES**

Plaintiff is registered with CM/ECF for efiling only. They cannot search cases or download documents from the system. They may only download a document once from the email notification link. After that, the link expires or requires payment – which Plaintiff cannot afford.

Plaintiff was selected for a Section 8 housing voucher from the San Francisco Housing Authority, obtained after two decades of waiting while being constantly kicked out of the waiting line because Plaintiff did not respond to letters – letters sent to addresses where Plaintiff could not receive mail. Currently, Plaintiff cannot afford the security deposit required to use the voucher. In San Francisco, landlords require first and last month's rent as a security deposit. Plaintiff cannot afford even one month of rent in San Francisco, let alone two months. This experience has made Plaintiff

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY MEMORANDUM FOR DEFECTIVE SERVICE

extremely anxious about missing mail – which was a direct cause of their failure to receive the vexatious litigant motion in 2009. The state court refused to accept this as excusable neglect, and Plaintiff has been barred from court access for seventeen years as a result.

### II. THIS COURT ORDERED SERVICE VIA EMAIL

On April 28, 2026, this Court issued ECF No. 13, ordering: "Defendants shall serve Plaintiff via email at alexjacobsky@gmail.com." The Court did not order service through CM/ECF. The Court ordered direct email service. Under FRCP 5(b)(1), service is generally made on the attorney unless the court orders service on the party. This Court ordered otherwise at ECF No. 13.

### III. DEFENDANTS PREVIOUSLY COMPLIED WITH THE COURT'S ORDER

On April 24, 2026 – before the Court issued ECF No. 13 – Defendants served Plaintiff by email with a PDF attachment of their Motion to Dismiss. (Exhibit A). This shows that Defendants knew how to serve Plaintiff properly, that they had Plaintiff's correct email address, and that they were capable of complying with the Court's order.

### IV. DEFENDANTS VIOLATED THE COURT'S ORDER ON MAY 15, 2026

On May 15, 2026, Defendants filed their Reply Memorandum (ECF No. 25). They did not serve Plaintiff by email. They did not attach their reply. They filed with the Court and relied solely on the CM/ECF system to send an NEF with a one-time hyperlink. Plaintiff received the NEF. (Exhibit B). They clicked the link once and downloaded the reply. When they attempted to access the link again later, the link was dead. They could not retrieve the document again.

### V. DEFENDANTS' PROOF OF SERVICE CONTAINS AN INCOMPLETE STATEMENT

Defendants' Proof of Service (ECF No. 25-1) states that "registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities." (Exhibit C). As applied to Plaintiff, this statement is incomplete. The Court's order at ECF No. 13 requires direct

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY MEMORANDUM FOR DEFECTIVE SERVICE

email service and supersedes any default CM/ECF provisions.

## VI. DEFENDANTS CHANGED THEIR SERVICE METHOD WITHOUT EXPLANATION

Defendants served Plaintiff properly on April 24. They changed their method on May 15. They have offered no explanation for this change. Defendants did not even provide a courtesy copy by email. They provided no direct communication at all. Plaintiff received only the automated NEF from the Court's system.

This is not the first time Defendants' counsel has applied service rules inconsistently to Plaintiff's disadvantage. In the 2009 *Visa* case, Defendants' counsel faxed an acknowledgment of receipt that was defective – faxed not mailed, late, wrong name, no written agreement – yet the court accepted it. In the *Victor Hui* case, Plaintiff's motion was dismissed because there was no agreement to accept fax service. The rules apply asymmetrically: Defendants may serve by fax without agreement; Plaintiff may not. This history illustrates the inconsistent application of service rules that has repeatedly disadvantaged Plaintiff.

## VII. PREJUDICE TO PLAINTIFF

Because Defendants failed to serve the reply by email, Plaintiff had only one opportunity to download the document. If their browser had crashed during that single download, they would have faced substantial difficulty retrieving the reply. Because they cannot afford PACER fees, they would have had no way to access the document again. The deadline would have passed. They would have lost the ability to respond – not because their case lacks merit, but because Defendants chose not to comply with the Court's service order.

This is exactly what happened in 2009. Plaintiff missed a hearing because they were not properly served. The state court refused to accept their explanation. Plaintiff has been barred from court access for seventeen years as a result. Plaintiff cannot afford to let that happen again.

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY MEMORANDUM FOR DEFECTIVE SERVICE

**VIII. REQUEST FOR RELIEF**

**Plaintiff respectfully requests:**

**1.**     The Court strike Defendants' Reply Memorandum (ECF No. 25) for defective service and violation of ECF No. 13.

**2.**     Such other and further relief as the Court deems just and proper.

**IX. REQUEST FOR NON-MONETARY SANCTIONS FOR THE RECORD**

**Plaintiff requests that the Court impose the following non-monetary sanctions against Defendants for violating ECF No. 13 and for the incomplete statements in their Proof of Service:**

**1.**     A finding by the Court that Defendants violated the Court's Order at ECF No. 13.

**2.**     A finding by the Court that Defendants' Proof of Service (ECF No. 25-1) contained an incomplete statement as applied to Plaintiff, who has only limited CM/ECF efiling access.

**3.**     An order that these findings be noted on the docket for the record.

Plaintiff requests that the Court issue an order clarifying that all future service by Defendants must include direct email with attached PDFs.

**X. CONCLUSION**

Defendants violated a direct court order. They served Plaintiff properly on April 24, 2026 then changed their method on May 15, 2026. The Court should strike the reply and note Defendants' violation on the docket for the record.

Dated: May 18, 2026

Respectfully submitted,

/s/ Alex Yakovlev
ALEX YAKOVLEV
Plaintiff, Pro Se

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY MEMORANDUM FOR DEFECTIVE SERVICE