Alex Yakovlev, Pro Se
General Delivery
Sacramento, CA 95812-9999
Email: alexjacobsky@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX YAKOVLEV,<br><br>                  Plaintiff,<br><br>        v.<br><br>THE SAN FRANCISCO<br>SUPERIOR COURT, et al.,<br>                  Defendants. | **Case No:** 3:26-cv-01132 (PS)<br>**PLAINTIFF'S NOTICE OF REQUEST FOR DECISION ON THE PAPERS, REQUEST FOR ACCOMMODATION OF DISABILITY UNDER SECTION 504 OF THE REHABILITATION ACT, AND NOTICE OF INABILITY TO APPEAR AT JUNE 5, 2026 HEARING**<br>**Date:** June 5, 2026<br>**Time:** 10:00 a.m.<br>**Dept.:** Courtroom A (15th Floor) |

**TO THE HONORABLE COURT:**

Plaintiff ALEX YAKOVLEV, proceeding pro se, transient, and disabled, respectfully submits this notice informing the Court that Plaintiff cannot appear at the June 5, 2026 hearing and requesting that the Court decide all pending motions on the papers without oral argument pursuant to Civil Local Rule 7-1(b). Plaintiff also requests reasonable accommodation under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a).

### I. PLAINTIFF CANNOT PARTICIPATE IN THE JUNE 5, 2026 HEARING

**Plaintiff cannot appear at the June 5, 2026 hearing for the following reasons:**

1.    Plaintiff is transient and currently located in Sacramento County, California. Plaintiff cannot travel to San Francisco for an in-person hearing. The cost of transportation is prohibitive. The cost of lodging is prohibitive. Plaintiff cannot afford a bus ticket, a train ticket, or a place to stay.

2.    Plaintiff does not have a working telephone. Plaintiff cannot afford a cell phone plan. Plaintiff relies on public computers at libraries for internet access. Those public computers do not have telephone capability.

PLAINTIFF'S NOTICE OF REQUEST FOR DECISION ON THE PAPERS

3. Plaintiff has documented cognitive disorders including dyslexia and related processing deficits. Plaintiff cannot process real-time information during oral proceedings. When information is presented through spoken language at normal speed, Plaintiff's brain cannot keep up. Plaintiff frequently forgets words altogether when speaking or attempting to respond.

4. English is not Plaintiff's first language. Plaintiff has limited English proficiency. Spoken English at normal speed is often incomprehensible to Plaintiff.

5. Plaintiff cannot meaningfully participate in any oral hearing.

## II. DEFENDANTS HAVE NOT SERVED PLAINTIFF PROPERLY

On May 15, 2026, Defendants filed their Reply Memorandum (ECF No. 25). Defendants did not serve Plaintiff via email as required by this Court's Order at ECF No. 13. They did not attach the reply. They filed with the Court and relied solely on the CM/ECF system to send an NEF with a one-time hyperlink.

The NEF hyperlink provided only temporary access. When Plaintiff attempted to access the document again, the link was no longer active. See Declaration of ALEX YAKOVLEV § III.

Plaintiff filed a Motion to Strike Defendants' Reply for Defective Service (ECF No. 27) on May 18, 2026. That motion remains pending.

On May 19, 2026, Defendants filed an Amended Proof of Service (ECF No. 28) attempting to cure the defective service. Plaintiff contends that the amended proof of service does not cure the original failure to comply with ECF No. 13.

Because Defendants failed to serve Plaintiff properly, Plaintiff did not receive actual notice of the hearing date in time to make arrangements to appear. Plaintiff learned of the June 5 hearing date only after independently checking the docket.

## III. PLAINTIFF HAS PREVIOUSLY REQUESTED ACCOMMODATION AND DECISION ON THE PAPERS

PLAINTIFF'S NOTICE OF REQUEST FOR DECISION ON THE PAPERS

Plaintiff has previously requested that all matters be decided on the papers without oral argument. These requests are documented in the record:

- **September 16, 2025:** Request for Reasonable Accommodations filed in San Francisco Superior Court Case No. CGC09484709

- **April 26, 2026:** Plaintiff's Opposition to Defendants' Motion to Dismiss (incorporating prior accommodation requests)

- **May 18, 2026:** Plaintiff's Objection to Defendants' Reply Memorandum on the Merits (incorporating prior accommodation requests)

- **May 18, 2026:** Plaintiff's Motion to Strike Defendants' Reply for Defective Service (ECF No. 27)

The Court has not yet ruled on any of these requests.

### IV. THE COURT HAS AUTHORITY TO DECIDE MOTIONS ON THE PAPERS WITHOUT ORAL ARGUMENT

Under Civil Local Rule 7-1(b), the Court may determine a motion without oral argument in its discretion. The Court does not need oral argument to resolve the pending motions. Plaintiff has submitted written briefing and supporting materials. Defendants have filed their opposition and reply. The matters are fully briefed. Accordingly, oral argument is not necessary to assist the Court in resolving the pending motions.

