Alex Yakovlev, Pro Se
General Delivery
Sacramento, CA 95812-9999
Email: alexjacobsky@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEX YAKOVLEV,<br><br>                                  Plaintiff,<br><br>v.<br><br>THE SAN FRANCISCO<br>SUPERIOR COURT, et al.,<br>                                  Defendants. | **Case No:** 3:26-cv-01132 (PS)<br>**DECLARATION OF ALEX YAKOVLEV IN SUPPORT OF NOTICE OF REQUEST FOR DECISION ON THE PAPERS AND REQUEST FOR ACCOMMODATION OF DISABILITY UNDER SECTION 504 OF THE REHABILITATION ACT**<br>**Date:** June 5, 2026<br>**Time:** 10:00 a.m.<br>**Dept.:** Courtroom A (15th Floor) |

**I, ALEX YAKOVLEV, DECLARE AS FOLLOWS:**

**I. MY COGNITIVE DISABILITIES AND LANGUAGE LIMITATIONS**

**1.**      I am the Plaintiff in this action. I am proceeding pro se. I have no legal training. I am not an attorney.

**2.**      I have cognitive disorders including dyslexia and related processing deficits. These are neurological conditions. They directly impair my ability to plan, organize, recall information from memory, track complex procedural details, and process information in real time.

**3.**      Due to these cognitive disorders, I cannot process real time information during oral proceedings. When someone speaks to me at normal speed, my brain cannot keep up. By the time I have processed the first few words, the speaker has already moved on to the next sentence. I miss critical information.

**4.**      I cannot simultaneously listen to what is being said, comprehend the legal meaning of the words, formulate a response, and recall the legal authorities needed to support that response. This is not a matter of preparation or effort. It is a neurological limitation that I cannot overcome.

DECLARATION OF ALEX YAKOVLEV IN SUPPORT OF NOTICE OF REQUEST FOR DECISION

5. I frequently forget words altogether when speaking or attempting to respond. This includes simple, everyday words that I know and can write without difficulty. When I am writing, I have time to pause, to think, to search for the right word, to look up a word I cannot recall, to delete and rewrite. During a hearing, there is no time to look up a forgotten word or a forgotten citation. Once the word is gone from my working memory, it is gone.

6. English is not my first language. I have limited English proficiency. This compounds every cognitive difficulty I have described. When I encounter a word or phrase that is unfamiliar, there is no dictionary during a hearing. There is no time to translate. There is no opportunity to look up the meaning of a legal term I have not encountered before. The hearing moves on. I am left behind. Even written English requires extra processing time for me. Spoken English at normal speed is often incomprehensible to me.

## II. MY TRANSIENT STATUS AND LACK OF RESOURCES

7. I am transient. I am currently located in Sacramento County, California. I do not have a permanent physical address. I keep a General Delivery address for mailing purposes only. I cannot reliably receive mail at this address because General Delivery depends on my ability to check it regularly, which my circumstances make difficult.

8. After two decades of waiting, I was selected for a Section 8 housing voucher from the San Francisco Housing Authority. During that waiting process, I was constantly kicked out of the waiting line because I did not respond to letters – letters sent to addresses where I could not receive mail. I could not respond because I never received them.

9. I was selected for the voucher but I cannot move to San Francisco due to lack of funds to pay the security deposit. In San Francisco, landlords require first and last month's rent as a security deposit. I cannot afford even one month of rent in San Francisco, let alone two months.

10. I cannot travel to San Francisco for an in-person hearing. The cost of transportation is

DECLARATION OF ALEX YAKOVLEV IN SUPPORT OF NOTICE OF REQUEST FOR DECISION

prohibitive. The cost of lodging is prohibitive. I cannot afford a bus ticket or a place to stay.

11.     I do not have a working telephone. I cannot afford a cell phone plan. I rely on shared computers for internet access, which do not have telephone capability.

**III. DEFENDANTS' DEFECTIVE SERVICE**

12.     On May 15, 2026, Defendants filed their Reply Memorandum (ECF No. 25). I did not receive any email from Defendants on May 15, 2026. I did not receive any email attaching the reply. I received only an automated Notice of Electronic Filing from the Court's CM/ECF system with a one-time hyperlink.

13.     I clicked the hyperlink once and downloaded the reply. When I attempted to access the link again later, the link was dead. I could not retrieve the document again.

14.     On May 19, 2026, Defendants filed an Amended Proof of Service (ECF No. 28). This does not change the fact that on May 15, 2026, Defendants violated this Court's Order at ECF No. 13 by failing to serve me via email.

