Alex Yakovlev, Pro Se
General Delivery
Sacramento, CA 95812-9999
Email: alexjacobsky@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEX YAKOVLEV,<br><br>           Plaintiff,<br><br>v.<br><br>THE SAN FRANCISCO SUPERIOR COURT, et al.,<br>           Defendants. | **Case No:** 3:26-cv-01132 (PS)<br>**PLAINTIFF'S CONSOLIDATED RESPONSE TO DEFENDANTS' REQUEST FOR REMOTE APPEARANCE (ECF No. 30), OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (ECF No. 20), AND RENEWED REQUEST FOR DECISION ON THE PAPERS AND ACCOMMODATION UNDER SECTION 504 OF THE REHABILITATION ACT** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ 3

  CASES .......................................................................................................................... 3

  STATUTES .................................................................................................................. 4

  RULES ......................................................................................................................... 4

I. INTRODUCTION: WHY THIS CASE MUST PROCEED AND WHY ALL MOTIONS SHOULD BE DECIDED ON THE PAPERS ................................................................................. 5

II. THE SIX PREDICATE CASES WERE NOT ADVERSE DETERMINATIONS ......................... 6

III. THE VISA CASE: NON-EXISTENT DEFENDANT AND DEFECTIVE SERVICE ................. 7

  A. The Visa Defendant Never Existed ........................................................................ 7

  B. Service in the Visa Case Was Defective ................................................................. 8

  C. The Visa Case Should Never Have Been Before Any Court ....................................... 8

CONSOLIDATED RESPONSE TO DEFENDANTS' REQUEST FOR REMOTE APPEARANCE

IV. THE COSTCO CASE: DEFECTIVE SERVICE, RETROACTIVE APPLICATION, AND REFUSAL TO EXPLAIN.................................................................................................. 8

A. The Proof of Service Was Absolutely Defective ............................................. 8

B. The Prefiling Order Was Applied Retroactively — A Violation of Due Process ........................ 9

C. The Court Refused to Explain Why the Motion Was Rejected ....................................... 9

V. THE VICTOR HUI CASE SHOWS ASYMMETRICAL TREATMENT ................................ 10

VI. THE COURT OF APPEAL QUESTIONED THE PREFILING ORDER................................... 10

VII. THE STATE COURT USED THE WRONG FORM (VL-125) ................................................. 11

VIII. THE CATCH-22: HOW THE PREFILING ORDER TRAPS PLAINTIFF ............................ 11

IX. THE COURT HAD A DUTY TO VERIFY. THE COURT DID NOT VERIFY. THE COURT FAILED IN ITS DUTY ................................................................................................................ 12

X. THE COURT OF APPEAL EVADED MEANINGFUL REVIEW.............................................. 12

XI. DEFENDANTS VIOLATED A DIRECT COURT ORDER (ECF No. 13) ............................. 13

XII. DEFENDANTS' PROOF OF SERVICE CONTAINED INACCURATE STATEMENTS....... 14

XIII. DEFENDANTS' MOTION TO DISMISS IS BASED ON ARGUMENTS IRRELEVANT TO PLAINTIFF'S CLAIMS ..................................................................................................... 14

XIV. PLAINTIFF CANNOT PARTICIPATE IN ORAL ARGUMENT. THE COURT MUST DECIDE ALL MOTIONS ON THE PAPERS........................................................................ 14

XV. DEFENDANTS' REQUEST FOR REMOTE APPEARANCE IS PREMATURE ................... 16

XVI. THE MOTION TO STRIKE HEARING DATE................................................................... 16

XVII. SECTION 504 OF THE REHABILITATION ACT.............................................................. 17

XVIII. THE ROOKER-FELDMAN DOCTRINE DOES NOT BAR THIS ACTION ...................... 17

XIX. THE ELEVENTH AMENDMENT DOES NOT BAR PLAINTIFF'S CLAIMS .................... 18

XX. THE ANTI-INJUNCTION ACT DOES NOT BAR THIS ACTION.......................................... 19

XXI. PLAINTIFF HAS STANDING FOR THEIR ADA CLAIM ..................................................... 19

XXII. ALL DEFENDANTS' ERRORS AND UNPROFESSIONAL CONDUCT ........................... 19

A. The 2009 Proceedings................................................................................................ 20

B. The *Victor Hui* Case (2009-2010)........................................................................... 20

C. The *Costco* Case (2008-2025).................................................................................. 20

D. The Visa Case (2009-2025) ....................................................................................... 21

E. The Court of Appeal (2010-2026).............................................................................. 21

F. The Current Federal Case (2026) .............................................................................. 22

XXIII. THE CASE MUST PROCEED TO DISCOVERY ................................................................ 23

XXIV. REQUEST FOR RELIEF ....................................................................................................... 24

Plaintiff respectfully requests that the Court: ................................................................... 24

CERTIFICATE OF SERVICE ............................................................................................................ 25

**TABLE OF AUTHORITIES**

**CASES**

*City of Los Angeles v. Lyons,* 461 U.S. 95, 105 (1983)

*Erickson v. Pardus,* 551 U.S. 89, 94 (2007)

*Ex parte Young,* 209 U.S. 123 (1908)

CONSOLIDATED RESPONSE TO DEFENDANTS' REQUEST FOR REMOTE APPEARANCE

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)

*Haines v. Kerner,* 404 U.S. 519, 520 (1972)

*Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1140-41 (9th Cir. 2004)

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)

*Mark H. v. Hamamoto,* 620 F.3d 1090, 1097 (9th Cir. 2010)

