MATTHEW L. GREEN, Bar No. 227904
matthew.green@bbklaw.com
BEST BEST & KRIEGER LLP
655 West Broadway, Suite 1500
San Diego, California 92101
Telephone: (619) 525-1300
Facsimile: (619) 233-6118

Attorneys for Defendants
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO; CALIFORNIA COURT OF APPEAL, FIRST APPELLATE DISTRICT; HON. ROCHELLE C. EAST, Presiding Judge of the Superior Court of California, County of San Francisco; and BRANDON RILEY, Court Executive Officer of the Superior Court of California, County of San Francisco

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEX YAKOVLEV,

Plaintiff,

v.

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 3:26-cv-01132-AGT
Judge: Hon. Alex G. Tse

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Complaint Filed: February 5, 2026

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

Defendants (1) Superior Court of California, County of San Francisco, (2) California Court of Appeal, First Appellate District, (3) the Honorable Rochelle C. East, Presiding Judge of the Superior Court of California, County of San Francisco, and (4) Brandon Riley, Court Executive Officer of the Superior Court of California, County of San Francisco (collectively, "Judicial Defendants"), respectfully submit the following memorandum in opposition to Plaintiff Alex Yakovlev's ("Plaintiff") motion for leave to file a First Amended Complaint ("FAC").

## I. INTRODUCTION

Currently pending before the Court are the Judicial Defendants' motion to dismiss the Complaint, which the Court took under submission on June 2, 2026, and now Plaintiff's motion for leave to amend the Complaint, which Plaintiff filed two months later on August 1, 2026. Dkts. 20, 32, 34. As detailed in the motion to dismiss papers, Plaintiff's Complaint is nothing more than an improper attack on state-court decisions denying his requests for leave to file motions to set aside adverse judgments, which approval is required because Plaintiff was declared a vexatious litigant and is subject to a prefiling order in California's state courts. Dkts. 20-3, 20-5, 20-7, 20-10; *see* Cal. Civ. Proc. Code § 391.7(b) (allowing vexatious litigant's filing "only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay"). The rulings challenged in the Complaint were issued in closed cases from the Superior Court of California, County of San Francisco and concluded mandamus proceedings in the California Court of Appeal, First Appellate District.[1] Dkts. 20-5, 20-7, 20-10.

In his proposed FAC, Plaintiff seeks to expand his attack to include adverse decisions issued in two additional cases, specifically a closed civil harassment restraining order matter, captioned *Yakovlev v. Chernobilsky*, Superior Court of California, County of San Mateo, Case No. CIV422066, and a more recent case, styled *Doe v. Cabrillo Community College District*, Superior Court of California, County of Santa Cruz, Case No. 25CV02484 ("Cabrillo Action"). Dkt. 34-1 at

---

[1] The state-court cases at issue in the Complaint are captioned, *Yakovlev v. Visa Enhancement Services*, Superior Court of California, County of San Francisco, No. CGC-09-484709, *Yakovlev v. Superior Court of the City and County of San Francisco*, California Court of Appeal, First Appellate District, No. A174449, *Yakovlev v. Costco Wholesale Membership, Inc.*, Case No. CGC-08-478705, and *Yakovlev v. Superior Court of the City and County of San Francisco*, California Court of Appeal, First Appellate District, No. A174757.



BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

10:15-13:2; Req. for Jud. Not. ("RJN") Exs. A-F.) The proposed FAC also seeks to add nine judicial branch defendants who were allegedly involved with these adverse rulings.[2] Dkt. 34-1 at 5-8 ¶¶ E-J, L-N.

The Cabrillo Action in particular underscores Plaintiff's vexatiousness. In flagrant disregard for the prefiling order, and in a clear effort to circumvent the order, Plaintiff attempted to proceed anonymously, identifying himself as "John Doe." RJN Ex. F. After discovering Plaintiff's identity, the defendant moved to dismiss the Cabrillo Action based on Plaintiff's failure to obtain leave to file the case. *Ibid.*; *see also* Cal. Civ. Proc. Code § 391.7(c) (requiring automatic dismissal where clerk mistakenly allows filing of litigation by vexatious litigant where party files notice that plaintiff is vexatious litigant subject to prefiling order, and plaintiff fails to obtain permission to file litigation from presiding judge within 10 days of said notice). RJN Ex. F. The superior court granted the motion in a detailed order issued on April 30, 2026, and denied Plaintiff's motion for reconsideration at a recent hearing on July 28, 2026. *Id.* Exs. F-H.)

