MATTHEW L. GREEN, Bar No. 227904
matthew.green@bbklaw.com
BEST BEST & KRIEGER LLP
655 West Broadway, Suite 1500
San Diego, California 92101
Telephone: (619) 525-1300
Facsimile: (619) 233-6118

Attorneys for Defendants
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO; CALIFORNIA COURT OF APPEAL, FIRST APPELLATE DISTRICT; HON. ROCHELLE C. EAST, Presiding Judge of the Superior Court of California, County of San Francisco; and BRANDON RILEY, Court Executive Officer of the Superior Court of California, County of San Francisco

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEX YAKOVLEV,

Plaintiff,

v.

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 3:26-cv-01132-AGT
Judge: Hon. Alex G. Tse

REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Complaint Filed: February 5, 2026

Defendants (1) Superior Court of California, County of San Francisco, (2) California Court of Appeal, First Appellate District, (3) the Honorable Rochelle C. East, Presiding Judge of the Superior Court of California, County of San Francisco, and (4) Brandon Riley, Court Executive Officer of the Superior Court of California, County of San Francisco, respectfully request that the Court take judicial notice of the following matters pursuant to Rule 201 of the Federal Rules of Evidence.

1. Register of Actions, *Yakovlev v. Chernobilsky*, Superior Court of California, County of San Mateo, Case No. CIV422066, printed August 12, 2026, a copy of which is attached as Exhibit "A" hereto.

2. Order to File New Litigation by Vexatious Litigant, Superior Court of California, County of San Mateo, Case No. CIV422066, filed November 20, 2025, a copy of which is attached as Exhibit "B" hereto.

3. Docket (Register of Actions), *Yakovlev v. Superior Court of San Mateo County*, California Court of Appeal, First Appellate District, No. A174980, printed August 12, 2026, a copy of which is attached as Exhibit "C" hereto.

4. Register of Actions, *Doe v. Cabrillo Community College District*, Superior Court of California, County of Santa Cruz, Case No. 25CV02484, printed August 12, 2026, a copy of which is attached as Exhibit "D" hereto.

5. Minute Order, *Doe v. Cabrillo Community College District*, Superior Court of California, County of Santa Cruz, Case No. 25CV02484, dated April 24, 2026, a copy of which is attached as Exhibit "E" hereto.

6. Order After Hearing Re: Defendant's Motion to Stay Pending Court's Action on Defendant's Vexatious Litigant Notice, or in the Alternative, Motion to Dismiss, *Doe v. Cabrillo Community College District*, Superior Court of California, County of Santa Cruz, Case No. 25CV02484, filed April 30, 2026, a copy of which is attached as Exhibit "F" hereto.

7. Minute Order, *Doe v. Cabrillo Community College District*, Superior Court of California, County of Santa Cruz, Case No. 25CV02484, dated July 28, 2026, a copy of which is attached as Exhibit "G" hereto.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

8. Proposed Order After Hearing Re: Plaintiff's Motion to Vacate Dismissal and for Reconsideration, *Doe v. Cabrillo Community College District*, Superior Court of California, County of Santa Cruz, Case No. 25CV02484, dated August 11, 2026, a copy of which is attached as Exhibit "H" hereto.

Dated: August 14, 2026

BEST BEST & KRIEGER LLP

By: /s/ Matthew L. Green
MATTHEW L. GREEN
Attorneys for Defendant
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO; CALIFORNIA COURT OF APPEAL, FIRST APPELLATE DISTRICT; HON. ROCHELLE C. EAST, Presiding Judge of the Superior Court of California, County of San Francisco; and BRANDON RILEY, Court Executive Officer of the Superior Court of California, County of San Francisco

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

# EXHIBIT A

## Case Information

CIV422066 | ALEX YAKOVLEV VS. MICHAEL CHERNOBILSKY

| Case Number | Court | |
|---|---|---|
| CIV422066 | Civil Unlimited | |
| File Date | Case Type | Case Status |
| 04/18/2002 | (43) Unlimited Other Petition (Not Spec) | Closed |

## Party

Plaintiff
YAKOVLEV, ALEX

Active Attorneys
Pro Se

Defendant
CHERNOBILSKY, MICHAEL

Active Attorneys
Pro Se

## Cause of Action

| File Date | Cause of Action | Type | Filed By | Filed Against |
|---|---|---|---|---|
| 04/18/2002 | Complaint | Action | YAKOVLEV, ALEX | CHERNOBILSKY, MICHAEL |

## Disposition Events

06/04/2002 Judgment

Judgment Type
Denied

Party
Name: CHERNOBILSKY, MICHAEL

Comment: 0001 COMPLAINT

Party
Name: YAKOVLEV, ALEX

Comment: 0001 COMPLAINT

## Events and Hearings

04/18/2002 Declaration

Comment
DEC: DECLARATION FOR ASSIGNMENT TO NORTHERN BRANCH

04/18/2002 Petition

Comment
PIPH: PETITION FOR INJUNCTION PROHIBITING HARASSMENT FILED.

04/18/2002 Conversion Action

Comment
OSCTRO: ORDER TO SHOW CAUSE RE TEMPORARY RESTRAINING ORDER (HARASSMENT) FILED BY ALEX YAKOVLEV, SIGNED BY JUDGE GATZERT ON 04/17/02.

04/18/2002 New Filed Case

04/18/2002 Cause Of Action

| Action | File Date |
|---|---|
| Complaint | 04/18/2002 |

04/30/2002 Proof of Service by PERSONAL SERVICE of

Comment
PSN: PROOF OF SERVICE (PERSONAL) OF OSC RE: TRO & SUPPORTING DOCUMENTS SERVED ON MICHAEL CHERNOBILSKY WITH SERVICE DATE OF 04/24/02 FILED.

05/01/2002 Conversion Action

Comment
RPIPH: RESPONSE TO PETITION FOR INJUNCTION PROHIBITING HARASSMENT FILED BY MICHAEL CHERNOBILSKY REPRESENTED BY PRO/PER

05/02/2002 Proof of Service by PERSONAL SERVICE of

Comment
PSN: PROOF OF SERVICE (PERSONAL) OF REPONSE SERVED ON ALEX YAKOVLEV WITH SERVICE DATE OF 05/01/02 FILED.

05/07/2002 Order to Show Cause Hearing

Original Type
Order to Show Cause Hearing

Judicial Officer
Karesh, Jonathan E.

Hearing Time
9:00 AM

Result
Held -

Comment
Dept: SSFLM HEARING: ORDER TO SHOW CAUSE RE: TEMPORARY RESTRAINING ORDER (HARASSMENT) FILED BY ALEX YAKOVLEV AND SIGNED BY JUDGE GATZERT ON 04/17/02

05/07/2002 Conversion Hearing

| Judicial Officer | Comment |
|---|---|
| Karesh, Jonathan E. | HEARING: ORDER TO SHOW CAUSE RE: TEMPORARY RESTRAINING ORDER (HARASSMENT) FILED BY ALEX YAKOVLEV AND SIGNED BY JUDGE GATZERT ON 04/17/02 |

05/07/2002 Conversion Minute

| Judicial Officer | Comment |
|---|---|
| Karesh, Jonathan E. | JCR: HONORABLE JONATHAN E. KARESH, JUDGE PRESIDING. CLERK: ROBERTA BERNAT. COURT REPORTER: DIANA M. MASETTI. |

05/07/2002 Conversion Minute

Comment
ACC: AT 11:39, COURT CONVENES.

05/07/2002 Conversion Minute

Comment
PTYPP: ALEX YAKOVLEV PRESENT IN PRO PER.

05/07/2002 Conversion Minute

Comment
PTYPP: MICHAEL CHERNOBILSKY PRESENT IN PRO PER.

05/07/2002 Conversion Minute

Comment
COM: MATTER IS BEING CONTINUED SO BOTH PLAINTIFF AND DEFENDANT CAN BRING IN THEIR WITNESSES.

05/07/2002 Conversion Minute

Comment
COM: TEMPORARY RESTRAINING ORDER IS EXTENDED TO THE NEXT COURT DATE.

