UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEX YAKOVLEV,

Plaintiff,

v.

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 26-cv-01132-AGT

**ORDER ON (I) MOTION TO DISMISS, (II) MOTION TO AMEND, (III) MOTION TO STRIKE, AND (IV) MOTION FOR REMOTE APPEARANCE**

Re: Dkt. Nos. 20, 27, 30, 34

Alex Yakovlev, proceeding pro se, is suing the Superior Court of California, County of San Francisco (the "Superior Court"); the California Court of Appeal, First Appellate District (the "Court of Appeal"); the Honorable Rochelle C. East, Presiding Judge of the Superior Court; and Brandon E. Riley, Court Executive Officer of the Superior Court (collectively, "Defendants"). Yakovlev is pursuing claims under 42 U.S.C. § 1983 and under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12165.

Defendants have moved to dismiss all claims (dkt. 20), and Yakovlev has moved to amend his complaint (dkt. 34), to strike Defendants' reply in support of their motion to dismiss (dkt. 27), and to appear remotely at a motion hearing (dkt. 30). The Court will grant Defendants' motion to dismiss, with leave to amend the ADA claim but with prejudice as to the § 1983 claims, and will deny Yakovlev's pending motions.

* * *

***Motion to Dismiss – 42 U.S.C. § 1983 Claims.*** The Superior Court has designated Yakovlev as a vexatious litigant and requires him to comply with a prefiling order. The prefiling order prohibits him from filing new litigation in the Superior Court without first obtaining leave from the Presiding Judge. *See* Cal. Civ. Proc. Code § 391.7(a); Dkt. 1, Compl. ¶¶ 8, 13, 31, 100.

Yakovlev objects to how the Superior Court has applied the prefiling order. On more than one occasion, he has attempted to file a motion to vacate a judgment that was entered against him in Superior Court, alleging that the judgment should be declared void. Compl. ¶¶ 11, 13, 20. He maintains that these motions shouldn't be subject to the prefiling order because they are collateral attacks on existing judgments, not new litigation. The Superior Court, however, has allegedly applied the prefiling order to these motions. *Id.* ¶¶ 11–13. When Yakovlev has moved to vacate a judgment, the Superior Court has required him to submit a Form VL-110, a *Request to File New Litigation by Vexatious Litigant*. *Id.* ¶ 13. The Superior Court has then routinely denied Yakovlev's VL-110 applications without written analysis of his evidence or arguments for why the judgments are void. *Id.*

Because the Superior Court refuses to docket or hear Yakovlev's motions to vacate judgments that were entered against him, he contends that the Superior Court has insulated void judgments from collateral attack. He argues that this practice violates the Fourteenth Amendment's Due Process Clause and Equal Protection Clause and the First Amendment's right of access to the courts. *Id.* ¶¶ 134–43. Suing under 42 U.S.C. § 1983, he seeks an injunction that would require the Superior Court "to ensure that future . . . motions [to vacate judgments] are docketed and adjudicated on the merits without prefiling barriers." *Id.* ¶ 22.

This Court cannot provide the injunctive relief Yakovlev seeks. As alleged, the Superior Court's Presiding Judge decided that Yakovlev's motions to vacate judgments were subject to the vexatious litigant prefiling order. *See* Compl. ¶ 84 (alleging that the Presiding Judge possesses final authority over "the classification of [vexatious-litigant filings] as new litigation versus ancillary post-judgment motions"). That determination by the Presiding Judge was judicial in nature, not administrative as Yakovlev suggests. *See Reule v. Jackson*, 114 F.4th 360, 366 (5th Cir. 2024) ("[T]here is nothing ministerial or administrative about" a judge's "task of deciding whether to permit a vexatious litigant's *pro se* filing;" "it is precisely the type of adjudicatory function judges perform every day.") (internal quotation marks omitted), *cert. denied*, 145 S. Ct. 1431 (2025).

Yakovlev is effectively asking this Court to reverse the Superior Court's decision. Such a request is "a forbidden de facto appeal" of "an allegedly erroneous decision by a state court," and as such is barred by the *Rooker-Feldman* doctrine. *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (citation modified). Because the Court cannot grant the relief that Yakovlev seeks, the Court grants Defendants' motion to dismiss Yakovlev's § 1983 claims. Any amendment of those claims would be futile, so the claims are dismissed with prejudice.