**Plaintiff respectfully requests that the Court decide all pending motions on the papers without oral argument, including:**

- Defendants' Motion to Dismiss (ECF No. 20)

- Plaintiff's Motion to Strike Defendants' Reply for Defective Service (ECF No. 27)

### V. THE MOTION TO STRIKE HEARING DATE

Plaintiff acknowledges that the Motion to Strike filed May 18, 2026 was noticed for hearing on June 5, 2026, which is less than 35 days from filing as required by Civil Local Rule 7-2(a).

-3-

Plaintiff is proceeding pro se, has no legal training, and has never filed a motion to strike before. Plaintiff was unaware of the 35-day requirement. Plaintiff made an honest mistake.

**Plaintiff respectfully requests that the Court excuse this procedural error for the following reasons:**

**First**, Plaintiff is pro se. The Supreme Court requires courts to liberally construe pro se filings. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). A pro se litigant should not be held to the same procedural standards as licensed attorneys. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

**Second**, Defendants have not been prejudiced. They received a copy of the Motion to Strike. The matter is fully briefed.

**Third**, Plaintiff has a meritorious claim. Defendants violated ECF No. 13 by failing to serve Plaintiff via email with the reply attached. See Declaration of ALEX YAKOVLEV § III. Plaintiff contends that Defendants' Proof of Service is inaccurate as applied to Plaintiff, who has only limited efiling access and no full PACER access.

**Fourth**, Plaintiff is disabled and could not research the local rules. Plaintiff's cognitive disorders made it difficult to locate and understand the 35-day requirement.

**Fifth**, Plaintiff has filed this notice requesting decision on the papers. If the Court grants that request, the hearing date becomes irrelevant.

## VI. SECTION 504 OF THE REHABILITATION ACT REQUIRES THE COURT TO PROVIDE A REASONABLE ACCOMMODATION

Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), prohibits disability-based exclusion from participation in covered programs and activities. Plaintiff respectfully requests reasonable accommodation to ensure meaningful access to judicial proceedings consistent with Section 504 and the disability-access principles recognized in *Tennessee v. Lane,* 541 U.S. 509, 533-34 (2004) (although arising under Title II of the ADA, its reasoning regarding meaningful access to judicial proceedings applies with equal force to Plaintiff's Rehabilitation Act claim).

A plaintiff bringing suit under Section 504 must show: (1) they are a qualified individual with a disability; (2) they were denied a reasonable accommodation that they need in order to enjoy meaningful access to the benefits of public services; and (3) the program providing the benefit receives Federal financial assistance. *Mark H. v. Hamamoto,* 620 F.3d 1090, 1097 (9th Cir. 2010).

Exempting Plaintiff from an oral hearing that Plaintiff cannot meaningfully participate in is a reasonable accommodation. Deciding this case on the papers is a reasonable accommodation. Permitting Plaintiff to submit written argument in lieu of oral appearance is a reasonable accommodation. Requiring Plaintiff to participate in an oral hearing when Plaintiff has documented cognitive disorders that make real-time information processing impossible is not meaningful access. It is a denial of access in violation of Section 504.

Plaintiff has previously requested reasonable accommodations. Those requests remain pending. The Court should rule on them now.

**VII. REQUEST FOR RELIEF**

**Plaintiff respectfully requests that the Court:**

**1.**    Excuse Plaintiff's inability to appear at the June 5, 2026 hearing due to Plaintiff's transient status, lack of telephone, cognitive disabilities, and limited English proficiency.

**2.**    Decide all pending motions on the papers without oral argument pursuant to Civil Local Rule 7-1(b), including:

- Defendants' Motion to Dismiss (ECF No. 20).

- Plaintiff's Motion to Strike Defendants' Reply for Defective Service (ECF No. 27).

**3.**    Excuse the defective hearing date on Plaintiff's Motion to Strike (ECF No. 27) due to Plaintiff's pro se status, disability, and lack of prejudice to Defendants.

**4.**    Rule on Plaintiff's pending requests for reasonable accommodation under Section 504 of the Rehabilitation Act, including Plaintiff's request to have all matters decided on the papers

without oral argument.

5.      Grant such other and further relief as the Court deems just and proper.

Dated: May 19, 2026

Respectfully submitted,

/s/ Alex Yakovlev
ALEX YAKOVLEV
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I, ALEX YAKOVLEV, certify that on May 19, 2026, I served a true and correct copy of this Notice on Defendants' counsel via email to Lisa.Atwood@bbklaw.com and Matthew.Green@bbklaw.com.

Executed May 19, 2026, in Sacramento County, California.

/s/ Alex Yakovlev
ALEX YAKOVLEV

PLAINTIFF'S NOTICE OF REQUEST FOR DECISION ON THE PAPERS