15.     Because Defendants failed to serve me properly, I did not receive actual notice of the June 5, 2026 hearing date in time to make arrangements to appear. I learned of the hearing date only after independently checking the docket.

**IV. MY PRIOR REQUESTS FOR ACCOMMODATION AND DECISION ON THE PAPERS**

16.     On September 16, 2025, I filed a Request for Reasonable Accommodations in San Francisco Superior Court Case No. CGC09484709. In that request, I explicitly stated that due to my cognitive disabilities including dyslexia, I cannot adequately participate in telephonic or video hearings. I requested that all hearings be conducted in person to allow for necessary processing time, or alternatively, that all matters be decided on the written papers.

17.     On April 26, 2026, I filed my Opposition to Defendants' Motion to Dismiss. In that

DECLARATION OF ALEX YAKOVLEV IN SUPPORT OF NOTICE OF REQUEST FOR DECISION

opposition, I incorporated by reference all prior requests for reasonable accommodations.

18.    On May 18, 2026, I filed my Objection to Defendants' Reply Memorandum on the Merits. In that objection, I again incorporated prior accommodation requests.

19.    On May 18, 2026, I filed my Motion to Strike Defendants' Reply for Defective Service (ECF No. 27).

20.    The Court has not yet ruled on any of my requests for accommodation.

**V. WHY I CANNOT PARTICIPATE IN THE JUNE 5, 2026 HEARING**

21.    I cannot participate in the June 5, 2026 hearing for the following reasons:

22.    **First**, my cognitive disorders make real-time information processing impossible. I cannot listen, comprehend, formulate responses, and recall legal authorities simultaneously. Any oral hearing would be impossible for me to meaningfully participate in.

23.    **Second**, my limited English proficiency means I cannot understand complex legal terminology spoken at normal speed. I need extra time to process written English. Spoken English at normal speed is often incomprehensible to me.

24.    **Third**, I am transient and currently located in Sacramento County. I cannot travel to San Francisco. I cannot afford transportation or lodging.

25.    **Fourth**, I do not have a working telephone. I cannot afford a cell phone plan. I cannot participate in a telephonic hearing even if one were offered.

26.    **Fifth**, telephonic or video participation is not a reasonable accommodation for my disabilities. I cannot process real-time spoken information regardless of whether it comes from a phone speaker, a computer speaker, or a live person standing in the same room. I need written materials that I can process at my own speed.

**VI. MY REQUEST FOR ACCOMMODATION UNDER THE REHABILITATION ACT**

DECLARATION OF ALEX YAKOVLEV IN SUPPORT OF NOTICE OF REQUEST FOR DECISION

27. Under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), I respectfully request reasonable accommodation to ensure meaningful access to judicial proceedings consistent with Section 504 and the disability-access principles recognized in *Tennessee v. Lane,* 541 U.S. 509, 533-34 (2004).

28. I am a qualified individual with a disability. I have cognitive disorders including dyslexia.

29. I am requesting a reasonable accommodation: that the Court decide all pending motions on the papers without any oral hearing.

30. This accommodation is reasonable because the pending motions have been fully briefed and supported by written submissions from the parties. The Court does not need oral argument to decide these motions.

31. Requiring me to participate in an oral hearing would not provide meaningful access. I cannot process real-time information. I cannot understand spoken English at normal speed. I cannot travel to San Francisco. I do not have a telephone. Any oral hearing would be impossible for me to meaningfully participate in.

32. I have requested this accommodation repeatedly. The Court has not ruled on my requests. I respectfully ask the Court to rule on them now.

**VII. CONCLUSION**

33. I respectfully request that the Court grant the relief requested in my Notice of Request for Decision on the Papers.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed May 19, 2026, in Sacramento County, California.

/s/ Alex Yakovlev
ALEX YAKOVLEV

DECLARATION OF ALEX YAKOVLEV IN SUPPORT OF NOTICE OF REQUEST FOR DECISION

**CERTIFICATE OF SERVICE**

I, ALEX YAKOVLEV, certify that on May 19, 2026, I served a true and correct copy of this Declaration on Defendants' counsel via email to Lisa.Atwood@bbklaw.com and Matthew.Green@bbklaw.com.

Executed May 19, 2026, in Sacramento County, California.

/s/ Alex Yakovlev
ALEX YAKOVLEV

DECLARATION OF ALEX YAKOVLEV IN SUPPORT OF NOTICE OF REQUEST FOR DECISION