*Mothershed v. Justices of the Supreme Court,* 410 F.3d 602, 607 (9th Cir. 2005)

*Tennessee v. Lane,* 541 U.S. 509, 533-34 (2004)

**STATUTES**

28 U.S.C. § 2283 (Anti-Injunction Act)

29 U.S.C. § 794(a) (Rehabilitation Act of 1973, Section 504)

42 U.S.C. § 12133 (ADA Title II enforcement)

42 U.S.C. § 1983 (Civil action for deprivation of rights)

California Code of Civil Procedure § 391(b)(1)

California Code of Civil Procedure § 391.7

California Code of Civil Procedure § 391.8

California Code of Civil Procedure § 473(d)

California Code of Civil Procedure § 415.30(a)

California Code of Civil Procedure § 415.30(c)

California Code of Civil Procedure § 1010.6(b)(3)

**RULES**

Federal Rule of Civil Procedure 5(b)(2)(E)

California Rules of Court, rule 2.251(b)(2)

Civil Local Rule 7-1(b) (N.D. Cal.)

Civil Local Rule 7-2(a) (N.D. Cal.)

-4-

CONSOLIDATED RESPONSE TO DEFENDANTS' REQUEST FOR REMOTE APPEARANCE

## I. INTRODUCTION: WHY THIS CASE MUST PROCEED AND WHY ALL MOTIONS SHOULD BE DECIDED ON THE PAPERS

Plaintiff Alex Yakovlev, proceeding pro se, transient, disabled, low-income, and nonbinary, submits this consolidated response. This filing explains why Defendants' Request for Remote Appearance (ECF No. 30) must be rejected, why all pending motions should be decided on the papers without oral argument, why Defendants' Motion to Dismiss (ECF No. 20) must be denied, and why this case must proceed.

Plaintiff is not asking this Court to reverse any state court judgment. Complaint ¶ 23. Plaintiff is asking this Court to secure the fundamental constitutional right of access to the courts — a right that has been denied for seventeen years. The prefiling order that bars Plaintiff was obtained through a declaration that misrepresented prior cases as adverse when they were not. The state court has refused to accept Plaintiff's evidence. The state court has issued boilerplate denials without explanation. The state court has used improper forms. The state court has simply said "denied" for seventeen years. No explanation. No analysis. No hearing. No appeal.

Plaintiff cannot participate in oral argument due to disability, hardship, and lack of access to technology. Plaintiff has documented dyslexia and cognitive processing disorders that impair real-time information processing. Plaintiff has limited English proficiency. Plaintiff is transient and lacks a working telephone. Plaintiff relies on shared computers, which have no telephone capability and may crash without warning. Plaintiff cannot travel to San Francisco for an in-person hearing. The cost of transportation and lodging is prohibitive.

Plaintiff and Defendants should be in equal positions before this Court. The Court should decide who has the stronger argument based on the written record, not based on who can speak faster or who has better technology. On the papers, there is no fast talking. There are no citing cases not in the record. There are no misrepresenting claims in real time. On the papers, the record speaks for

itself. The Court can review the evidence. The Court can compare Defendants' representations to the actual complaint. The Court can see that Defendants have misrepresented Plaintiff's claims and ignored Plaintiff's evidence.

The Court should grant Plaintiff's request for decision on the papers, reject Defendants' request for remote appearance, and decide all pending motions without oral argument. Under Civil Local Rule 7-1(b) and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), this is the only accommodation that ensures meaningful access to judicial proceedings for a disabled, low-income, transient pro se litigant.

**II. THE SIX PREDICATE CASES WERE NOT ADVERSE DETERMINATIONS**

The prefiling order that has barred Plaintiff from the courts for seventeen years was based on a declaration listing prior cases as "finally determined adversely" to Plaintiff under California Code of Civil Procedure § 391(b)(1). Those cases were not adverse.

**Case One: McKenzie (CGC-04-430632).** This case was dismissed with prejudice after a settlement where Plaintiff received $2,000. A settlement is not an adverse determination. It is a contractual resolution. Plaintiff did not lose. Plaintiff received money.

**Case Two: Housing Corps (CGC-05-441783).** This case was dismissed with prejudice after a settlement where Plaintiff received $850. Same. Not adverse.

**Case Three: Robertson (CGC-05-444491).** This case was dismissed with prejudice after a settlement where Plaintiff received $850. Same. Not adverse.

**Case Four: Costco (CGC-09-483982).** This case was dismissed without prejudice to allow Plaintiff to refile in small claims court. A dismissal without prejudice is not a final adverse determination. The court later amended its order to reflect this.

**Case Five: Costco (CGC-08-478705).** This case had a judgment entered based on absolutely defective proof of service. The proof of service had the parties reversed, listing Plaintiff as the

-6-

defendant and Costco as the plaintiff. Plaintiff's name was misspelled as "YAKOVIEV." The document was not on the mandatory Judicial Council form POS-010. There was no declaration under penalty of perjury from a registered process server. The court never acquired personal jurisdiction. This case should never have been judged at all. The judgment is void for lack of personal jurisdiction.

**Case Six: Chernoblsky (CIV422066).** This case is still pending on appeal. A pending case cannot be a final adverse determination.

The Court of Appeal listed six cases in its 2011 opinion. The original motion may have listed five cases. Plaintiff does not know which case was added, why it was added, or whether it was truly adverse. The courts have blocked Plaintiff from accessing the records to find out. Plaintiff needs discovery to uncover the truth about the 2009 proceedings.