The instant action is merely a continuation of Plaintiff's extensive efforts to avoid and undo the state-court prefiling order. The Court must reject such efforts. Specifically, leave to amend should be denied because the proposed FAC remains subject to dismissal on all of the same grounds raised in the Judicial Defendants' motion to dismiss the Complaint, i.e., the Eleventh Amendment, the *Rooker-Feldman* doctrine, the Anti-Injunction Act, 42 U.S.C. § 1983's express prohibition against injunctive relief, lack of standing with regard to the Americans with Disabilities Act ("ADA") claim, and failure to state a plausible claim for relief under the ADA. Dkt. 20 at 2 ¶¶ 1-6; Dkt. 20-1 at 11:3-19:21; Dkt. 25 at 2:25-10:2.

/ / /

---

[2] The new defendants identified in the proposed FAC are: (1) the Superior Court of California, County of San Mateo, (2) the Honorable Stephanie G. Garratt, Presiding Judge of the Superior Court of California, County of San Mateo, (3) Chad L. Peace, Court Executive Officer of the Superior Court of California, County of San Mateo, (4) the Superior Court of California, County of Santa Cruz, (5) the Honorable Jerry Bustos Vinluan III, Presiding Judge of the Superior Court of California, County of Santa Cruz, (6) Sasha Morgan, Court Executive Officer of the Superior Court of California, County of Santa Cruz, (7) the Honorable Tracie L. Brown, Presiding Justice of the California Court of Appeal, First Appellate District, (8) Charles Johnson, Clerk/Executive Officer of the California Court of Appeal, First Appellate District, and (9) Carolyn Ford, Deputy Clerk of the California Court of Appeal, First Appellate District. Dkt. 34-1 at 5-8 ¶¶ E-J, L-N. The proposed FAC names each of the individuals in their official capacities. *Id.* at 5-8 ¶¶ F-G, I-J, L-N.

The claims in the proposed FAC relating to the Cabrillo Action also suffer from another defect. The Court lacks jurisdiction over such claims based on *Younger* abstention, which precludes federal courts from interfering with ongoing state-court actions. Because further amendment is futile, the Court should deny Plaintiff's motion for leave to amend and dismiss the action against the Judicial Defendants without leave to amend.

## II. LEGAL STANDARD

Leave to amend a pleading is properly denied where the amendment is futile. *Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011). "Whether an amendment is 'futile' is measured by the same standards that govern a motion to dismiss." *Hofstetter v. Chase Home Fin., LLC*, 751 F.Supp.2d 1116, 1123 (N.D. Cal. 2010) (citation omitted); *see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Ed.*, 616 F.3d 963, 972 (9th Cir. 2010).

## III. PLAINTIFF'S CLAIMS RELATING TO THE CABRILLO ACTION ARE ADDITIONALLY BARRED BY *YOUNGER* ABSTENTION

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (internal quotations omitted). Under the *Younger* abstention doctrine, federal district courts must abstain from exercising jurisdiction "'when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Yelp Inc. v. Paxton*, 137 F.4th 944, 950-51 (9th Cir. 2025) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). "If these requirements are met, '[courts] then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies.'" *Id.* (quoting *ReadyLink Healthcare*, 754 F.3d at 758).

All four prongs of the *Younger* test are satisfied here. Starting with the first element, the Cabrillo Action is ongoing. The superior court recently heard and denied Plaintiff's motion for reconsideration of the dismissal order on July 28, 2026, and the proposed order on the motion is pending before the court. RJN, Exs. D, G, H.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