05/07/2002 Conversion Minute

Comment
FFT: MATTER REFERRED TO THE CLERK'S OFFICE FOR A NEW COURT DATE SO THAT BOTH PLAINTIFF AND

05/07/2002 Conversion Minute

Comment
FFT: DEFENDANTS' WITNESSES CAN BE PRESENT AT THE NEXT COURT APPEARANCE.

05/07/2002 Conversion Minute

Comment
MICMS: ENTERED BY ROBERTA BERNAT ON 05/07/02.

05/07/2002 Conversion Minute

Comment
LINE: ====================================

05/14/2002 Application and Order for Reissuance of Order to Show Cause

Comment
APORO1: APPLICATION AND ORDER FOR REISSUANCE OF ORDER TO SHOW CAUSE FOR HARASSMENT - FILED BY ALEX YAKOVLEV.

06/04/2002 Order to Show Cause Hearing

Original Type
Order to Show Cause Hearing

Judicial Officer
SCHLICHTER, PAULA W

Hearing Time
9:00 AM

Result
Held -

Comment
Dept: SSFLM HEARING: ORDER TO SHOW CAUSE RE: TEMPORARY RESTRAINING ORDER (REISSUANCE) FILED BY ALEX YAKOVLEV AND SIGNED BY JUDGE J. KARESH ON 05/07/02

06/04/2002 Conversion Hearing

| Judicial Officer | Comment |
|---|---|
| SCHLICHTER, PAULA W | HEARING: ORDER TO SHOW CAUSE RE: TEMPORARY RESTRAINING ORDER (REISSUANCE) FILED BY ALEX YAKOVLEV AND SIGNED BY JUDGE J. KARESH ON 05/07/02 |

06/04/2002 Conversion Minute

| Judicial Officer | Comment |
|---|---|
| SCHLICHTER, PAULA W | JCR: HONORABLE PAULA W. SCHLICHTER, JUDGE PRESIDING. CLERK: THERESA MARAGOULAS. COURT REPORTER: WENDY CONDE. |

06/04/2002 Conversion Minute

Comment
PTYPP: MICHAEL CHERNOBILSKY PRESENT IN PRO PER.

06/04/2002 Conversion Minute

Comment
PTYNP: ALEX YAKOVLEV NOT PRESENT.

06/04/2002 Conversion Minute

Comment
PETDEN: PETITIONDENIED.

06/04/2002 Conversion Minute

Comment
MICMS: ENTERED BY TERRI M ON 06/04/02.

06/04/2002 Conversion Minute

Comment
PDEN: PETITION DENIED.

09/22/2025 Request for Court Reporter by Party with Fee Waiver

Request for Court Reporter by Party with Fee Waiver Request for Court Reporter by Party with Fee Wai

Comment
Request for Court Reporter by Party with Fee Waiver Court Review: Denied

10/08/2025 Request for Court Reporter by Party with Fee Waiver

Request for Court Reporter by Party with Fee Waiver Request for Court Reporter by Party with Fee Wai

Comment
Request for Court Reporter by Party with Fee Waiver Court Review: Denied

11/20/2025 Request to File New Litigation by Vexatious Litigant

Request to File New Litigation by Vexatious Litigant

11/20/2025 Order Denying

Order Denying ORDER TO FILE NEW LITIGATION BY VEXATIOUS LITIGANT

Comment
ORDER TO FILE NEW LITIGATION BY VEXATIOUS LITIGANT

11/20/2025 Affidavit of Service

Affidavit of Service ORDER DENYING ORDER TO FILE NEW LITIGATION BY VEXATIOUS LITIGANT

Comment
ORDER DENYING ORDER TO FILE NEW LITIGATION BY VEXATIOUS LITIGANT

04/06/2026 Order from the Court of Appeal directing the Superior Court

Order from the Court of Appeal directing the Superior Court to file and serve a response

Comment
to file and serve a response

04/14/2026 Order

Order RESPONSE TO FIRST DISTRICT COURT OF APPEAL RE; PETITION

Comment
RESPONSE TO FIRST DISTRICT COURT OF APPEAL RE; PETITION

04/14/2026 Affidavit of Service

Affidavit of Service

04/21/2026 Order from the Court of Appeal directing the Superior Court

Order from the Court of Appeal directing the Superior Court to electronically serve petitioner

Comment
to electronically serve petitioner

04/21/2026 Affidavit of Service

Affidavit of Service

## Financial

No financial information exists for this case.

## Documents

Request for Court Reporter by Party with Fee Waiver Request for Court Reporter by Party with Fee Wai

Request for Court Reporter by Party with Fee Waiver Request for Court Reporter by Party with Fee Wai

Request to File New Litigation by Vexatious Litigant

Order Denying ORDER TO FILE NEW LITIGATION BY VEXATIOUS LITIGANT

Affidavit of Service ORDER DENYING ORDER TO FILE NEW LITIGATION BY VEXATIOUS LITIGANT

Order from the Court of Appeal directing the Superior Court to file and serve a response

Order RESPONSE TO FIRST DISTRICT COURT OF APPEAL RE; PETITION

Affidavit of Service

Order from the Court of Appeal directing the Superior Court to electronically serve petitioner

Affidavit of Service

# EXHIBIT B

VL-115

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER:
NAME: Alex Yaiovlev, In Pro Per
FIRM NAME:
STREET ADDRESS: 1630 S Delaware Street
CITY: San Mateo STATE: CA ZIP CODE: 94402-9998
TELEPHONE NO.: FAX NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (*name*):

FOR COURT USE ONLY

FILED
SAN MATEO COUNTY
NOV 20 2025
Clerk of the Superior Court
By ______ DEPUTY CLERK

☐ COURT OF APPEAL, APPELLATE DISTRICT, DIVISION
☒ SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: San Mateo, CA 94401
BRANCH NAME: Southern Branch

PLAINTIFF/PETITIONER: Alex Yakolev
DEFENDANT/RESPONDENT: Michael Chernobilsky
OTHER:

**ORDER TO FILE**
**NEW LITIGATION BY VEXATIOUS LITIGANT**

Type of case: ☐ Limited Civil ☒ Unlimited Civil ☐ Small Claims ☐ Family Law ☐ Probate ☐ Other

CASE NUMBER: CIV422066

**ORDER**

Approval to file the attached document is:

a. ☐ Granted

b. ☒ Denied

c. ☐ Other:

☐ Attachment to order. Number of pages:

Date: 11/19/25

PRESIDING JUDGE OR JUSTICE
RACHEL HOLT





For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

# EXHIBIT C

# Appellate Courts Case Information

1st Appellate District

Change court

**Case Summary**

**Docket**

**Briefs**

**Scheduled Actions**

**Disposition**

**Parties and Attorneys**

**Trial Court**

## Docket (Register of Actions)

**Yakovlev v. The Superior Court of San Mateo County**
**Division 5**
**Case Number** A174980

| Date | Description | Notes |
|---|---|---|
| 12/08/2025 | Filed petition for writ of: | petition for writ, filed with application for permission to file pursuant to CCP 391.7 (application at beginning of petition), exhibits A-C attached |
| 12/08/2025 | Exhibits lodged. | copy of Notice of motion and motion to vacate judgment in superior court, dated 10/8/25Exhibit A |
| 12/08/2025 | Exhibits lodged. | copy of efiling activity details denying request to file, dated 11/6/25Exhibit B |