***Motion to Dismiss – ADA Claim.*** Yakovlev is also pursuing a disability discrimination claim under Title II of the ADA. He alleges that he has "dyslexia, a specific learning disorder with impairment in reading, and associated memory and information processing disorders," and that he requires reasonable accommodations to access court services. Compl. ¶¶ 74–75. Specifically, he alleges that he needs:

> (i) email-only notification for all court communications due to inability to receive or retrieve physical mail;
>
> (ii) acceptance of filings in narrative format rather than complex

Judicial Council forms;

(iii) extended deadlines (minimum 60 days) to accommodate slower processing speeds; and

(iv) plain-language guidance on procedural requirements.

*Id.* ¶ 75.

Yakovlev alleges that he "requested these accommodations from Defendants . . . on multiple occasions, but Defendants systematically ignored [his] requests." *Id.* ¶ 114. He seeks injunctive relief that would compel Defendants "to provide accommodations and modify discriminatory policies." *Id.* ¶ 133.

Congress abrogated state sovereign immunity with respect to Title II of the ADA "as it applies to the class of cases implicating the fundamental right of access to the courts." *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004). To state a Title II claim in this context, Yakovlev must plausibly allege that he is a qualified individual with a disability and that he was denied access to the courts because of his disability. *See Cohen v. City of Culver City*, 754 F.3d 690, 695 (9th Cir. 2014) (elements of Title II claim).

Defendants offer two reasons for why the Court should dismiss Yakovlev's ADA claim. First, they maintain that Yakovlev lacks standing to pursue injunctive relief, "which is the only relief available to private plaintiffs under the ADA." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Second, they contend that he hasn't alleged facts sufficient to satisfy the elements of his claim. Defendants' second argument has merit but their first does not.

With respect to standing, Defendants note that, as alleged, the Superior Court and the Court of Appeal resolved (and denied) Yakovlev's requests to vacate certain judgments entered against him. Defendants thus contend that there is no "actual and imminent" threat of

future harm. *Bolden-Hardge v. Office of Cal. State Controller*, 63 F.4th 1215, 1220 (9th Cir. 2023) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). The Court concludes otherwise. Yakovlev has repeatedly challenged state court judgments entered against him, and he intends to continue to do so. *See* Compl. ¶¶ 13–21. Indeed, the Superior Court has labeled Yakovlev a vexatious litigant in part because of his frequent and persistent filings. Even if there is no pending matter in the Superior Court or the Court of Appeal, there is a "real and immediate threat of repeated injury." *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102–03 (1983)). Yakovlev therefore has standing to pursue his ADA claim and to sue for injunctive relief.

As for the merits of his ADA claim, the Court agrees with Defendants that Yakovlev hasn't stated an actionable claim. Although he has plausibly alleged that he is a qualified individual with one or more disabilities, he hasn't plausibly alleged that he was denied access to the courts, or that any such denial was because of his disabilities.

Consider first Yakovlev's requests for extended deadlines. Initially, it's unclear what deadlines, if any, Yakovlev wanted to extend; his complaint doesn't mention any. But even if Yakovlev did seek extensions and Defendants denied his requests, it remains unclear how he was negatively affected. His complaint doesn't identify any motion that Defendants denied as untimely, nor does it explain how any specific deadline prevented him from fully presenting his claims. Having not indicated how the denial of extension requests affected state court proceedings, Yakovlev hasn't plausibly alleged a denial of access to the courts.

A similar analysis applies to Yakovlev's requests for "plain-language guidance on procedural requirements." Compl. ¶ 75. Yakovlev hasn't identified any procedural rule in the Superior Court or the Court of Appeal that he wasn't able to understand. He thus hasn't

plausibly alleged that by denying his requests for "plain-language guidance," Defendants denied him access to the courts.

As for Yakovlev's allegation that Defendants didn't "accept[] . . . filings in narrative format," *id.*, but rather required him to complete Form VL-110, *Request to File New Litigation by Vexatious Litigant*, *id.* ¶ 13, the complaint mischaracterizes the form, a completed copy of which Defendants submitted and which the Court judicially notices. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("[A] court may take judicial notice of matters of public record . . . .") (quoting another source). Form VL-110 explicitly asks for narrative explanations (e.g., explain why "[t]he new filing has merit," explain why "[t]he new filing is not being filed to harass or to cause a delay"), and Yakovlev answered those questions. Dkt. 20-5 at 4. He also attached a lengthy proposed motion to his Form VL-110. *See id.* at 5–43. These records reveal that Defendants haven't prevented Yakovlev from providing "narrative" explanations. Compl. ¶ 75. Here too, then, Yakovlev hasn't plausibly alleged that Defendants denied him access to the courts.