### III. THE *VISA* CASE: NON-EXISTENT DEFENDANT AND DEFECTIVE SERVICE

The *Visa* case — the very case in which the prefiling order was issued — was based on a non-existent defendant and defective service.

#### A. The *Visa* Defendant Never Existed

The *Visa* defendant was sued under five different names. The complaint named "Visa Purchase Security Enhancement Services." Counsel later stated the proper name was "Visa Enhancement Services." The acknowledgment listed "Visa Purchase Security PROGRAM Enhancement Services." The court's docket listed "Visa Purchase Security ENCHANCEMENT Services" — a misspelling. The defendant's own email identified "Enhancement Services." Five different names for the same alleged entity.

The California Secretary of State has no record of any entity by any of these names (Exhibit T). A lawsuit can only be maintained against a legal entity that exists. The court never had jurisdiction over the *Visa* case. The prefiling order obtained in that case is void.

**B. Service in the *Visa* Case Was Defective**

The acknowledgment of receipt was faxed without a written agreement as required by California Code of Civil Procedure § 1010.6(b)(3) and California Rules of Court, rule 2.251(b)(2). Under CCP § 415.30(a), the defendant has 20 days from the date of mailing to sign and return the acknowledgment. The deadline was February 24, 2009. The acknowledgment was signed on March 6, 2009 — ten days late. Under CCP § 415.30(a), if the acknowledgment is not returned within 20 days, service is not complete. California Code of Civil Procedure § 415.30(c) provides that if the acknowledgment is not returned within 20 days, service is not complete and alternative service must be attempted. No alternative service was ever attempted in the *Visa* case.

The acknowledgment listed the wrong defendant name: "Visa Purchase Security PROGRAM Enhancement Services" — not the name in the complaint. A defendant cannot be properly served when the name on the acknowledgment does not match the name in the complaint.

There was no written agreement authorizing fax service as required by CCP § 1010.6 and California Rules of Court, rule 2.251. A faxed acknowledgment is not valid service.

**C. The *Visa* Case Should Never Have Been Before Any Court**

Because the defendant never existed and service was defective, the court never had jurisdiction. The prefiling order obtained in that case is void. A void order cannot bar Plaintiff from the courts.

**IV. THE *COSTCO* CASE: DEFECTIVE SERVICE, RETROACTIVE APPLICATION, AND REFUSAL TO EXPLAIN**

The *Costco* case had defective service, was decided before the prefiling order existed, and the court refused to explain why Plaintiff's motion was rejected.

**A. The Proof of Service Was Absolutely Defective**

The *Costco* case (CGC-08-478705) had a proof of service that was defective on its face. The

parties were reversed: the document listed "Plaintiff: COSTCO WHOLESALE" and "Defendant: YAKOVIEV, ALEX." Plaintiff's name was misspelled as "YAKOVIEV." The document was not on the mandatory Judicial Council form POS-010. There was no declaration under penalty of perjury from a registered process server. The court never acquired personal jurisdiction. This case should never have been judged at all. The judgment is void for lack of personal jurisdiction.

### B. The Prefiling Order Was Applied Retroactively — A Violation of Due Process

The *Costco* case was filed on August 15, 2008. It was dismissed in 2008 — before the vexatious litigant prefiling order was issued in April 2009. The prefiling order did not exist when the *Costco* case was filed. The prefiling order did not exist when the *Costco* case was dismissed. The prefiling order cannot retroactively apply to a case that was already concluded before the order existed. Despite this, the San Francisco Superior Court used the prefiling order to block Plaintiff from filing a § 473(d) motion to vacate the void judgment. The Court of Appeal denied Plaintiff's appeals in the *Costco* case in 2010 and again in 2025 — each time citing the prefiling order that did not exist when the case was decided. Neither court ever addressed the fundamental question: how can a 2009 prefiling order apply to a 2008 case?

### C. The Court Refused to Explain Why the Motion Was Rejected

Plaintiff mailed a Motion to Vacate Void Judgment. The clerk rejected it and mailed a list of deficiencies to an address where Plaintiff could not receive mail. The letter was returned to the court as undeliverable. The court knew the letter was returned undeliverable. The court knew Plaintiff could not receive mail at that address. Plaintiff requested the list of deficiencies via email as an accommodation. The staff attorney responded: "I cannot access the list of deficiencies. The system will not allow me to." The court did not email the list. The court did not provide any alternative means of communication. The court simply refused to file the motion and refused to explain why. Plaintiff still does not know why the motion was rejected.

-9-

CONSOLIDATED RESPONSE TO DEFENDANTS' REQUEST FOR REMOTE APPEARANCE

A VL-110 request was enclosed with the motion. However, a VL-110 was not required to file the Motion to Vacate Void Judgment. The Costco case was dismissed in 2008 — before the vexatious litigant prefiling order was issued in April 2009. The prefiling order cannot retroactively apply to a case that was already concluded before the order existed. The Court of Appeal itself questioned this very issue in its April 6, 2026 order.

## V. THE *VICTOR HUI* CASE SHOWS ASYMMETRICAL TREATMENT

In the *Victor Hui* case, Plaintiff served a motion by fax to Defendant's counsel. The court dismissed Plaintiff's motion, stating there was no agreement to accept fax service. Yet in the *Visa* case, the same court accepted a faxed acknowledgment from Defendant's counsel without any written agreement. The rules apply asymmetrically: Defendants may serve by fax without agreement; Plaintiff may not. Plaintiff is held to strict compliance with every rule. Defendants are held to no compliance at all. This pattern has persisted for seventeen years.