The second and third requirements are also present in this action. An important state interest is implicated because "a state has a vital interest in protecting 'the authority of the judicial system, so that its orders and judgments are not rendered nugatory.'" *Koppel*, 203 F.3d at 613 (quoting *Juidice v. Vail*, 430 U.S. 327, 336 n.12 (1977)). Indeed, "'[o]rders issued by California courts pursuant to [California's Vexatious Litigant Statute], like contempt orders, are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Richards v. Orange Cnty. Super. Ct.*, No. SA CV 21-00122-DMG (DFM), 2021 WL 1603250, at *2 (C.D. Cal. Mar. 30, 2021) (recognizing "[state-court] proceedings implicate the important state interest in enforcing" its "orders stemming from the state-court determination that Plaintiff was a vexatious litigant" (quoting *Raiser v. Cantil-Sakauye*, No. 15-1145, 2015 WL 7758511, at *3 (S.D. Cal. Dec. 1, 2015)); *see also Bhandary v. Ghatak*, No. 25-cv-04464-BLF, 2025 WL 1736006, at *4 (N.D. Cal. Jun. 23, 2025) (recognizing "important state interest[]" in state-court's vexatious litigant designation); *Herships v. California Super. Ct., Cnty. of Yolo*, No. 2:24-cv-00677-DAD-CKD, 2024 WL 3937516, at *2 (E.D. Cal. Aug. 26, 2024), *adopted*, 2024 WL 4534481 (E.D. Cal. Oct. 21, 2024) (applying *Younger* where "Plaintiff is seeking to undermine a state court order requiring him to post security in order to proceed in his state court action due to his vexatious litigant status").

To satisfy the fourth and final requirement of *Younger*, a plaintiff "need be accorded only an opportunity to fairly pursue [his] constitutional claims in the ongoing state proceedings[.]" *Juidice*, 430 U.S. at 337. "A plaintiff need not demonstrate actual success in raising federal issues—only the ability to fairly present them." *Zopatti v. Superior Ct. of Cal.*, No. 25-cv-2132-BJC-KSC, 2025 WL 3501922, at *3 (S.D. Cal. Oct. 23, 2025).

Here, the ability to raise federal claims in the Cabrillo Action exists in both the proceedings conducted by the superior court and by way of an appeal. *See, e.g.*, *Anthony v. Segura*, No. 24-cv-00458-BAS-SBC, 2024 WL 3315996, at *2 (S.D. Cal. Jul. 3, 2024) (recognizing "Plaintiff can raise his challenges to Defendant's orders on appeal in the state court system").

Finally, the granting of Plaintiff's requested relief would have the practical effect of enjoining the Cabrillo Action. The relief sought in the proposed FAC would result in orders issued therein being declared in violation of Plaintiff's civil rights, and their enforcement being enjoined.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

*See* Dkt. 34-1 at 20-21. The granting of such relief would constitute direct federal interference with ongoing state judicial proceedings, which *Younger* squarely prohibits. *See, e.g., Beck v. Superior Ct. of Cal., Cnty. of Orange*, No. 23-cv-0882-AGS-DDL, 2023 WL 5964753, at *2 (C.D. Cal. Sep. 13, 2023) (applying *Younger* where plaintiff alleged "that defendant is ruling against him in his state-court proceedings and ask[ed] th[e] Court to . . . enjoin defendant from enforcing its orders[] and issue declaratory relief arising from defendant's rulings[]"). The Court therefore lacks jurisdiction over Plaintiff's proposed new claims relating to the Cabrillo Action based on *Younger* abstention.

## IV. CONCLUSION

For the reasons set forth above, and in the Judicial Defendants' motion to dismiss papers, Dkts. 20, 25, the Court should deny Plaintiff's motion for leave to amend and dismiss the action against the Judicial Defendants without leave to amend.

Dated: August 14, 2026

BEST BEST & KRIEGER LLP

By: /s/ Matthew L. Green
MATTHEW L. GREEN
Attorneys for Defendant
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO; CALIFORNIA COURT OF APPEAL, FIRST APPELLATE DISTRICT; HON. ROCHELLE C. EAST, Presiding Judge of the Superior Court of California, County of San Francisco; and BRANDON RILEY, Court Executive Officer of the Superior Court of California, County of San Francisco

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

Yakovlev v. Superior Court of California, et. al
United States District Court, Northern District of California,
San Francisco Division, Case No. 3:26-CV-01132-AGT

**PROOF OF SERVICE**

I, Lisa Atwood, declare:

I am a citizen of the United States and employed in San Diego County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 655 West Broadway, 15th Floor, San Diego, California 92101. On August 14, 2026, I served a copy of the within document(s):

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAIINT;

REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO PLAINTFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

☒ **By Electronic Service**. Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record who are registered with the Court's EC/ECF system.

☒ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Alex Yakovlev, Pro Se<br>General Delivery (Homeless)<br>San Diego, CA 92110-9999 | IN PRO PER PLAINTIFF – VIA EMAIL<br><br>Tel.:<br>Email: alexjacobsky@gmail.com |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 14, 2026, at San Diego, California.

/s/ Lisa Atwood
Lisa Atwood



BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101