| Date | Description | Notes |
|---|---|---|
| 12/08/2025 | Exhibits lodged. | efiling activity details, dated 11/6/25Exhibit B - Filing and Rejection |
| 12/08/2025 | Exhibits lodged. | emails wtih San Mateo superior courtExhibit C |
| 12/08/2025 | Filed proof of service. | |
| 03/16/2026 | Vexatious litigant application granted. | Petitioner Alex Yakovlev was designated a vexatious litigant in April 2009. (Code Civ. Proc., §§ 391, 391.7.)<br><br>On December 8, 2025, petitioner appearing in propria persona filed with this court a petition for writ of mandate, which included a section entitled "Application for Permission to File Petition for Writ of Mandate." The application seeks permission to file a writ petition which we construe to challenge among other things, the trial court's order denying his request to file his motion to vacate judgment in the case from which the challenged judgment arose and subjecting his filing of the motion on being granted permission from the Presiding Judge to file new litigation.<br><br>The writ petition may proceed. The clerk of this court is directed to begin processing the petition forthwith.<br><br>The court takes no view on the viability of the writ petition or how it should be decided by the assigned division. |
| 03/16/2026 | Order waiving filing fee. | |
| 04/06/2026 | Order filed. | BY THE COURT:*<br><br>On March 16, 2026, this court (Humes, A.P.J.) issued an order granting petitioner, who is a vexatious litigant, permission to file this writ petition, which |

| Date | Description | Notes |
|---|---|---|
| | | the court "construe[d] to challenge among other things, the trial court's order denying his request to file his motion to vacate judgment in the case from which the challenged judgment arose and subjecting his filing of the motion on being granted permission from the Presiding Judge to file new litigation."<br><br>The court requests that, within 14 calendar days of this order, respondent superior court file and serve a response to this petition. (See James G. v. Superior Court (2000) 80 Cal.App.4th 275, 279-280; Gressett v. Superior Court (2010) 185 Cal.App.4th 114, 117, fn. 3.)<br><br>In addition to other matters that may be briefed, the court requests that respondent superior court explain what authority, if any, exists to support the notion that petitioner was required to seek a vexatious litigant prefiling order before filing a motion to vacate the judgment in the underlying proceeding, which petitioner asserts was concluded in 2002, years before petitioner was declared a vexatious litigant in 2009. In other words, why should the motion to vacate, under those circumstances, be considered new litigation under the vexatious litigant statutes, so as to require petitioner to obtain a prefiling order from the court's presiding judge? The superior court is requested to discuss authority bearing on the distinction in the vexatious litigant statutes between pending litigation and new litigation. (See, e.g., Shalant v. Girardi (2011) 51 Cal.4th 1164, 1170-1172; Steshenko v. Board of Trustees of Foothill-De Anza Community College Dist. (2025) 112 Cal.App.5th 1300, 1311-1312; In re Marriage of Rifkin & Carty (2015) 234 Cal.App.4th 1339, 1345-1346; and Fink v. Shemtov (2010) 180 Cal.App.4th 1160, 1176 ["As succinctly stated in 3 Witkin, California Procedure |

| Date | Description | Notes |
|---|---|---|
| | | (5th ed. 2008) Actions, section 370, page 479: 'A motion for a prefiling order under [section] 391.7 is not required to be made during pending litigation, as does a motion for security under [section] 391.1. By its very nature, the prefiling order of [section] 391.7 affects a vexatious litigant's future filings. The remedy is directed at precluding the initiation of a meritless lawsuit and the costs associated with defending that litigation. Thus, [section] 391.7 affords protection to defendants named in pleadings not yet filed with the court.' [Citation.].")<br><br>Additionally, with its response, respondent superior court is requested to provide this court with copies of petitioner's application for a prefiling order and respondent's order denying that application.<br><br>Petitioner may serve and file a reply within 14 calendar days of the filing of the superior court's response. Should petitioner require more time for the filing of a response, he may serve and file a request for extension of time with the Clerk of Division Five indicating the amount of additional time he needs to prepare a response.<br><br>Should circumstances warrant, we advise the parties that the court might issue a peremptory writ in the first instance under Palma v. U.S. Industrial Fasteners, Inc. (1984) 36 Cal.3d 171, 177-180.) Generally the court will employ "the accelerated Palma procedure . . . only when petitioner's entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue . . . or where there is an unusual urgency requiring acceleration of the normal process." (Ng v. Superior Court (1992) 4 Cal.4th 29, 35.) |

| Date | Description | Notes |
|---|---|---|
| | | In addition to regular service of this order, the Clerk of Division Five is instructed to serve a copy of this order on the Supervising Judge of the Civil Division, the Honorable Nicole S. Healy.<br><br>* Before Jackson, P.J., Simons, J., and Burns, J. |
| 04/14/2026 | Response filed to: | RESPONSE TO FIRST DISTRICT COURT OF APPEAL'S ORDER RE PETITION TO BE RELIEVED FROM PREFILNG ORDER |
| 04/15/2026 | Filed proof of service. | |
| 04/17/2026 | Note: | courtesy copy of superior court's response emailed to petitioner |
| 04/21/2026 | Order filed. | BY THE COURT:<br><br>This court is in receipt of respondent superior court's response to the petition. This court directs respondent superior court to forthwith, no later than 5:00 p.m. on April 22, 2026, electronically serve petitioner its response to the petition, addressed to petitioner's email address: alexjacobsky@gmail.com. Respondent superior court shall file and serve a proof of service of same on or before 10:00 a.m. on April 23, 2026.<br><br>Additionally, any further filings by respondent in this proceeding shall be served on petitioner's email address.<br><br>On its own motion, the court hereby extends the due date for petitioner's reply to May 7, 2026. Should petitioner require more time for the filing of a response, he may serve and file a request for extension of time with the Clerk of Division Five indicating the amount of |

| Date | Description | Notes |
|---|---|---|
| | | additional time he needs to prepare a response. |
| 04/22/2026 | Filed proof of service. | to Alex Yakovlev; electronically |
| 04/27/2026 | Returned document for non-conformance. | petitioner's reply and exhibits are rejected for the following reasons:<br><br>1. Reply - lines of text must be unnumbered - cannot use pleading paper (Cal. Rules of Court, rule 8.74(b)(2)); improper pagination -page numbering of a document filed electronically must begin with the first page or cover page as page 1 and thereafter be paginated consecutively (Cal. Rules of Court, rule 8.74(a)(2)); exhibits must be bookmarked and include a brief description of the exhibit (Cal. Rules of Court, rule 8.74(a)(3).)<br><br>2. Exhibits - must contain a cover (Cal. Rules of Court, rule 8.74(a)(9)); missing descriptive bookmarks (Cal. Rules of Court, rule 8.74(a)(3)); missing pagination (Cal. Rules of Court, rule(a)(2)); these exhibits appear to be a duplicate of exhibits attached to reply if so, they can only be submitted either attached to reply or submitted separately. |
| 04/29/2026 | Reply filed to: | PETITIONER'S REPLY TO RESPONDENT SUPERIOR COURT?S RESPONSE (filed w/deficiencies improper pagination) |
| 04/29/2026 | Exhibits filed in support of: | EXHIBIT D |
| 04/29/2026 | Filed proof of service. | |
| 06/16/2026 | Order denying petition filed. | BY THE COURT:* |

| Date | Description | Notes |
|---|---|---|
| | | The petition for writ of mandate/prohibition is denied.<br><br>Even assuming, arguendo, that respondent superior court should have filed petitioner's motion to vacate the 2002 judgment without regard to the vexatious litigant prefiling order requirements-an issue respondent unfortunately chose not to address in its response to this court's April 6, 2026 order specifically requesting briefing on that topic-petitioner does not persuasively demonstrate irreparable harm would occur absent this court's intervention by extraordinary writ. Among other reasons for this conclusion, petitioner does not demonstrate how, if his motion to vacate were to be filed in the superior court and ultimately granted in his favor, he would succeed in obtaining a judgment in his favor in the 2002 restraining order proceeding.<br><br>Since this court finds that petitioner has not demonstrated the propriety of and necessity for writ review/relief as to the vexatious litigant prefiling order issue, petitioner's additional arguments are rendered moot or are otherwise denied.<br><br>* Before Jackson, P.J., Simons, J., and Burns, J. |
| 06/16/2026 | Case complete. | |
| 06/22/2026 | Returned document for non-conformance. | petitioner's petition for rehearing is rejected for the following reason: decision is final (Cal. Rules of Court, rule 8.490(b)(1)(A).) |

Click here to request automatic e-mail notifications about this case.