Finally, concerning his requests for email-only notifications, Yakovlev alleges that he needs email-only notifications because he is homeless and "cannot reliably receive physical mail." Compl. ¶ 76. Homelessness is a serious and unfortunate hardship that undoubtedly affects a person's ability to reliably receive physical mail. But "homelessness" is "not a disability" under the ADA. *Archibald v. BOSS*, No. C 06-03806 SI, 2006 WL 3507946, at *1 (N.D. Cal. Dec. 1, 2006). Thus, even if Defendants impeded Yakovlev's ability to participate in court proceedings by denying his requests for email-only notifications, Yakovlev hasn't plausibly alleged that he was denied access to the courts by reason of his disabilities.

Yakovlev has standing to sue under the ADA, but he hasn't stated an actionable ADA

claim. He hasn't plausibly alleged that Defendants denied him access to the courts, or that any such denial was because of his disabilities. The Court accordingly grants Defendants' motion to dismiss the ADA claim. An amendment of the ADA claim may not be futile, so the Court grants Yakovlev leave to amend his ADA claim.

***Motion to Amend Complaint.*** More than 21 days after Defendants filed their motion to dismiss, Yakovlev moved for leave to amend his complaint. The Court construes his motion for leave as a request to supplement, not amend, the complaint, because Yakovlev seeks to add to his complaint events "that happened after the date of the [operative] pleading." Fed. R. Civ. P. 15(d); *see* Mot. for Leave to Amend, Dkt. 34 at 23 ("The facts supporting amendment developed after the original complaint was filed and after the Motion to Dismiss was fully briefed.").

Yakovlev seeks to supplement his complaint to add § 1983 and ADA claims against the Superior Court of California, Counties of Santa Cruz and San Mateo; against numerous Court Executive Officers and Presiding Judges in those courts and in the California Court of Appeal; and against the San Francisco Sheriff's Office. *See* Dkt. 34 at 1, 20–21. He alleges "a pattern of systematic obstruction against [him] as a disabled, pro se litigant." *Id.* at 6.

"Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). Here, the Court exercises that discretion by denying Yakovlev's request to supplement his complaint.

Yakovlev's proposed supplemental complaint, if accepted, would turn this case into a sprawling matter in which the Court would need to consider numerous cases that Yakovlev has filed in different California courts. Adding new defendants and claims would also result in delay, which would prejudice the existing Defendants. If Yakovlev wants to pursue claims

against new defendants, he will need to file one or more new lawsuits. He cannot pursue such claims in this case.

***Motion to Strike.*** Yakovlev has also moved to strike Defendants' reply in support of their motion to dismiss on the basis that Defendants relied on CM/ECF to serve the motion and didn't separately email a copy to him. Dkt. 27. He notes that earlier this year, the Court issued an order requiring Defendants to serve him with any case filings by email. Dkt. 13. After Yakovlev filed his motion to strike, Defendants emailed a copy of their reply to him. Dkt. 28. Defendants have now complied with the Court's email service order, so there is no need to strike their reply. Yakovlev's motion to strike Defendants' reply is denied.

***Motion to Appear Remotely.*** Lastly, the Court denies Yakovlev's motion to appear remotely at a hearing on Defendants' motion to dismiss. Dkt. 30. The Court vacated the motion hearing. As a result, Yakovlev's motion to appear remotely at the hearing is moot.

* * *

In summary, the Court grants Defendants' motion to dismiss and denies Yakovlev's motions to amend his complaint, to strike Defendants' reply, and to appear remotely. The Court dismisses Yakovlev's claims under 42 U.S.C. § 1983 with prejudice.

If Yakovlev intends to amend his ADA claim to cure the deficiencies identified in this order, he must file an amended complaint by January 19, 2027. If he amends his complaint, he may not add new claims or new defendants.

**IT IS SO ORDERED.**

Dated: November 18, 2026



Alex G. Tse
United States Magistrate Judge