## VI. THE COURT OF APPEAL QUESTIONED THE PREFILING ORDER

On April 6, 2026, for *Yakovlev vs San Mateo Superior Court* case, the First District Court of Appeal issued an order explicitly questioning whether a prefiling order should apply to a motion to vacate a judgment in a case concluded before the order existed. The court asked respondent, *San Mateo Superior Court:* "why should the motion to vacate, under those circumstances, be considered new litigation under the vexatious litigant statutes?"

The Court of Appeal prior to that, in 2025, denied Plaintiff's writ petitions for *Costco* and *Visa* cases with boilerplate language: "failed to demonstrate a reasonable possibility his petition has merit." The court provided no analysis of Plaintiff's evidence. The court did not explain why settlement agreements, dismissals without prejudice, and void judgments constitute adverse determinations. The California Supreme Court granted judicial notice but denied review without explanation. The Court of Appeal's own order identified the very issue Plaintiff has been trying to

raise for seventeen years. Yet it denied relief without analysis.

## VII. THE STATE COURT USED THE WRONG FORM (VL-125)

In the *Visa* case, Plaintiff filed a § 473(d) motion to vacate the vexatious litigant order. The court did not accept the motion for filing. Instead, the court issued a VL-125 order. Form VL-125 is designated for VL-120 applications under California Code of Civil Procedure § 391.8 — applications to vacate a prefiling order. Plaintiff never filed a VL-120 application. Plaintiff filed a formal noticed motion under § 473(d). The court used the wrong form. The court emailed Plaintiff the VL-125 order. The order was a one-page form denial with no analysis, no findings of fact, no conclusions of law. The order did not explain why attached to that order Plaintiff's evidence — including settlement agreements, the non-existent Visa defendant, and defective proofs of service — did not show that the vexatious litigant order was void. The order simply denied the Plaintiff access to justice. The court's own staff attorney admitted that Plaintiff did not submit a VL-120 application. The staff attorney acknowledged that the court was using the wrong form. Nevertheless, the court refused to accept Plaintiff's § 473(d) motion and refused to issue a proper order explaining its reasoning.

## VIII. THE CATCH-22: HOW THE PREFILING ORDER TRAPS PLAINTIFF

The prefiling order creates an insurmountable Catch-22. To challenge the order, Plaintiff must obtain permission to file under California Code of Civil Procedure § 391.7. To obtain permission, Plaintiff must show that the challenge "has merit." To show merit, the court must review Plaintiff's evidence — including settlement agreements (Exhibits B, C), a dismissal without prejudice (Exhibit D), a proof of service with the parties reversed (Exhibit K), Secretary of State search results showing the *Visa* defendant never existed (Exhibit T), and an acknowledgment of service that was faxed, returned late, and listed the wrong defendant name (Exhibit U). The state court refuses to review this evidence. It simply denies permission with boilerplate language: "failed to demonstrate a reasonable possibility his petition has merit." The court never explains why settlements, dismissals without

prejudice, and void judgments constitute "adverse determinations" under § 391(b)(1). The court never explains why a non-existent entity can be a defendant. The court never explains why a faxed acknowledgment with the wrong name constitutes valid service. The court never explains anything.

The court just says "denied." No explanation. No analysis. No hearing. No appeal. For seventeen years, Plaintiff has received the same response: "denied." No explanation. No analysis. No hearing. No appeal. The prefiling order itself is the injury. It bars Plaintiff from filing anything. It has barred Plaintiff for seventeen years. Each day it remains in effect is a fresh injury.

## IX. THE COURT HAD A DUTY TO VERIFY. THE COURT DID NOT VERIFY. THE COURT FAILED IN ITS DUTY

A court cannot issue a prefiling order that bars a litigant for life and takes their security deposit without verifying the factual basis for that order. Due process requires nothing less. The declaration submitted to the court listed settled cases as adverse. It listed a non-existent entity as a defendant. It relied on defective service. The court did not verify any of this. The court did not investigate. The court did not question why settled cases were listed as adverse. The court did not question why a non-existent entity was sued. The court did not question why service was defective. The court simply accepted whatever counsel told them.

The court failed in its duty. Plaintiff has been barred for seventeen years as a result. The court took Plaintiff's $1,500 security deposit and never returned it. Plaintiff needs discovery to find out what really happened. Plaintiff needs to obtain the court records. Plaintiff needs to know how many cases were actually listed. Plaintiff needs to know what evidence counsel had. Plaintiff needs to know what the court reviewed. The courts have blocked Plaintiff from accessing these records. The prefiling order itself has been used to block Plaintiff from challenging the prefiling order.

## X. THE COURT OF APPEAL EVADED MEANINGFUL REVIEW

Plaintiff filed a writ petition with the First District Court of Appeal. Plaintiff requested

CONSOLIDATED RESPONSE TO DEFENDANTS' REQUEST FOR REMOTE APPEARANCE

permission to file a writ petition with the Court of Appeal. The Court of Appeal then denied Plaintiff's application for permission to file the writ petition with boilerplate language: "failed to demonstrate a reasonable possibility his petition has merit." The court provided no analysis of Plaintiff's evidence. The court did not explain why settlement agreements, dismissals without prejudice, and void judgments constitute adverse determinations. The court simply denied permission to file, citing the prefiling order that Plaintiff was challenging.

The Court of Appeal denied rehearing without explanation. The California Supreme Court granted judicial notice but denied review without explanation. This pattern of exclusion is the reason Plaintiff needs email service. It is the reason this Court ordered email service at ECF No. 13. It is the reason Defendants' violation of that order is so harmful.