Careers | Contact Us | Accessibility | Public Access to Records | Terms of Use | Privacy

© 2026 Judicial Council of

California

# EXHIBIT D

**Superior Court of California, County of Santa Cruz**

# Case Summary

**Case No. 25CV02484**

| | | | |
|---|---|---|---|
| **John Doe vs Cabrillo Community College District** | § | Location: | **Civil** |
| | § | Judicial Officer: | **Schmal, Timothy** |
| | § | Filed on: | **08/04/2025** |

## Case Information

File Date 08/04/2025

| **Cause of Action** | **Description/Remedy** |
|---|---|
| Complaint | Action<br>$0.00 Monetary<br>$0.00 Nonmonetary; Declaratory or Injunctive Relief<br>$0.00 Punitive |

Case Type: (06) Unlimited Breach of Contract / Warranty
Case Status: **04/24/2026 Dispositioned**

### Statistical Closures

04/24/2026 Dismissal - Court Ordered

## Party Information

| | | |
|---|---|---|
| **Plaintiff** | **Doe, John** | **Pro Se** |
| **Defendant** | **Cabrillo Community College District** | **Carbonel Matsuhara, Alyssa**<br>***Retained***<br>**Panetta, Christopher E**<br>***Retained*** |

## Causes of Action

08/04/2025 **Cause of Action** Complaint
Action Type Action
Remedies Sought Monetary
Nonmonetary; Declaratory or Injunctive Relief
Punitive

## Case Events

07/28/2026 Minute Order

07/28/2026 Remote Appearance by Parties

07/17/2026 Memorandum of Points & Authorities
Party: Plaintiff Doe, John

07/17/2026 Proof of Electronic Service
Party Served: Defendant Cabrillo Community College District

07/15/2026 Opposition
Filing Party: Defendant Cabrillo Community College District

## Case Summary

**Case No. 25CV02484**

07/15/2026 Declaration
Filing Party: Defendant Cabrillo Community College District

07/15/2026 Request for Judicial Notice
Filing Party: Defendant Cabrillo Community College District

07/15/2026 Proof of Service
Party: Defendant Cabrillo Community College District

05/01/2026 Motion
Filing Party: Plaintiff Doe, John

05/01/2026 Declaration
Filing Party: Plaintiff Doe, John

05/01/2026 Proposed Order/Judgment Received

05/01/2026 Exhibit List
Filed by: Plaintiff Doe, John

05/01/2026 Proof of Electronic Service
Party Served: Plaintiff Doe, John

04/30/2026 Order After Hearing

04/24/2026 Remote Appearance by Parties

04/21/2026 Reply Filed
Party: Defendant Cabrillo Community College District

04/13/2026 Opposition
Filing Party: Plaintiff Doe, John

04/13/2026 Declaration
Filing Party: Plaintiff Doe, John

04/13/2026 Request for Judicial Notice
Filing Party: Plaintiff Doe, John

04/13/2026 Notice
Party: Plaintiff Doe, John

04/13/2026 Notice
Party: Plaintiff Doe, John

04/13/2026 Proposed Order/Judgment Received
Party: Plaintiff Doe, John

04/13/2026 Proof of Electronic Service
Party Served: Plaintiff Doe, John

04/10/2026 Motion
Filing Party: Defendant Cabrillo Community College District

04/10/2026 Memorandum of Points & Authorities
Party: Defendant Cabrillo Community College District

## Case Summary

**Case No. 25CV02484**

04/10/2026 Declaration
Filing Party: Defendant Cabrillo Community College District

04/10/2026 Declaration
Filing Party: Defendant Cabrillo Community College District

04/10/2026 Request for Judicial Notice
Filing Party: Defendant Cabrillo Community College District

04/10/2026 Proposed Order/Judgment Received
Party: Defendant Cabrillo Community College District

04/10/2026 Proof of Service
Party: Defendant Cabrillo Community College District

04/10/2026 Proof of Service
Party: Defendant Cabrillo Community College District

04/10/2026 Notice of Entry of Judgment/Order
Party: Defendant Cabrillo Community College District

04/09/2026 Motion
Filing Party: Plaintiff Doe, John

04/09/2026 Proposed Order/Judgment Received
Party: Plaintiff Doe, John

04/09/2026 Order Filed
Party: Defendant Cabrillo Community College District

04/08/2026 Opposition
Filing Party: Defendant Cabrillo Community College District

04/08/2026 Declaration
Filing Party: Defendant Cabrillo Community College District

04/08/2026 Declaration
Filing Party: Defendant Cabrillo Community College District

04/08/2026 Proof of Service
Party: Defendant Cabrillo Community College District

04/08/2026 Opposition
Filing Party: Defendant Cabrillo Community College District

04/08/2026 Declaration
Filing Party: Defendant Cabrillo Community College District

04/08/2026 Declaration
Filing Party: Defendant Cabrillo Community College District

04/08/2026 Proof of Service
Party: Defendant Cabrillo Community College District

04/08/2026 Opposition
Filing Party: Defendant Cabrillo Community College District

**Case Summary**

**Case No. 25CV02484**

04/08/2026
Declaration
Filing Party: Defendant Cabrillo Community College District

04/08/2026
Declaration
Filing Party: Defendant Cabrillo Community College District

04/08/2026
Proof of Service
Party: Defendant Cabrillo Community College District

04/08/2026
Ex Parte Application
Party: Defendant Cabrillo Community College District

04/08/2026
Declaration
Filing Party: Defendant Cabrillo Community College District

04/08/2026
Proof of Service
Party: Defendant Cabrillo Community College District

04/06/2026
Proof of Service
Party: Plaintiff Doe, John

04/06/2026
Proof of Electronic Service
Party Served: Plaintiff Doe, John

04/06/2026
Case Management / Status Conference Statement
Party: Plaintiff Doe, John

04/06/2026
Case Management / Status Conference Statement
Party: Defendant Cabrillo Community College District

03/16/2026
Proof of Electronic Service
Party Served: Plaintiff Doe, John

03/12/2026
Motion
Filing Party: Plaintiff Doe, John

03/12/2026
Proposed Order/Judgment Received
Party: Plaintiff Doe, John

03/09/2026
Motion
Filing Party: Plaintiff Doe, John

03/09/2026
Motion
Filing Party: Plaintiff Doe, John

03/09/2026
Motion
Filing Party: Plaintiff Doe, John

03/09/2026
Separate Statement Filed
Party: Plaintiff Doe, John

03/05/2026
Proof of Service
Party: Defendant Cabrillo Community College District

03/04/2026
Proof of Service
Party: Plaintiff Doe, John

03/03/2026
Proof of Service
Party: Defendant Cabrillo Community College District

03/03/2026
Proof of Service
Party: Defendant Cabrillo Community College District

03/03/2026
Proof of Service
Party: Defendant Cabrillo Community College District

03/02/2026
Proof of Service
Party: Plaintiff Doe, John

03/02/2026
Proof of Service
Party: Plaintiff Doe, John

03/02/2026
Proof of Service
Party: Plaintiff Doe, John

03/02/2026
Case Management / Status Conference Statement
Party: Plaintiff Doe, John

02/26/2026
Affidavit Filed
Party: Plaintiff Doe, John

02/26/2026
Affidavit Filed
Party: Plaintiff Doe, John

02/26/2026
Affidavit Filed
Party: Plaintiff Doe, John

02/03/2026
Proposed Order/Judgment Received

02/02/2026
Motion
Filing Party: Plaintiff Doe, John

02/02/2026
Motion
Filing Party: Plaintiff Doe, John

02/02/2026
Motion
Filing Party: Plaintiff Doe, John

02/02/2026
Declaration
Filing Party: Plaintiff Doe, John

02/02/2026
Proposed Order/Judgment Received

02/02/2026
Proposed Order/Judgment Received

02/02/2026
Proposed Order/Judgment Received

02/02/2026
Request for Judicial Notice
Filing Party: Plaintiff Doe, John

02/02/2026
Exhibit List
Filed by: Plaintiff Doe, John

## Case Summary

**Case No. 25CV02484**

01/12/2026
Notice
Party: Plaintiff Doe, John

01/12/2026
Notice
Party: Plaintiff Doe, John

01/06/2026
Notice
Party: Defendant Cabrillo Community College District

01/06/2026
Proof of Service
Party: Defendant Cabrillo Community College District

12/10/2025
Amended Complaint Filed
Party: Plaintiff Doe, John

12/10/2025
Proof of Electronic Service
Party Served: Defendant Cabrillo Community College District