## XI. DEFENDANTS VIOLATED A DIRECT COURT ORDER (ECF No. 13)

On April 28, 2026, this Court issued ECF No. 13, ordering: "Defendants shall serve Plaintiff via email at alexjacobsky@gmail.com." The word "shall" is mandatory. Defendants were ordered to serve Plaintiff by email.

On May 15, 2026, Defendants filed their Reply Memorandum (ECF No. 25). They did not serve Plaintiff by email. They did not attach the reply. They filed with the Court and relied solely on the CM/ECF system to send an NEF with a one-time hyperlink that expired after one click. That is not service by email. That is a violation of a direct court order.

On April 24, 2026 — before the Court issued ECF No. 13 — Defendants served Plaintiff by email with a PDF attachment of their Motion to Dismiss. They demonstrated they knew how to serve Plaintiff properly. On May 15, 2026, after Plaintiff filed a 24-page opposition, Defendants changed their method without explanation. The Court ordered email service. Defendants relied on CM/ECF hyperlink service. That is not compliance. That is violation. The Court should strike Defendants' Reply Memorandum (ECF No. 25).

## XII. DEFENDANTS' PROOF OF SERVICE CONTAINED INACCURATE STATEMENTS

Defendants filed a Proof of Service (ECF No. 25-1) stating that "registration as a CM/ECF user constitutes consent to electronic service." Plaintiff has only limited efiling access and no full PACER access. Defendants later filed an Amended Proof of Service (ECF No. 28), acknowledging the original was defective. An amended proof of service cannot retroactively validate service that was defective when made. While Plaintiff is a registered CM/ECF user, this Court issued a specific order at ECF No. 13 requiring Defendants to serve Plaintiff via email at alexjacobsky@gmail.com. A one-time CM/ECF hyperlink that expires after a single click is not service via email as this Court ordered.

## XIII. DEFENDANTS' MOTION TO DISMISS IS BASED ON ARGUMENTS IRRELEVANT TO PLAINTIFF'S CLAIMS

Defendants' Motion to Dismiss (ECF No. 20) argues *Rooker-Feldman,* Eleventh Amendment, standing, and other doctrines. But these arguments do not address what Plaintiff is actually asking.

Plaintiff is not asking this Court to reverse state court judgments. Complaint ¶ 23. Plaintiff is asking this Court to secure the right of access to the courts — a right that has been denied for seventeen years. Plaintiff is asking this Court to compel the state court to accept Plaintiff's evidence and to issue reasoned decisions instead of boilerplate denials.

Defendants' *Rooker-Feldman* argument is irrelevant because Plaintiff is not seeking reversal of any judgment. Defendants' Eleventh Amendment argument is irrelevant because Plaintiff seeks prospective injunctive relief under *Ex parte Young,* not damages. Defendants' standing argument is irrelevant because the prefiling order itself is the ongoing injury.

The motion to dismiss should be denied because it does not address Plaintiff's actual claims.

## XIV. PLAINTIFF CANNOT PARTICIPATE IN ORAL ARGUMENT. THE COURT MUST DECIDE ALL MOTIONS ON THE PAPERS

Plaintiff has documented dyslexia and cognitive processing disorders that impair their ability

to process real-time information, recall words when speaking, and respond to rapid-fire verbal arguments. Plaintiff has limited English proficiency. English is not Plaintiff's first language. Spoken English at normal speed is often incomprehensible to them.

Plaintiff is low-income and transient. They cannot afford a working telephone or reliable internet access. They rely on shared computers, which have no telephone capability and may crash without warning. They cannot travel to San Francisco for an in-person hearing. The cost of transportation and lodging is prohibitive.

Plaintiff cannot compete with licensed attorneys who have access to technology, who can speak quickly, who can cite cases from memory, who can make arguments not in their briefs. Defendants have filed a false proof of service. They have violated this Court's order at ECF No. 13. They have misrepresented Plaintiff's claims. They have ignored Plaintiff's 26 exhibits. They have changed their service method without explanation.

In an oral hearing, Defendants' counsel will speak quickly. They will use complex legal language. They will cite cases Plaintiff has never heard of. They will make arguments that are not in their briefs. They will misrepresent Plaintiff's claims in real time. Plaintiff cannot respond. The Court will have no way to know what is true. The record will be distorted.

The only way to ensure that this Court is not misled is to decide all motions on the papers. On the papers, there is no fast talking. There are no citing cases not in the record. There are no misrepresenting claims in real time. On the papers, the record speaks for itself. The Court can review the evidence. The Court can compare Defendants' representations to the actual complaint. The Court can see that Defendants have misrepresented Plaintiff's claims and ignored Plaintiff's evidence.

Plaintiff and Defendants should be in equal positions before this Court. The Court should decide who has the stronger argument based on the written record, not based on who can speak faster

CONSOLIDATED RESPONSE TO DEFENDANTS' REQUEST FOR REMOTE APPEARANCE

or who has better technology. Under Civil Local Rule 7-1(b) and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), the Court is respectfully requested to exercise its discretion to grant Plaintiff's request for decision on the papers without oral argument.

## XV. DEFENDANTS' REQUEST FOR REMOTE APPEARANCE IS PREMATURE

Plaintiff requested decision on the papers under Civil Local Rule 7-1(b) on May 19, 2026 (ECF No. 29). That request remains pending. Defendants have not responded. If the Court grants Plaintiff's request, no hearing will occur and Defendants' request for remote appearance (ECF No. 30) will be moot. The Court should rule on Plaintiff's pending request before addressing Defendants' request. Plaintiff requested accommodation under Section 504 of the Rehabilitation Act on May 19, 2026. Defendants did not respond. Plaintiff cannot travel to San Francisco due to lack of funds and documented disabilities. Defendants ask to appear remotely to save money. Plaintiff asked for decision on the papers with no hearing. Defendants ask to appear remotely as if a hearing will happen. If a law firm with offices throughout California can request remote appearance for their own convenience, a vulnerable, disabled, low-income, nonbinary pro se litigant should be granted accommodation to have the matter decided on the papers.