12/10/2025
Exhibit List
Filed by: Plaintiff Doe, John

12/10/2025
Proof of Electronic Service
Party Served: Plaintiff Doe, John

12/10/2025
Proof of Electronic Service
Party Served: Plaintiff Doe, John

12/10/2025
Order Filed

12/03/2025 Remote Appearance by Parties

12/01/2025
Stipulation
Party: Plaintiff Doe, John

12/01/2025
Document Received
Party: Plaintiff Doe, John

12/01/2025
Notice of Remote Appearance Filed
Party: Defendant Cabrillo Community College District

12/01/2025
Case Management / Status Conference Statement
Party: Plaintiff Doe, John

12/01/2025
Proof of Electronic Service
Party Served: Plaintiff Doe, John

10/23/2025
Notice
Party: Defendant Cabrillo Community College District

10/23/2025
Proof of Service
Party: Defendant Cabrillo Community College District

10/08/2025
Order After Hearing

09/29/2025 Remote Appearance by Parties

09/29/2025
Opposition
Filing Party: Plaintiff Doe, John

## Case Summary

**Case No. 25CV02484**

09/29/2025
Proposed Order/Judgment Received
Party: Plaintiff Doe, John

09/29/2025
Request Filed
Filing Party: Plaintiff Doe, John

09/29/2025
Proof of Electronic Service
Party Served: Plaintiff Doe, John

09/25/2025
Objection - No Fee
Filed by: Defendant Cabrillo Community College District

09/25/2025
Request for Judicial Notice
Filing Party: Defendant Cabrillo Community College District

09/25/2025
Proof of Service
Party: Defendant Cabrillo Community College District

09/22/2025
Motion
Filing Party: Defendant Cabrillo Community College District

09/22/2025
Declaration
Filing Party: Defendant Cabrillo Community College District

09/22/2025
Request for Judicial Notice
Filing Party: Defendant Cabrillo Community College District

09/22/2025
Proposed Order/Judgment Received
Party: Defendant Cabrillo Community College District

09/22/2025
Proof of Service
Party: Defendant Cabrillo Community College District

08/29/2025
Proof of Service

08/29/2025
Proof of Service

08/28/2025
Proof of Service (Complaint/Petition/Claim)
Party served: Plaintiff Doe, John

08/28/2025
Proof of Electronic Service
Party Served: Plaintiff Doe, John

08/27/2025
Proof of Service

08/27/2025
Proof of Service (Complaint/Petition/Claim)
Date served: 08/22/2025
Party served: Defendant Cabrillo Community College District

08/25/2025
Proof of Service

08/25/2025
Proof of Service (Complaint/Petition/Claim)
Party served: Defendant Cabrillo Community College District

08/25/2025
Proof of Service (Complaint/Petition/Claim)
Party served: Defendant Cabrillo Community College District

## Case Summary

**Case No. 25CV02484**

08/12/2025
Amended Complaint Filed
Party: Plaintiff Doe, John

08/12/2025
Motion
Filing Party: Plaintiff Doe, John

08/12/2025
Proposed Order/Judgment Received
Party: Plaintiff Doe, John

08/04/2025
Complaint Filed

08/04/2025
Summons Issued / Filed

08/04/2025
Civil Case Cover Sheet

08/04/2025
Notice of Remote Appearance Filed
Party: Plaintiff Doe, John

08/04/2025 Fee Waiver Requested
Party: Plaintiff Doe, John

08/04/2025
Fee Waiver Granted
Party: Plaintiff Doe, John

---

### Dispositions

---

04/24/2026 **Dismissal - Court Ordered** (Judicial Officer: Carter, Marjorie)
Complaint :
Party ( Doe, John ; Cabrillo Community College District )

---

### Hearings

---

07/28/2026
**Post Disposition Hearing** (8:30 AM) (Judicial Officer: Carter, Marjorie)
*Held*

06/18/2026 *CANCELED* **Discovery Hearing** (8:30 AM) (Judicial Officer: Carter, Marjorie)
*Vacated*

06/18/2026 *CANCELED* **Discovery Hearing** (8:30 AM) (Judicial Officer: Carter, Marjorie)
*Vacated*

06/18/2026 *CANCELED* **Discovery Hearing** (8:30 AM) (Judicial Officer: Carter, Marjorie)
*Vacated*

05/08/2026 *CANCELED* **Predisposition Hearing** (8:30 AM) (Judicial Officer: Carter, Marjorie)
04/21/2026 Reset by Court to 05/08/2026
*Vacated*

05/08/2026 *CANCELED* **Discovery Hearing** (8:30 AM) (Judicial Officer: Carter, Marjorie)
04/21/2026 Reset by Court to 05/08/2026
*Vacated*

05/08/2026 *CANCELED* **Discovery Hearing** (8:30 AM) (Judicial Officer: Carter, Marjorie)
04/21/2026 Reset by Court to 05/08/2026
*Vacated*

05/08/2026 *CANCELED* **Discovery Hearing** (8:30 AM) (Judicial Officer: Carter, Marjorie)
04/21/2026 Reset by Court to 05/08/2026

**Case Summary**

**Case No. 25CV02484**

*Vacated*

05/08/2026 *CANCELED* **Further Case Management Conference** (8:30 AM) (Judicial Officer: Carter, Marjorie)
03/19/2026 Reset by Court to 04/21/2026
04/21/2026 Reset by Court to 05/08/2026
*Vacated*

04/24/2026 **Predisposition Hearing** (9:30 AM) (Judicial Officer: Carter, Marjorie)
*Held*

12/03/2025 **Case Management Conference** (8:30 AM) (Judicial Officer: Schmal, Timothy)
*Held*

11/25/2025 *CANCELED* **Predisposition Hearing** (8:30 AM) (Judicial Officer: Schmal, Timothy)
*Off Calendar*

09/29/2025 **Predisposition Hearing** (8:30 AM) (Judicial Officer: Schmal, Timothy)
*Held*

# EXHIBIT E

# Superior Court of California, County of Santa Cruz
# MINUTE ORDER

| | |
|---|---|
| John Doe<br>vs<br>Cabrillo Community College District | **Case No.: 25CV02484**<br>Predisposition Hearing |

04/24/2026 8:00 AM - 5:00 PM
Heard By: Carter, Marjorie
Courtroom Reporter: No Reporter

Location: Santa Cruz Department 10
Courtroom Clerk: Madisson Summers

**Parties Present:**

Carbonel Matsuhara, Alyssa Defense Counsel

This is the time regularly set for Motion for an Order to Stay or in the Alternative Motion to Dismiss Case.

Counsel Alyssa Matsuhara is appearing remotely.

The Court notes Plaintiff has emailed the Clerk's Office requesting a continuance.
The Court denies the request.

The Court has received no notice of opposition to the tentative ruling posted on the Court's website.

The Court adopts the tentative ruling.
The case is dismissed pursuant to CCP Section 391.7(c).

Defense Counsel is directed to prepare the order pursuant to Local Rule 2.10.01(d).

No future hearing dates are set.