## XVI. THE MOTION TO STRIKE HEARING DATE

Plaintiff acknowledges that the Motion to Strike filed May 18, 2026 was noticed for hearing on June 5, 2026, which is less than 35 days from filing as required by Civil Local Rule 7-2(a). Plaintiff is proceeding pro se, has no legal training, and has never filed a motion to strike before. Plaintiff was unaware of the 35-day requirement. Plaintiff made an honest mistake.

Plaintiff respectfully requests that the Court excuse this procedural error because Plaintiff is pro se, because Plaintiff is disabled, and because Defendants have not been prejudiced. The Supreme Court requires courts to liberally construe pro se filings. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). A pro se litigant's filings are held to less stringent standards than those drafted by lawyers. *Haines v.*

*Kerner,* 404 U.S. 519, 520 (1972). If the Court grants Plaintiff's request for decision on the papers, the hearing date becomes irrelevant.

### XVII. SECTION 504 OF THE REHABILITATION ACT

Courts have not definitively resolved whether Section 504 applies to Article III courts. Plaintiff requests accommodation under Section 504 and, alternatively, under the Court's inherent authority to ensure meaningful access to judicial proceedings.

A plaintiff bringing suit under Section 504 must show: (1) they are a qualified individual with a disability; (2) they were denied a reasonable accommodation that they need in order to enjoy meaningful access to the benefits of public services; and (3) the program providing the benefit receives Federal financial assistance. *Mark H. v. Hamamoto,* 620 F.3d 1090, 1097 (9th Cir. 2010).

Exempting Plaintiff from an oral hearing that Plaintiff cannot meaningfully participate in is a reasonable accommodation. Deciding this case on the papers is a reasonable accommodation. Requiring Plaintiff to participate in an oral hearing when Plaintiff has documented cognitive disorders that make real-time information processing impossible is not meaningful access. It is a denial of access in violation of Section 504.

### XVIII. THE *ROOKER-FELDMAN* DOCTRINE DOES NOT BAR THIS ACTION

*Rooker-Feldman* applies only to state-court losers complaining of injuries caused by state-court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). Plaintiff is not a state-court loser on the merits. The state courts have never ruled on the merits of Plaintiff's § 473(d) motion. A litigant who cannot get a motion accepted for filing is not a "loser" on the merits.

Plaintiff is not challenging a state-court decision in a particular case. Plaintiff is challenging the state court's administrative policy of refusing to accept CCP § 473(d) motions from a pro se litigant. The Ninth Circuit has held that federal courts have subject-matter jurisdiction over general challenges to state bar rules and policies that do not require review of a final state-court judgment in a

particular case. *Mothershed v. Justices of the Supreme Court,* 410 F.3d 602, 607 (9th Cir. 2005). Additionally, the extrinsic fraud exception applies. *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1140-41 (9th Cir. 2004). Conduct that prevents a party from presenting their claim constitutes extrinsic fraud outside *Rooker-Feldman's* scope. The prefiling order was procured by misrepresenting settlements and dismissals as adverse determinations, which prevented Plaintiff from presenting any claim for seventeen years.

Plaintiff does not ask this Court to review whether the state court correctly applied § 391.7 to their prior cases. Plaintiff asks this Court to enjoin the state court's systemic refusal to provide any reasoned screening decision — a practice that denies meaningful access to judicial proceedings regardless of the merits of any particular filing. Because Plaintiff challenges administrative barriers to filing — not the correctness of any judgment — *Rooker-Feldman* does not apply.

## XIX. THE ELEVENTH AMENDMENT DOES NOT BAR PLAINTIFF'S CLAIMS

Under *Ex parte Young,* 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective injunctive relief against state officials acting in their official capacities. Plaintiff sues Judge East and CEO Riley in their official capacities. Plaintiff seeks only prospective injunctive relief — an order compelling the state courts to provide meaningful access and reasonable accommodations. Plaintiff seeks no damages.

Congress validly abrogated state sovereign immunity for Title II ADA claims seeking prospective injunctive relief for court access. *Tennessee v. Lane,* 541 U.S. 509, 533-34 (2004). To the extent Plaintiff's claims arise under Title II of the ADA, Lane holds that Congress validly abrogated immunity for cases involving access to courts. Plaintiff's claims fall squarely within that category.

CEO Riley is not a judicial officer. He is the Court Executive Officer — an administrative position. The 1996 amendment to 42 U.S.C. § 1983 limiting injunctive relief against judicial officers does not apply to him.

## XX. THE ANTI-INJUNCTION ACT DOES NOT BAR THIS ACTION

The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits injunctions that stay proceedings in a State court. Plaintiff's claims do not seek to stay any proceeding. They seek to compel the state court to accept filings and provide accommodations — which is not a stay within the meaning of the Act.

To the extent the Act applies, Plaintiff's claims fall within the first exception — actions expressly authorized by Act of Congress — because Title II of the ADA expressly authorizes injunctive relief against public entities. 42 U.S.C. § 12133.