Madisson Summers

# EXHIBIT F

ELECTRONICALLY RECEIVED
4/24/2026 4:08 PM MS

Electronically Filed
Superior Court of California
County of Santa Cruz
April 30, 2026
Clerk of the Court by Deputy,
Semper, Miranda

CHRISTOPHER E. PANETTA (Bar No. 175127)
ALYSSA CARBONEL MATSUHARA (Bar No. 351720)
FENTON & KELLER
2801 Monterey-Salinas Highway
Post Office Box 791
Monterey, California 93942
Telephone: (831) 373-1241
Facsimile: (831) 373-7219
Email: CPanetta@fentonkeller.com
Email: AMatsuhara@fentonkeller.com

Attorneys for CABRILLO COMMUNITY COLLEGE DISTRICT

*Exempt from Filing Fees (Gov. Code § 6103)*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SANTA CRUZ**

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>vs.<br><br>CABRILLO COMMUNITY COLLEGE DISTRICT, and DOES 1-50, Inclusive,<br><br>Defendant(s). | Case No.: 25CV02484<br><br>**ORDER AFTER HEARING RE: DEFENDANT'S MOTION TO STAY PENDING COURT'S ACTION ON DEFENDANT'S VEXATIOUS LITIGANT NOTICE, OR IN THE ALTERNATIVE, MOTION TO DISMISS**<br><br>DATE: April 24, 2026<br>TIME: 9:30 a.m.<br>DEPT: 10<br>JUDGE: Hon. Marjorie L. Carter<br><br>Action Filed: August 4, 2025<br>Trial Date: None Set |

Defendant, CABRILLO COMMUNITY COLLEGE DISTRICT's ("Defendant") Motion to Stay Pending Court's Action on Defendant's Vexatious Litigant Notice, or in the Alternative Motion to Dismiss, came on regularly for hearing in the above referenced Court at the date, time, and department referenced above. Alyssa Carbonel Matsuhara appeared on behalf of Defendant.

The matter was uncontested and the Court adopted its tentative ruling issued on April 23, 2026, in full, as follows:

/ / /

The case is dismissed pursuant to Code of Civil Procedure section 391.7, subdivision (c).

I. BACKGROUND AND MOTION

Self-represented plaintiff, John Doe, brings this action against defendant arising out of his attendance at, and alleged suspension from, defendant Cabrillo Community College District ("Cabrillo"). The second amended complaint ("SAC") alleges twenty causes of action.

Cabrillo filed a notice of vexatious litigant status with this Court on January 6, 2026. Cabrillo then filed this motion for an order staying this action pending the Court's action on defendant's vexatious litigant notice, or in the alternative, to dismiss. Cabrillo asserts that the plaintiff in this case, "John Doe" is Alex Yakovlev, an individual who was declared a vexatious litigant in April 2009 by the San Francisco County Superior Court. That court entered an order preventing Yakovlev from filing any litigation in California courts while self-represented without first obtaining leave of the presiding judge in the court where the proposed litigation was to be filed pursuant to Code of Civil Procedure section 391.7. Cabrillo maintains plaintiff filed this action in violation of San Francisco County Superior court order when plaintiff filed this action and failed to obtain the mandatory prefiling order within 10 days after Cabrillo filed its notice of vexatious litigant status, and so the action must be dismissed as a matter of law pursuant to Code of Civil Procedure section 391.7, subdivision (c).

Cabrillo contends that after reviewing plaintiff's pleadings and discovery requests, it discovered "John Doe" is Alex Yakovlev, who was enrolled at Cabrillo College with the name Alex or Aleksandr Yakovlev. (Decl. of Hoyt at ¶¶ 3-12.) Cabrillo asserts that despite plaintiff's attempts to conceal their identity by utilizing "John Doe", a proof of service and in documents served with discovery requests propounded on Cabrillo by plaintiff, reveal plaintiff identified themselves as Alexander or Alex Yakovlev. (RJN Ex. K, Ex. A to Decl. of Matsuhara.)

Cabrillo argues that in the summer of 2025 Yakovlev filed two actions against other California community colleges (El Dorado and San Francisco), alleging the same or similar causes of action as alleged in this case and filed a motion for a protective order which was identical to the motion for a protective order in this case that was denied. (RJN Exs. I, O, P, Q, W.) The John Doe

/ / /

plaintiff in the San Francisco community college case uses the address of "General Delivery Woodland, CA."

In opposition, plaintiff asserts their legal first name is "Aleksandr" and they also go by "Alex". Plaintiff contends the 2009 prefiling order is against a person whose legal name is "Alex", which is not their legal name. Plaintiff argues that Cabrillo has not properly served them with various documents because plaintiff never consented to e-service. (Plaintiff's address is listed as "General Delivery Woodland, CA 95695). Plaintiff argues they must use "John Doe" for personal safety reasons. (Opp. at p. 1.) Plaintiff contends "[d]efendant has provided no photograph, no date of birth, no address, no gender, no race, and no biometric linking Plaintiff to the order" and therefore Cabrillo has not met its burden. (Opp. at p. 1) Plaintiff also asserts that defendant obtained an ex parte order without proper notice.

II. LEGAL STANDARD

Code of Civil Procedure section 391.1, subdivision (a), provides "[i]n any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that they will prevail in the litigation against the moving defendant."

Code of Civil Procedure section 391.7, subdivision (c) provides that the "clerk may not file any litigation presented by a vexatious litigant subject to a prefiling order unless the vexatious litigant first obtains an order from the presiding justice or presiding judge permitting the filing. If the clerk mistakenly files the litigation without the order, any party may file with the clerk and serve, or the presiding justice or presiding judge may direct the clerk to file and serve, on the plaintiff and other parties a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order as set forth in subdivision (a). The filing of the notice shall automatically stay the litigation. **The litigation shall be automatically dismissed unless the plaintiff within 10 days of the filing of that notice obtains an order from the presiding justice or presiding judge**

**permitting the filing of the litigation as set forth in subdivision (b).** If the presiding justice or presiding judge issues an order permitting the filing, the stay of the litigation shall remain in effect, and the defendants need not plead, until 10 days after the defendants are served with a copy of the order." (Emphasis added.)

III.DISCUSSION

Cabrillo has shown that Alex Yakovlev is the plaintiff in this case and is the same person who was determined to be a vexatious litigant pursuant to Code of Civil Procedure section 391.1, subdivision (b). (See RJN, Exs. A, B.) Plaintiff identifies themselves, in connection with their September 12, 2025, discovery requests propounded on Cabrillo as "Alex Yakovlev." Additional documents emailed from plaintiff to Cabrillo repeatedly identify the aggrieved individual as "Alex Yakovlev", with an email address of aleksummerfield@gmail.com (See, Exs. A, B to Decl. of Matsuhara.) Cabrillo also provides a declaration for Angela Hoyt, vice president of human resources and labor relations from Cabrillo. Hoyt asserts that Alex Yakovlev, also known as Aleksandr Yakovlev, was a student at Cabrillo College who was suspended and then expelled. Hoyt confirms Yakovlev was the only student suspended and then expelled from Cabrillo in October 2021 and October 2023. (Decl. of Hoyt at ¶¶ 4-8.) Cabrillo points to a proof of service which was filed in this case by plaintiff "John Doe" who identified their attorney in the caption as Alexander Yakovlev with an email address of aleksummerfield@gmail.com and states he is "attorney in propria persona". (RJN, Ex. K.)

The Court notes the similarity of claims made by Alex Yakovlev in *Yakovlev v. LTCC* and *Doe v. CCSF* and in this case. In *Yakovlev v. LTCC,* plaintiff Yakovlev filed a Request to File New Litigation by Vexatious Litigant. This request was denied. (RJN, Exs. S, T.) In the *Doe v. CCSF,* filed August 2025, "John Doe" utilizes the same address as plaintiff in this case. The defendant in the *Doe v. CCSF* case also asserts "John Doe" is Yakovlev.

In opposition, plaintiff primarily argues that Cabrillo has not carried its burden in showing they are the "Alex Yakovlev". Plaintiff does not attempt to explain the similarity of claims in identified cases and does not address why they identified themselves as Alex Yakovlev when they propounded discovery requests to Cabrillo as well as on a proof of service filed with the Court.

Plaintiff does not provide a declaration asserting they are *not* the Alex Yakovlev who has been declared to be a vexatious litigant.

Plaintiff cites *Kobayashi v. Sup. Ct.* (2009) 175 Cal.App.4th 536. The Court does not find this case supports plaintiff's position. In *Kobayashi,* the Fourth District determined that "a vexatious litigant who, in his application, falsely claims not to be a vexatious litigant when such a claim is so readily disproven by a simple comparison of addresses, has manifestly failed to show an arguable issue on appeal when the issue on appeal *itself* is the identity of the vexatious litigant." (*Id.* at p. 541.) Here, plaintiff never applied for a prefiling order, and the Court has found there is sufficient evidence that plaintiff is the same Alex Yakovlev who was determined to be a vexatious litigant.