## XXI. PLAINTIFF HAS STANDING FOR THEIR ADA CLAIM

Under Article III, a plaintiff must show injury in fact, causation, and redressability. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). Plaintiff has demonstrated injury in fact — the prefiling order bars Plaintiff from accessing the courts. The injury is ongoing and continuous. Plaintiff has demonstrated causation — Defendants' enforcement of the prefiling order causes the injury. Plaintiff has demonstrated redressability — an injunction requiring the state courts to review Plaintiff's filings and accommodations would redress the injury. For prospective injunctive relief, Plaintiff must also demonstrate a sufficient likelihood of future harm. *City of Los Angeles v. Lyons,* 461 U.S. 95, 105 (1983). Plaintiff has demonstrated that every future filing will be rejected under the same policies. Plaintiff has drafted a § 473(d) motion to vacate the void judgment and stands ready to file it upon the state court's acceptance of filings. The state court's policy of rejecting such motions without review creates an imminent threat of continued exclusion.

## XXII. ALL DEFENDANTS' ERRORS AND UNPROFESSIONAL CONDUCT

The following is a comprehensive list of errors and unprofessional conduct by Defendants. These may not have been intentional, but they caused serious harm to Plaintiff. Defendants now seek to dismiss this case using arguments that are irrelevant to Plaintiff's actual claims.

CONSOLIDATED RESPONSE TO DEFENDANTS' REQUEST FOR REMOTE APPEARANCE

### A. The 2009 Proceedings

1.    Counsel submitted a declaration listing settled cases as adverse determinations, without disclosing that Plaintiff received money from those settlements.

2.    Counsel listed a case that was dismissed without prejudice as a final adverse determination.

3.    Counsel listed a case with defective service as a valid judgment.

4.    Counsel sued a non-existent entity (*Visa* defendant) without verifying its existence.

5.    Counsel used defective service (fax without written agreement, late acknowledgment, wrong defendant name) and represented it as valid.

6.    Counsel did not investigate any of these cases before submitting the declaration.

7.    The court accepted the declaration without verification.

8.    The court issued the prefiling order without a hearing where Plaintiff could appear.

9.    The court ordered Plaintiff to post a $1,500 security deposit.

10.    The court increased the security deposit to an impossible amount at counsel's request.

11.    The court dismissed Plaintiff's case when Plaintiff could not pay.

12.    The court has never returned Plaintiff's $1,500 security deposit.

### B. The *Victor Hui* Case (2009-2010)

13.    Plaintiff served a motion by fax. The court dismissed it for lack of a fax agreement.

14.    Yet in the *Visa* case, the same court accepted a faxed acknowledgment without any written agreement.

15.    The rules applied asymmetrically: Defendants could serve by fax without agreement; Plaintiff could not.

### C. The *Costco* Case (2008-2025)

16.    The *Costco* case was filed and dismissed in 2008 — before the prefiling order existed.

17.    The prefiling order cannot retroactively apply to a case concluded before it was issued.

18.    Despite this, the San Francisco Superior Court used the prefiling order to block Plaintiff's CCP § 473(d) motion.

19.    The clerk rejected Plaintiff's Motion to Vacate Void Judgment.

20.    The clerk mailed a list of deficiencies to an address where Plaintiff did not receive it.

21.    The letter was returned to the court as undeliverable.

**22.** The court knew the letter was returned undeliverable.

**23.** The court knew Plaintiff could not receive mail at that address.

**24.** Plaintiff requested the list of deficiencies via email as an accommodation.

**25.** The staff attorney responded: "I cannot access the list of deficiencies. The system will not allow me to."

**26.** The court refused to email the list.

**27.** The court refused to provide any alternative means of communication.

**28.** The court refused to explain why the motion was rejected.

**29.** Plaintiff still does not know why the motion was rejected.

**30.** The Court of Appeal denied Plaintiff's appeal in 2010 based on a prefiling order that did not exist when the case was decided.

**31.** The Court of Appeal denied Plaintiff's appeal again in 2025 based on the same inapplicable prefiling order.

**D. The *Visa* Case (2009-2025)**

**32.** The *Visa* defendant never existed. The court never had jurisdiction.

**33.** Service was defective (faxed, late, wrong name, no written agreement).

**34.** The court accepted defective service and proceeded.

**35.** The court issued the prefiling order based on a case that was void from the start.

**36.** In 2025, Plaintiff filed a CCP § 473(d) motion to vacate the prefiling order.

**37.** The court issued a VL-125 order — a form designated for VL-120 applications.

**38.** Plaintiff never filed a VL-120 application.

**39.** The court's own staff attorney admitted Plaintiff did not submit a VL-120 application.

**40.** The court used the wrong form and refused to accept Plaintiff's proper CCP § 473(d) motion.

**41.** The court issued a boilerplate denial with no explanation.

**E. The Court of Appeal (2010-2026)**

**42.** The Court of Appeal denied Plaintiff's appeal in the Costco case in 2010 based on a prefiling order that did not apply.

**43.** The Court of Appeal denied Plaintiff's appeal in the Costco case again in 2025 based on the same inapplicable prefiling order.

**44.** On April 6, 2026, the Court of Appeal asked: "why should the motion to vacate, under

CONSOLIDATED RESPONSE TO DEFENDANTS' REQUEST FOR REMOTE APPEARANCE

those circumstances, be considered new litigation under the vexatious litigant statutes?"

**45.** The Court of Appeal then denied Plaintiff's writ petition with boilerplate language: "failed to demonstrate a reasonable possibility his petition has merit."

**46.** The court provided no analysis of Plaintiff's evidence.

**47.** The court did not explain why settlement agreements, dismissals without prejudice, and void judgments constitute adverse determinations.