Plaintiff complains of improper service. The proof of service for this motion shows it was served via e-service AND via US mail to the address which plaintiff has used when filing with this Court: "General Delivery Woodland, Ca". Plaintiff will not disclose a physical address; the Court does not find an issue with the service of this motion. "Where a party has no permanent residence, papers may be served at the address the party has provided the court for service." [Citation.]" (Weil & Brown *Civil Proc. Before Trial* (TRG 2025) § 9:85.3.) Further, although plaintiff asserts they have not consented to e-service, plaintiff has also utilized e-service to serve their pleadings. Plaintiff contends they were not provided sufficient notice of the ex parte application for an order shortening time on this motion, which was heard on April 9, 2026. The declaration in support of the application from Ms. Matsuhara, counsel for Cabrillo, states that she left a voicemail for plaintiff notifying them of Cabrillo's intention to move for an ex parte order, as well as emailing plaintiff at two separate email addresses. (Decl. of Matsuhara at ¶¶ 9-11.) The Court does not find any issue with this notice. In any event, the application and subsequent order only shortened the time to have this motion heard. Plaintiff was provided with adequate time to review the motion and respond, which they have done.

In sum, plaintiff, as a vexatious litigant, did not seek leave from the presiding judge, as required, before filing this action. Plaintiff further failed to obtain an order permitting filing after Cabrillo filed its Vexatious Litigant Notice. Therefore, this action is dismissed as required by Code of Civil Procedure section 391.7, subdivision (c).

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

1. Order Regarding Motion for an Order Requiring Plaintiff to Furnish Security, and for Pre-Filing Order for Vexatious Litigants filed in *Alex Yakovlev v. Visa Purchase Security Enhancement Services* San Francisco County Superior Court, case no. CGC-09-484709, exhibit A: Granted.
2. Vexatious Litigant list (relevant portions) prepared by the Judicial Council of California, exhibit B: Granted.
3. Alex Yakovlev's Request to File New Litigation by Vexatious Litigant in *Alex Yakovlev v. Visa Purchase Security Enhancement Services* San Francisco County Superior Court, case no. CGC-09-484709, exhibit C: Granted.
4. Order denying Application to Vacate Prefiling Order and Remove Plaintiff/Petitioner from Judicial Council Vexatious Litigant List, exhibit D: Granted.
5. Order from California Court of Appeal, First District, denying Yakovlev's petition for writ of mandamus filed in *Alex Yakovlev v. Visa Purchase Security Enhancement Services* San Francisco County Superior Court, case no. CGC-09-484709, exhibit E: Granted.
6. Order from California Supreme Court, denying Yakovlev's petition for review filed in *Alex Yakovlev v. Visa Purchase Security Enhancement Services* San Francisco County Superior Court, case no. CGC-09-484709, exhibit F: Granted.
7. Exhibits G-N: Denied; the Court does not need to take notice of the contents of its own file.
8. Amended Complaint filed in *Alexander Yakovlev v. Lake Tahoe Community College,* El Dorado County Superior Court, case no. 25CV1332; exhibit O: Granted.
9. Notice of Motion and Motion for Leave to File a Second Amended Complaint, Declaration of Plaintiff filed in El Dorado County Superior Court, case no. 25CV1332; exhibit P: Granted.

/ / /

/ / /

10. Notice of and Motion for Protective Order, Memorandum of Points and Authorities and Declaration of Doe Plaintiff in *Alexander Yakovlev v. Lake Tahoe Community College,* El Dorado County Superior Court, case no. 25CV1332; exhibit Q: Granted.
11. Notice of Vexatious Litigant filed *Alexander Yakovlev v. Lake Tahoe Community College,* El Dorado County Superior Court, case no. 25CV1332; exhibit R: Granted.
12. Yakovlev's Request to File New Litigation by a Vexatious Litigant filed in *Alexander Yakovlev v. Lake Tahoe Community College,* El Dorado County Superior Court, case no. 25CV1332; exhibit S: Granted.
13. Order denying Request to File New Litigation by a Vexatious Litigant filed in *Alexander Yakovlev v. Lake Tahoe Community College,* El Dorado County Superior Court, case no. 25CV1332; exhibit T: Granted.
14. Notice of Appeal and proof of service filed in *Alexander Yakovlev v. Lake Tahoe Community College,* El Dorado County Superior Court, case no. 25CV1332; exhibit U: Granted.
15. California Court of Appeal, Third Appellate District's Order deeming Yakovlev's Notice of Appeal inoperative, filed in *Alexander Yakovlev v. Lake Tahoe Community College,* El Dorado County Superior Court, case no. 25CV1332; exhibit V: Granted.
16. Complaint filed in *J. Doe v. City College of San Francisco,* San Fancisco County Superior Court, case no. CGC-25-628537; exhibit W: Granted.
17. Declaration of Lidia Jenkins in Support of Defendant City College of San Francisco's Notice of Vexatious Litigant, filed in *J. Doe v. City College of San Francisco,* San Francisco County Superior Court, case no. CGC-25-628537; exhibit X: Granted.
18. Defendant City College of Santa Francisco's Notice of Vexatious Litigant filed in *J. Doe v. City College of San Francisco,* San Francisco County Superior Court, case no. CGC-25-628537; exhibit Y: Granted.
19. Proof of Electronic Service filed in *J. Doe v. City College of San Francisco,* San Francisco County Superior Court, case no. CGC-25-628537; exhibit Z: Granted.

/ / /

<u>PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE</u>

1-5: Denied. The Court need not take notice of the contents of its own file.

6. April 28, 2009, Order in *Yakovlev v. Visa Purchase Security Enhancement Services,* San Francisco County Superior Court, case no. CGC-09-4844709. Granted.

7. October 2, 2025, Order in in *Yakovlev v. Visa Purchase Security Enhancement Services,* San Francisco County Superior Court, case no. CGC-09-4844709. Granted.

8. Judicial Council of California's Vexatious Litigant List. Granted insofar as requested by Cabrillo as its exhibit B. (Plaintiff did not attach a copy to their request.)

9. Judicial Council form MC-700. Granted as to the existence of such form.

10. Exhibit K to SAC: Granted as to the existence of this exhibit as attached to the SAC.

11-13: The Court takes notice of Code of Civil Procedure section 1013(c).

Dated: 4/29/2026

M. L. Carter

Carter, Marjorie L
Hon. Marjorie L. Carter

JUDGE OF THE SUPERIOR COURT

## PROOF OF SERVICE

I, Emmanuel Morquecho Chavarria, declare:

I am at least eighteen years old and am not a party to the within-entitled action. I am employed in the County of Monterey. My business address is 2801 Monterey-Salinas Highway, Monterey, California 93942-0791. On April 24, 2026, I served a copy of the following document(s):

- **ORDER AFTER HEARING RE: DEFENDANT'S NOTICE OF MOTION FOR AN ORDER TO STAY, OR IN THE ALTERNATIVE, MOTION TO DISMISS CASE**

☒ (**BY UNITED STATES MAIL**) I enclosed the documents listed above in a sealed envelope or package to the person(s) at the addresses listed below and:

☐ deposited the sealed envelope with the United States Postal Service in Monterey County, California, with the postage fully prepaid.

☒ placed the envelope [with CERTIFIED MAIL/RETURN RECEIPT REQUESTED] for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Monterey County, California, in a sealed envelope and postage fully prepaid.

☒ (**BY ELECTRONIC SERVICE**) Pursuant to Code of Civil Procedure section 1010.6 and California Rules of Court Rule 2.251, I electronically served the document(s) listed above to the person(s) at the e-mail address(es) listed below. My electronic service address is echavarria@fentonkeller.com.

**PERSON(S) SERVED VIA ELECTRONIC SERVICE:**
John Doe
On behalf of: JOHN DOE, Pro Se
Electronic service address(es) of person served: alsunstateline@gmail.com

**PERSON(S) SERVED VIA OTHER METHOD(S):**
JOHN DOE, Pro Se
General Delivery
Woodland, CA 95695-9999

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/ / /

/ / /

Executed on April 24, 2026, at Monterey, California.