**48.** The court denied rehearing without explanation.

**49.** The California Supreme Court granted judicial notice but denied review without explanation.

**F. The Current Federal Case (2026)**

**50.** Defendants filed a Motion to Dismiss (ECF No. 20) that misrepresents Plaintiff's claims.

**51.** The motion states Plaintiff "seeks to have this Court undo recent state-court decisions." Complaint ¶ 23 says the opposite.

**52.** Defendants ignored Plaintiff's 26 exhibits in their motion.

**53.** Defendants filed a Reply Memorandum (ECF No. 25) that also ignores Plaintiff's exhibits.

**54.** Defendants violated this Court's Order at ECF No. 13 requiring email service.

**55.** Defendants did not serve the reply by email.

**56.** Defendants did not attach the reply.

**57.** Defendants relied on a one-time CM/ECF hyperlink that expired after one click.

**58.** Defendants changed their service method after Plaintiff filed a 24-page opposition, without explanation.

**59.** Defendants provided no courtesy copy of the reply.

**60.** Defendants filed a Proof of Service (ECF No. 25-1) stating that CM/ECF registration constitutes consent — inaccurate as applied to Plaintiff.

**61.** Defendants later filed an Amended Proof of Service (ECF No. 28), admitting the original was defective.

**62.** Defendants ignored Plaintiff's accommodation request (ECF No. 29).

**63.** Defendants ignored Plaintiff's request for decision on the papers (ECF No. 29).

**64.** Defendants filed a Request for Remote Appearance (ECF No. 30) instead of

CONSOLIDATED RESPONSE TO DEFENDANTS' REQUEST FOR REMOTE APPEARANCE

responding to Plaintiff's requests.

These errors and unprofessional conduct — whether intentional or not — have caused Plaintiff serious harm. Plaintiff has been barred from the courts for seventeen years. Plaintiff has lost the ability to pursue claims. Plaintiff has lost a $1,500 security deposit that was never returned. Plaintiff has suffered emotional distress, discrimination, and exclusion from justice.

Defendants now seek to dismiss this case using arguments that are irrelevant to Plaintiff's actual claims. They argue *Rooker-Feldman,* but Plaintiff is not seeking reversal of state court judgments. They argue the Eleventh Amendment, but Plaintiff seeks prospective injunctive relief under *Ex parte Young.* They argue standing, but the prefiling order itself is the ongoing injury. Their arguments do not address what Plaintiff is actually asking: access to the courts, acceptance of evidence, and reasoned decisions.

The motion to dismiss must be denied. This case must proceed so that Plaintiff can obtain discovery and uncover the full extent of what happened in the 2009 proceedings.

## XXIII. THE CASE MUST PROCEED TO DISCOVERY

Plaintiff does not know how many cases were listed in the original declaration. Plaintiff does not know whether the original declaration listed five or six cases. Plaintiff does not know which cases were added or why. Plaintiff does not know what evidence counsel had. Plaintiff does not know what the court reviewed. Plaintiff does not know why the court did not verify the declaration. Plaintiff does not know why the court accepted defective service. Plaintiff does not know why the court used the wrong form. Plaintiff does not know why the clerk could not access the list of deficiencies. Plaintiff does not know why the court refused to explain why the *Costco* motion was rejected.

Plaintiff needs discovery to find out. The courts have blocked Plaintiff from accessing these records. The prefiling order itself has been used to block Plaintiff from challenging the prefiling order. This is a Catch-22. The motion to dismiss must be denied so that Plaintiff can conduct

discovery and uncover the truth about the 2009 proceedings.

## XXIV. REQUEST FOR RELIEF

**Plaintiff respectfully requests that the Court:**

1.      Grant Plaintiff's request for decision on the papers under Civil Local Rule 7-1(b) and decide all pending motions without oral argument.

2.      Grant Plaintiff's request for reasonable accommodation under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), including decision on the papers as the only means of ensuring meaningful access.

3.      Reject Defendants' Request for Remote Appearance (ECF No. 30) as moot.

4.      Strike Defendants' Reply Memorandum (ECF No. 25) for violation of ECF No. 13.

5.      Deny Defendants' Motion to Dismiss (ECF No. 20).

6.      Find that Defendants' Proof of Service (ECF No. 25-1) contained inaccurate statements as applied to Plaintiff.

7.      Excuse the defective hearing date on Plaintiff's Motion to Strike (ECF No. 27) due to Plaintiff's pro se status and disability.

8.      Permit this case to proceed so that Plaintiff may conduct discovery regarding the 2009 proceedings, the predicate cases, the number of cases originally listed, what evidence counsel had, what the court reviewed, and why the court failed to verify the declaration before issuing a prefiling order that has barred Plaintiff for life and taken their security deposit.

9.      Grant such other and further relief as the Court deems just and proper.

Dated: May 30, 2026

Respectfully submitted,

/s/ Alex Yakovlev
ALEX YAKOVLEV
Plaintiff, Pro Se

CONSOLIDATED RESPONSE TO DEFENDANTS' REQUEST FOR REMOTE APPEARANCE

**CERTIFICATE OF SERVICE**

I, Alex Yakovlev, certify that on May 30, 2026, I served a true and correct copy of this Consolidated Response on Defendants' counsel via email to

Lisa.Atwood@bbklaw.com and Matthew.Green@bbklaw.com.

Executed May 30, 2026, at Sacramento County, California

/s/ Alex Yakovlev
ALEX YAKOVLEV

CONSOLIDATED RESPONSE TO DEFENDANTS' REQUEST FOR REMOTE APPEARANCE