*Emmanuel Morquecho Chavarria*

Emmanuel Morquecho Chavarria

# EXHIBIT G

# Superior Court of California, County of Santa Cruz
# MINUTE ORDER

| | |
|---|---|
| John Doe<br>vs<br>Cabrillo Community College District | **Case No.: 25CV02484**<br>Post Disposition Hearing |

07/28/2026 8:30 AM - 9:00 AM
Heard By: Carter, Marjorie
Courtroom Reporter: No Reporter

Location: Santa Cruz Department 10
Courtroom Clerk: Marie Noto

**Parties Present Remotely via Zoom:**
Carbonel Matsuhara, Alyssa Defense Counsel

---

This is the time regularly set for Motion to Reconsider.

There is no appearance by Plaintiff.

The Court has received no notice of opposition to the tentative ruling posted on the court's website.

The Court adopts the tentative ruling.
The Motion is denied with prejudice.

Defendant shall submit a form of judgment of dismissal for signature.

---

Marie Noto

# EXHIBIT H

CHRISTOPHER E. PANETTA (Bar No. 175127)
ALYSSA CARBONEL MATSUHARA (Bar No. 351720)
FENTON & KELLER
2801 Monterey-Salinas Highway
Post Office Box 791
Monterey, California 93942
Telephone: (831) 373-1241
Facsimile: (831) 373-7219
Email: CPanetta@fentonkeller.com
Email: AMatsuhara@fentonkeller.com

*Exempt from Filing Fees (Gov. Code § 6103)*

Attorneys for CABRILLO COMMUNITY COLLEGE DISTRICT

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SANTA CRUZ**

JOHN DOE,

Plaintiff,

vs.

CABRILLO COMMUNITY COLLEGE DISTRICT, and DOES 1-50, Inclusive,

Defendant(s).

CASE No.: 25CV02484

**ORDER AFTER HEARING RE: PLAINTIFF'S MOTION TO VACATE DISMISSAL AND FOR RECONSIDERATION**

Action Filed: August 4, 2025
Trial Date: None Set

Plaintiff JOHN DOE's ("Plaintiff") Motion to Vacate Dismissal and for Reconsideration, came on regularly for hearing on July 28, 2026, at 9:30 a.m. in Department 10 of the referenced Court. Alyssa Carbonel Matsuhara appeared on behalf of Defendant CABRILLO COMMUNITY COLLEGE DISTRICT ("Defendant"). Plaintiff did not appear.

The matter was uncontested and the Court adopted its tentative ruling issued on July 27, 2026, in full, as follows:

/ / /

/ / /

The motion is denied with prejudice. Defendant shall submit a form of judgment of dismissal for signature.

I. BACKGROUND AND MOTION

Self-represented plaintiff, John Doe, brings this action against defendant arising out of his attendance at, and alleged suspension from, defendant Cabrillo Community College District ("Cabrillo"). The second amended complaint ("SAC") alleges twenty causes of action.

Cabrillo filed a notice of vexatious litigant status with this Court on January 6, 2026. Cabrillo then filed a motion for an order staying this action pending the Court's action on defendant's vexatious litigant notice, or in the alternative, to dismiss. Cabrillo asserted that the plaintiff in this case, "John Doe" is Alex Yakovlev, an individual who was declared a vexatious litigant in April 2009 by the San Francisco County Superior Court. That court entered an order preventing Yakovlev from filing any litigation in California courts while self-represented without first obtaining leave of the presiding judge in the court where the proposed litigation was to be filed pursuant to Code of Civil Procedure section 391.7. Cabrillo maintained plaintiff filed this action in violation of San Francisco County Superior court order and failed to obtain the mandatory prefiling order within 10 days after Cabrillo filed its notice of vexatious litigant status, and so the action must be dismissed as a matter of law pursuant to Code of Civil Procedure section 391.7, subdivision (c).

Following the fully briefed motion and hearing, the Court granted Cabrillo's motion and found plaintiff, as a vexatious litigant, did not seek leave from the presiding judge, as required, before filing this action. Plaintiff also failed to obtain an order permitting filing after Cabrillo filed its Vexatious Litigant Notice. The Court dismissed this action with prejudice pursuant to Code of Civil Procedure section 391.7, subdivision (c).

Plaintiff moves to vacate the order of dismissal on the grounds of faulty service, and in the alternative, for reconsideration.

II. LEGAL STANDARD

Within 10 days after service upon the party of written notice of entry of the order (extended for service) and based upon new or different facts, circumstances, or law, a party may

make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. (Code Civ. Proc., §§ 1008, 1013.)[1]

The legislative intent was to restrict motions for reconsideration to circumstances where a party offers the court some fact or circumstance not previously considered, and some valid reason for not offering it earlier. (*Gilberd v. AC Transit* (1995) 32 Cal.App.4th 1494, 1500.) The burden under section 1008 "is comparable to that of a party seeking a new trial on the ground of newly discovered evidence: the information must be such that the moving party could not, with reasonable diligence, have discovered or produced it at [the hearing]." (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212-213.) A party seeking reconsideration based on new or different facts, circumstances, or law must provide a satisfactory explanation for not presenting it earlier. (*Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 690.)

III. DISCUSSION

The vexatious litigant statute makes clear that dismissal is automatic unless the plaintiff within 10 days of the filing of the notice obtains an order from the presiding judge permitting the filing of the litigation. (§ 391.7, subd. (c).) Yakovlev failed to apply for such an order. (Dismissal Order, at p. 5.) Plaintiff concedes he did not file for such an order. (Motion, at p. 10.)

As for plaintiff's argument that he was not properly served, this Court has already found that service was proper. To reiterate, plaintiff consented to electronic service. An unrepresented party may expressly consent to receive electronic service either by serving notice on all parties and filing the notice with the court or manifesting affirmative consent through electronic means with the court or the court's electronic filing service provider and concurrently providing the party's electronic address with that consent for the purpose of receiving electronic service. (§ 1010.6; Cal. Rules of Court, rule 2.251.) A party "may withdraw consent at any time by completing and filing with the court the appropriate Judicial Council form." (§ 1010.6.) Plaintiff gave affirmative consent to electronic service by expressly requesting Cabrillo send all service and communications to his email address. (Matsuhara Decl., ¶ 3, Ex. A.) Plaintiff also chose electronic service for his filings with this Court. Only after service of the Vexatious Litigant

[1] All future statutory references are to the Code of Civil Procedure, unless otherwise stated.

Notice did plaintiff withdraw his consent to electronic service, despite continuing to serve defendant electronically, while simultaneously forcing defendant to effect service at an undeliverable address. (Matsuhara Decl., ¶¶ 5-7, Ex. D.)

As for reconsideration, plaintiff's motion is based entirely on his argument that this Court failed to rule on his request for accommodation ("decide all pending motions on the written papers without oral hearing"), constituting a new fact and reversible error. The Court finds this argument collateral to the merits of the underlying motion, and therefore, not grounds for reconsideration. Further, plaintiff's accommodation request was untimely, making any error harmless. (See *Biscaro v. Stern* (2010) 181 Cal.App.4th 702, 708 ["[I]f the record before us led us to conclude that appellant had failed to satisfy the requirements of the rule and that his accommodation should have been denied as a matter of law, the trial court's failure to rule might be considered harmless."].) Finally, plaintiff's accommodation request, filed on April 20, 2026, was untimely per Cal. Rules of Court, rule 1.100(c)(3), which requires that "[r]equests for accommodations must be made as far in advance as possible, and in any event must be made no fewer than 5 court days before the requested implementation date." The hearing was set and held on April 24, 2026 and any accommodation request was due no later than April 17, 2026.

Plaintiff has presented no new facts, circumstances or law warranting any reconsideration of the motion.

Defendant's requests for judicial notice are denied; the Court need not take judicial notice of records in its own file.

Dated: ___________________

_________________________________________
JUDGE OF THE SUPERIOR COURT